UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST and PLUMBERS' & PIPEFITTERS' LOCAL #562 PENSION FUND, On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>J.P. MORGAN ACCEPTANCE CORPORATION I, J.P MORGAN ALTERNATIVE LOAN TRUST 2006-A1, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A2, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A3, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A4, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A5, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A6, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A7, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-S1, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-S2, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-S3, J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-S4, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-A3, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-A4, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-A5, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-A6, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-A7, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-ACC1, J.P. MORGAN MORTGAGE ACQUISITION TRUST | No. 08-CV-1713 (ERK) (WDW) |

[captions continue below]

**THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CONSOLIDATION**

| | |
|---|---|
| 2006-CH2, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE2, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE3, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-NC1, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-RM1, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-S2, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF1, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC3, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC4, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-A1, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-A2, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH1, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH2, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-S1, J.P. MORGAN SECURITIES INC., DAVID M. DUZYK, LOUIS SCHIOPPO, JR., CHRISTINE E. COLE and EDWIN F. McMICHAEL, : : : : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants. : : : | |

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, On Behalf of Itself and All Others Similarly Situated, : : : : : | |
| | No. 09-CV-3209 (JFB) (ETB) |
| Plaintiff, : : : | |
| vs. : : : | |
| MOODY'S CORP., FITCH GROUP, INC., and THE McGRAW-HILL COMPANIES, INC. : : : : : | |
| Defendants. : : | |

The Public Employees' Retirement System of Mississippi ("MissPERS") respectfully submits this memorandum in support of its motion to consolidate the above-captioned securities class actions pursuant to Fed. R. Civ. P. 42(a).

**PRELIMINARY STATEMENT**

The two above-captioned related actions, both pending in this District, have been brought on behalf of persons or entities who acquired certain mortgage pass-through certificates (the "Certificates") issued pursuant and/or traceable to untrue and misleading registration statements, prospectuses, prospectus supplements and other offering documents incorporated into the registration statements (collectively, the "Offering Documents") filed by J.P. Morgan Acceptance Corporation I ("JPMAC") and various Issuing Trusts (as defined therein). The two actions allege claims for violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act" or the "Act").

The first of the two actions, brought by Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust and Plumbers' & Pipefitters' Local #562 Pension Fund (collectively, "P&P"), was filed in the Supreme Court of New York, County of Nassau, on March 26, 2008. This case was then removed to the U.S. District Court for the Eastern District of New York on April 25, 2008 and assigned to Judge Edward R. Korman under case number 08-cv-1713 (the "P&P Action"). The P&P Action was brought on behalf of purchasers of Certificates that were issued pursuant and/or traceable to Form S-3 Registration Statements filed by JPMAC on July 29, 2005 (Reg. No. 333-127020) and December 7, 2005 (Reg. No. 333-130192) (and subsequent amendments) and the Offering Documents filed in connection with the offerings of those Certificates.

On January 21, 2009, P&P issued a notice of the pendency of the P&P Action pursuant to the PSLRA, which advised interested parties to move to be appointed lead plaintiff by March 23, 2009. On March 23, 2009, two movants filed completing motions to be appointed lead plaintiff in the P&P Action: MissPERS filed one motion and the Iron Workers Mid-America Pension Plan and the Structural Ironworkers Local Union No. 1 Pension Trust Fund ("Iron Workers") jointly filed the other. On May 20, 2009, after the motions were fully briefed, the motions were referred to Magistrate Judge William D. Wall. As of September 9, 2009, the competing lead plaintiff motions are pending resolution.

On July 24, 2009, MissPERS filed a related action in this District on behalf of purchasers of Certificates issued pursuant and/or traceable to the Form S-3 Registration Statement filed by JPMAC on December 7, 2005 (Reg. No. 333-130192)[1] (and subsequent amendments) and the Offering Documents filed in connection with the offerings of those Certificates. This action was assigned to Judge Joseph F. Bianco under case number 09-cv-3209 (the "MissPERS Action").[2] The MissPERS Action includes causes of action under the Securities Act and alleges violations of the Act based on the same or similar untrue statements and omissions as in the P&P Action. The MissPERS Action brings claims on behalf of a putative class that is a sub-set of the putative class in the P&P Action.[3]

---

[1] This is one of two Registration Statements comprising the putative class in the P&P Action.

