

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

rpietrzak@sidley.com
(212) 839-5537

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

January 14, 2011

**BY ECF AND HAND**

Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al. v.*
              *J.P. Morgan Acceptance Corp. I, et al.*, Civ. No. 08-1713 (ERK) (WDW)

Dear Judge Korman:

      This firm represents Defendants J.P. Morgan Acceptance Corporation I, J.P. Morgan Securities Inc., David M. Duzyk, Louis Schioppo, Jr., Christine E. Cole, and Edwin F. McMichael (collectively, the "JPMorgan Defendants") in the above-captioned action. We write to respond to Lead Plaintiff's letter to the Court dated January 7, 2011.

      In its opposition to the JPMorgan Defendants' motion to dismiss the Consolidated Class Action Complaint (the "Complaint"), Lead Plaintiff requested leave to amend the Complaint "to allow for other Class members to serve as plaintiffs," presumably to add new class plaintiffs who purchased in offerings in which Lead Plaintiff did not in order to cure Lead Plaintiff's standing deficiencies. Opp. at 20, 62-63. As explained in the JPMorgan Defendants' reply brief, however, leave to amend to add new class plaintiffs would be futile because such claims are time-barred, as the weight of authority holds that tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), does not apply where the original class representative lacked standing. *See* JPM Defs.' Reply Br. at 34-35, 37-41 (citing cases).

      Lead Plaintiff's attempt to distinguish Judge Crotty's decision in *New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653 (PAC) (S.D.N.Y. Dec. 15, 2010) ("*DLJ*"), is unavailing. Judge Crotty squarely held that *American Pipe* tolling does not apply to Securities Act of 1933 claims where, as here, the original plaintiff lacked standing to assert claims relating to offerings for which a proposed new plaintiff purports to assert claims. *See DLJ* Op. at 5-11. Lead Plaintiff purports to distinguish *DLJ* on the ground that the proposed claims in *DLJ* were not alleged in the original complaint. But Judge Crotty did not rely on that procedural fact in determining that *American Pipe* tolling should not apply. *See id.* at 3-4. The



Honorable Edward R. Korman
January 14, 2010
Page 2

reason is clear: "where a Plaintiff lacks standing – there is no case. And if there is no case, there can be no tolling." *See id.* at 4  In any event, contrary to Lead Plaintiff's contention, Lead Plaintiff's claims relating to newly added offering JPMMT 2006-A1 *were not included in the original complaint* in this case and clearly are time-barred. *See* JPM Defs.' Br. at 50, n.56; JPM Defs' Reply Br. at 34-35; JPM Defs.' Nov. 29, 2010 Letter to the Court (Dkt. 76); JPM Defs.' Dec. 28, 2010 Letter to the Court (Dkt. 79).

Moreover, Lead Plaintiff attempts to exploit Judge Baer's decision in *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 08-CV-8781 and *New Jersey Carpenters Vacation Fund v. The Royal Bank of Scotland Group, PLC*, No. 08-CV05093 ("*Residential Capital*"), which addressed the application of *American Pipe* tolling in dicta. Judge Baer explicitly chose not to resolve the issue of whether the movants' claims had been tolled but held, instead, that "the better basis for decision" and "allowing intervention" was the "principle" that "where the answer to standing challenges could depend upon the outcome of a class certification motion, such challenges may be deferred until after a decision on class certification." *Residential Capital* Op. at 8. Judge Baer's decision, however, is contrary to the great weight of authority on *American Pipe* tolling in this Circuit and this District. *See* JPM Defs.' Reply at 34-35, 37-41 (citing cases). Standing is a threshold issue that should not be deferred until the class certification stage. *See* JPM Defs.' Reply Br. at 4-6 (citing cases). Indeed, as numerous courts have held, if a proposed intervenor's claims are time-barred because of the absence of tolling, intervention should not be permitted, period. *See, e.g., DLJ* Op. at 4; *Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*, 714 F. Supp. 2d 475, 481 (S.D.N.Y. 2010); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 2010 WL 4117477, at *8 (N.D. Cal. Oct. 19, 2010).  The same reasoning applies here.

For these reasons, as well as those set forth in the JPMorgan Defendants' briefs in support of their motion to dismiss, the Complaint should be dismissed with prejudice.

Respectfully submitted,

A. Robert Pietrzak

cc:  James A. Harrod, Esq.       (by electronic mail)
     David R. Stickney, Esq.
     Floyd Abrams, Esq.
     Joshua M. Rubins, Esq.
     Martin Flumenbaum, Esq.