[2] The MissPERS Action was filed as a "Related Case" to the P&P Action, and a "Notice of Related Case" was entered in the MissPERS Action on July 24, 2009, as docket entry number 34.

[3] The putative class in the P&P Action includes all persons or entities who acquired Certificates issued pursuant and/or traceable to Registration Statements Nos. 333-130192 and 333-127020 filed by JPMAC and 32 Issuing Trusts identified therein. The putative class in the MissPERS Action includes all persons or entities who acquired Certificates issued pursuant and/or traceable to Registration Statement No. 333-130192 filed by JPMAC and 19 of the 32 Issuing Trusts identified in the P&P Action.

The primary distinction between the two actions is that the MissPERS Action names as defendants the rating agencies that participated in the offering of and assigned credit ratings to the Certificates, namely, Moody's Investors Service, Inc., Fitch Group, Inc., and the McGraw-Hill Companies, Inc. and their affiliated entities (collectively, the "Rating Agencies"). The P&P Action mentions the Rating Agencies and briefly describes their roles with respect to the offering of the Certificates, but does not name the Rating Agencies as defendants. Otherwise, the two actions are nearly identical. Hence, they should be consolidated.

## STATEMENT OF FACTS

The complaints in the two actions allege essentially the same facts and involve the same publicly filed registration statements and prospectuses. In recent years, JPMAC issued billions of dollars of Certificates pursuant to the Registration Statements and related Offering Documents. JPMAC sold Certificates backed by pools of mortgage loans which were originated by various lenders. The Registration Statements each indicated JPMAC's intention to sell mortgage-backed securities ("MBS") through an as-then-undetermined number of Issuing Trusts that were eventually created and structured by JPMAC and the Rating Agencies to issue the Certificates pursuant to the Offering Documents. The Issuing Trusts received mortgage loans from the various lenders, securitized those loans and then offered the Certificates to investors. Generally, the Offering Documents for such MBS offerings represented that the underlying mortgage loans were subject to certain underwriting and appraisal standards, that they had certain objective characteristics and that they carried certain ratings attributed to them by the Rating Agencies.

As alleged in the above-captioned actions, these representations were, in fact, untrue or misleading in a number of ways, including because: (1) the underlying mortgage loans were not

3

in fact originated in accordance with the stated underwriting or appraisal guidelines; and (2) neither the methodologies and models used to produce the credit rating nor reported loan characteristics (such as average loan-to-value ("LTV") ratios or appraised real estate values) accurately reflected the underlying mortgage loans or the risks associated with them.

## ARGUMENT

Courts have "broad discretion" under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate actions that "'involve . . . common question[s] of law or fact.'" *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008) (quoting Fed. R. Civ. P. 42(a)). "In determining whether consolidation is appropriate, the court must consider whether judicial economy favor[s] consolidation." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) (internal quotation omitted). "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Id.* (internal quotation omitted).

Moreover, "consolidation is not rendered inappropriate merely because the identical defendants are not named in all the complaints." *Id.* (internal quotation omitted). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). *See, e.g.*, *In re Orion Sec. Litig.*, 2008 WL 2811358, at *2-3 (S.D.N.Y. July 8, 2008) (finding consolidation appropriate even though complaints alleged different securities law violations and named different defendants).

As stated previously, two securities class action complaints have been filed in the U.S. District Court for the Eastern District of New York, on behalf of a common group of investors

4

that purchased JPMAC Certificates. Consolidation of these actions is appropriate since both actions assert similar claims based on the same or similar legal and factual allegations, and involve overlapping Issuing Trusts and Offering Documents.[4] Both actions allege similar untrue and misleading statements including statements that the mortgages underlying the Certificates: (1) were subject to certain underwriting and appraisal standards; (2) had certain objective characteristics; and (3) were assigned, as a condition precedent to their sale, certain credit ratings by the Rating Agencies. To the extent that there are minor differences between the two actions, any such differences can be resolved when the court-appointed lead plaintiff files a consolidated complaint. *See, e.g., Olsen v. New York Cmty Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (finding consolidation appropriate and noting differences could be resolved upon the filing of a consolidated complaint).

In addition, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact between both of the actions. *See, e.g., Olsten Corp.*, 3 F. Supp. 2d at 294 ("it is well recognized that consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs.") (internal quotation omitted). As such, the Court should consolidate the aforementioned cases and any others filed subsequent to this motion which purports to assert claims against defendants in connection with the above-mentioned allegations.

## CONCLUSION

MissPERS respectfully requests that the Court consolidate the two above-captioned actions and grant such other and further relief as the Court may deem just and proper.

---

[4] All of the Certificates identified in the MissPERS Action are included in the P&P Action. Certain of the Certificates identified in the P&P Action are omitted from the class definition in the MissPERS Action, but otherwise there is a complete overlap in the securities identified.

Dated: September 9, 2009
      New York, New York

                                Respectfully submitted,

                                **WOLF POPPER LLP**

By: __s/ James A. Harrod_____
    MARIAN P. ROSNER (MR-0410)
    JAMES A. HARROD (JH-4400)
    ROBERT S. PLOSKY
    845 Third Avenue
    New York, NY 10022
    Tel: (212) 759-4600
    Fax: (212) 486-2093

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
GERALD H. SILK
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444
        -and-
DAVID R. STICKNEY
TIMOTHY A. DeLANGE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

**POND, GADOW & TYLER, P.A.**
JOHN GADOW
BLAKE TYLER
502 South President Street
Jackson, MS 39201

*Counsel for Plaintiff and Lead Plaintiff Movant Public Employees' Retirement System of Mississippi*

6

## CERTIFICATE OF SERVICE

I, JAMES A. HARROD, hereby certify that on September 9, 2009, I caused a true and correct copy of the attached document to be served as indicated on the service list below.

                                                             s/ James A. Harrod

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Tel: (631) 367-7100
Fax: (631) 367-1173
      -and-
DARREN J. ROBBINS
DAVID C. WALTON
RANDALL J. BARON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Tel: (619) 231-1058
Fax: (619) 231-7423

*Counsel for Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust and Plumbers' & Pipefitters' Local #562 Pension Fund*

(By ECF)

**SIDLEY AUSTIN LLP**
A. ROBERT PIETRZAK
PATRICK M. McGUIRK
DOROTHY J. SPENNER
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel for Defendants J.P. Morgan Acceptance Corporation I, J.P. Morgan Securities Inc., David M. Duzyk, Louis Schioppo, Jr., Christine E. Cole, and Edwin F. McMichael*

(By ECF)

**CAHILL GORDON & REINDEL LLP**
Floyd Abrams
S. Penny Windle
Adam Zurofsky
80 Pine Street
New York, NY 10005
Tel: (212) 701-3000
Fax: (212) 269-5420

*Counsel for Defendant The McGraw-Hill Companies, Inc.*

(By Electronic and U.S. Mail)

**SATERLEE STEPHENS BURKE & BURKE LLP**
Joshua M. Rubins
James J. Coster
230 Park Avenue
New York, NY 10169
Tel: (212) 818-9200
Fax: (212) 818-9606

*Counsel for Defendant Moody's Investors Service, Inc.*

(By Electronic and U.S. Mail)

**PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON LLP**
Martin Flumenbaum
Roberta Ann Kaplan
Andrew J. Ehrlich
Tobias J. Stern
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000

*Counsel for Defendant Fitch Group, Inc.*

(By Electronic and U.S. Mail)