UNITED STATES DISTRICT COURT                          <u>NOT FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
PLUMBERS' & PIPEFITTERS' LOCAL #562 :
SUPPLEMENTAL PLAN & TRUST, et al.,           :
                                                                      :
                                    Plaintiffs,        :        <u>MEMORANDUM & ORDER</u>
                                                                      :
                 - against -                               :
                                                                      :        No. 08 CV 1713 (ERK) (WDW)
J.P.        MORGAN        ACCEPTANCE        :
CORPORATION I, et al.,                             :
                                                                      :
                                    Defendants.       :
------------------------------------------------------------ X

KORMAN, District Judge.

I assume familiarity with the facts of this case, a full description of which can be found in

a decision on the defendants' motion to dismiss filed contemporaneously with this memorandum

and order.  There, I held, *inter alia,* that the Lead Plaintiff did not have Article III standing to

assert claims based on Certificates that it did not purchase.  The motions at issue here attempt to

partially cure this standing deficiency.

## BACKGROUND

On May 3, 2011, nonparties General Retirement System of the City of Detroit ("Detroit

GRS") and Police and Fire Retirement System of the City of Detroit ("Detroit PFRS")

(collectively, "the Detroit Funds") filed a motion to intervene as named plaintiffs.  Detroit

Funds' Motion to Intervene, ECF No. 86.  The Detroit Funds, purchasers of three Certificates

listed in the Amended Complaint but not held by the Lead Plaintiff, argue that they are entitled to

intervention as of right under F.R.C.P. 24(a)(2), or in the alternative, that they satisfy the

requirements for permissive intervention under F.R.C.P. 24(b)(1).  Detroit Funds Mem. Law 2-7,

ECF No. 87.  The Detroit Funds argue that their claims are timely because the Lead Plaintiff's

filing of the complaint tolled the statute of limitations applicable to the Securities Act of 1933. They argue, alternatively, that their claims relate back to the filing of the original complaint under F.R.C.P. 15(c) for statute of limitations purposes. *See* Detroit Funds Reply Mem. Law, ECF No. 96. On October 17, 2011, 1199SEIU Health Care Employees Pension Fund ("1199 Fund," collectively with the Detroit Funds, "the Intervenors")—who bought one Certificate listed in the Amended Complaint not held by the Lead Plaintiff or the Detroit Funds—also moved to intervene as a named plaintiff, asserting the same arguments as the Detroit Funds and incorporating by reference the Detroit Funds' briefs. 1199 Fund Mem. Law, ECF No. 106.

## DISCUSSION

### I.   *Intervention As of Right Under Rule 24(a)*

Rule 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. PRO. 24(a)(2). To establish this, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). The Intervenors meet these requirements and the defendants do not argue otherwise.

### II.   *Futility*

The defendants argue that regardless of fulfilling the elements of Rule 24, the motions should be denied as futile. Defs.' Mem. Law 4, ECF No. 91. Indeed, though not mentioned in the rule itself, "futility is a proper basis for denying a motion to intervene." *In re Merrill Lynch*

*& Co., Inc. Research Reports Secs. Litig.*, Nos. 02-1484, 02-8472, 2008 WL 2594819, *5 (S.D.N.Y. Jun. 26, 2008). Specifically, the defendants argue that the Intervenors' claims are time-barred by the statute of limitations in Section 13 of the Securities Act of 1933:

> No action shall be maintained to enforce any liability . . . unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . . . In no event shall any such action be brought to enforce a liability created under [Section 11 or 12(a)(1)] more than three years after the security was bona fide offered to the public, or under [Section 12(a)(2)] more than three years after the sale.

15 U.S.C. § 77m (2006). The first sentence of § 77m is customarily referred to as a statute of limitations because it establishes the event which triggers the accrual of a cause of action. The second sentence of § 77m places an outside date not dependent on the date of accrual on which a cause of action may be filed. Such a limitation is referred to as a statute of repose, even though it is an essential part of the statute of limitations and serves the same purposes. *See, e.g., Davis v. Munie*, 235 Ill. 620, 621, 85 N.E. 943, 944 (1908) ("Statutes of limitations are statutes of repose, intended to prescribe a definite limit of time within which the remedies included within their provisions must be prosecuted."). Indeed, in terms of the issue presented here, whether equitable tolling is applicable, the Supreme Court has more accurately described the applicable principle as follows: "It is hornbook law that limitations periods are customarily subject to equitable tolling . . . unless tolling would be inconsistent with the text of the relevant statute." *Young v. United States*, 535 U.S. 43, 49 (2002) (quotations and citations omitted). Against this backdrop, I turn to the issue whether the cause of action which the Intervenors assert is barred by the statute of limitations.

A. *The First Sentence of Section 13*

The first sentence of Section 13 requires that the claims here be brought "within one year

after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . . ." 15 U.S.C. § 77m. This class action was filed on March 26, 2008, and plaintiff's counsel issued a press release describing the case on January 21, 2009. Decl. of James A. Harrod Ex. C, ECF No. 20. This placed the Intervenors' on inquiry notice prior to one year before filing these respective motions to intervene. *See Menowitz v. Brown*, 991 F.2d 36, 42 (2d Cir. 1996).

The Intervenors, however, argue that their claims are timely because filing of the class action tolled the statute of limitations—an argument with which the Supreme Court agreed in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974). The Supreme Court there held that the statute of limitations was tolled for class members who moved to intervene after class certification was denied. The tolling created by *American Pipe* "depended heavily on the fact that [the timely prior filings] involved exactly the same cause of action subsequently asserted. This factor was more than an abstract or theoretical consideration because the prior filing in [*American Pipe*] necessarily operated to avoid the evil against which the statute of limitations was designed to protect." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 467-68 (1975). Moreover, failure to toll would "undermine the policies of 'efficiency and economy of litigation' that underlie Rule 23," *In re Wachovia Equity Secs. Litig.*, 753 F. Supp. 2d 326, 372 (S.D.N.Y. 2011) (citing *American Pipe*), by punishing "class members for relying on the very thing Rule 23 is intended to provide: an efficient method for resolving class claims common to a class of individuals without the need for wasteful and duplicative litigation." *In re Initial Public Offering Secs. Litig.*, Nos. 21-92, 01-9741, 01-10899, 2004 WL 3015304, *5 (S.D.N.Y. Dec. 27, 2004) (applying *American Pipe* tolling to intervenors' claims where the lead plaintiff lacked standing). Particularly where, as here, no class certification decision has been

made, "defendants generally are not prejudiced by continued tolling because the purposes of the statute of limitations will have been met by service of the original complaint." *In re National Australia Bank Secs. Litig.*, 03-6537, 2006 WL 3844463, *4 (S.D.N.Y. Nov. 8, 2006).

The defendants rely on *Korwek v. Hunt*, in which the Second Circuit refused to apply *American Pipe* tolling to claims filed by plaintiffs in a subsequent class action after an identical class action was denied class certification. 827 F.2d 874, 876 (2d Cir. 1987). *Korwek*, held that "the tolling rule established by *American Pipe* . . . was not intended to be applied to suspend the running of statutes of limitations for class action suits filed after a definitive determination of class certification; such an application of the rule would be inimical to the purposes behind statutes of limitations and the class action procedure." *Id.* at 879. Here, however, there has been no determination of class certification. More importantly, applying tolling here does not undermine the statute of limitations because the defendants have been on notice of the Intervenors' claims since the original class action was filed and the defendants are not forced to prejudicially relitigate class certification issues. The *Korwek* Court was also concerned with allowing the "perpetual tolling of the statute of limitations," *id.* (quotations omitted), but that is not a risk here because the *Korwek* decision itself extinguishes tolling upon the decision on class certification.

The defendants also rely on *In re Crazy Eddie Secs. Litig.*, 747 F.Supp. 850, 853 (E.D.N.Y. 1990). There, class action claims were dismissed for lack of standing because none of the plaintiffs held the debentures at issue. *Id.* at 853. A second, separate class action was filed by a holder of the same debentures. Because that cause of action was otherwise barred by the statute of limitations, the plaintiff argued that the dismissed class action claims tolled the statute of limitations. *Id.* at 856. Judge Nickerson declined to hold that a dismissed claim, particularly

one dismissed for lack of standing on the part of the plaintiff, tolled the statute of limitations for other plaintiffs who were not parties to the initial complaint. This case is distinguishable for two reasons. First, the initial class action here has not been dismissed as to those Certificates for which the Lead Plaintiff has standing. Because there is an appropriate plaintiff here for some of the Certificates, permitting intervention in such a case will not "condone or encourage attempts to circumvent the statute of limitations by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule." *In re Elscint, Ltd. Secs. Litig.*, 674 F.Supp. 374 (D. Mass. 1987) (relied upon by Judge Nickerson in *Crazy Eddie*). Second, this is an action by parties whose claims were asserted in the Lead Plaintiff's complaint and the Intervenors seek to cure any argument that their claims are not properly represented by the Lead Plaintiff because it lacked standing.

While not precisely on point, *Mullaney v. Anderson*, 342 U.S. 415 (1952) is analogous in some respects. There, the petitioner, for the first time on appeal, raised the issue of the standing of the Alaska Fisherman's Union and its Secretary-Treasurer to prosecute a lawsuit challenging fishing license fees for out-of-state fisherman far greater than those imposed on in-state fisherman. This argument clearly had merit because, at the time, the Supreme Court had not recognized associational standing. In order to overcome this argument, the Secretary-Treasurer moved for leave to add as parties two of its members. Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Supreme Court granted the motion. In so doing, it observed that

> [t]he original plaintiffs alleged without contradiction that they were authorized by the nonresident union members to bring this action in their behalf. This claim of authority is now confirmed in the petition supporting the motion to add the member-fishermen as plaintiffs. To grant the motion merely puts the principal, the real party in interest, in the position of his avowed agent. The addition of these two parties plaintiff can in no wise embarrass the defendant. Nor would their earlier joinder have in any way

> affected the course of the litigation. To dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and runs counter to effective judicial administration—the more so since, with the silent concurrence of the defendant, the original plaintiffs were deemed proper parties below. Rule 21 will rarely come into play at this stage of a litigation. We grant the motion in view of the special circumstances before us.

*Id.* at 417. The Supreme Court would later observe that *Mullaney* "cannot be explained as a case involving a technical change to identify the real parties in interest. The addition of the union members was considered necessary to establish the existence of a justiciable case." *Newman-Green*, 490 U.S. at 834 n.8.

While the instant case involves the intervention of a party with standing rather than leave to add parties, this should arguably make no difference. *See Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 411 F.2d 451, 455 (2d Cir. 1969). *Mullaney* can be read to stand for the proposition that, where appropriate, considerations of policy may justify the intervention of class members who have standing to assert certain claims that were asserted by the lead plaintiff on behalf of those class members. While the class members in this case may not have given the lead plaintiff permission to assert claims on their behalf, their intervention can be viewed as constituting a ratification of the lead plaintiff's representation of them. In the present case, different considerations of policy than those present in *Mullaney* provide a sufficient basis to permit intervention in a class action over which this court has jurisdiction.

### B.  *The Second Sentence of Section 13*

The second sentence in Section 13 of the Securities Act of 1933 provides that, even if the complaint was filed within the period of time prescribed after the accrual of the cause of action, "[i]n no event shall any such action be brought to enforce a liability created under [Section 11 or 12(a)(1)] more than three years after the security was bona fide offered to the public, or under

[Section 12(a)(2)] more than three years after the sale."   15 U.S.C. § 77m (2006).   The Certificates on which the Intervenors seek to sue were offered to the public and sold to the Intervenors more than three years prior to either of the motions to intervene.[1]   Nevertheless, the Intervenors argue that their claims are timely because their claims were tolled at the filing of the original complaint on March 26, 2008.   Detroit Funds Reply Mem. Law 5, ECF No. 96.   The Intervenors argue that *American Pipe and Construction Co. v. Utah*, which held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action," 414 U.S. 538, 554 (1974), also applies to the second sentence of Section 13.

*American Pipe* only dealt with a statute of limitations, and courts within the Second Circuit, and across the country, are largely split on whether its reasoning also applies to statutes of repose.   *Compare Joseph v. Wiles*, 223 F.3d 1155, 1167 (10th Cir. 2000) (holding that *American Pipe* tolling applies to the statute of repose in Section 13) *and Intl. Fund Mgmt. S.A. v. Citigroup Inc.*, Nos. 09-8755, 10-7202, 10-9325, 11-314, 2011 WL 4529640, *8 (S.D.N.Y. Sept. 30, 2011) (same) *with In re Lehman Brothers Secs. and ERISA Litig.*, No. 09-2017, 2011 WL 1453790, *3 (S.D.N.Y. Apr. 13, 2011) (holding that *American Pipe* tolling does not apply to the statute of repose in Section 13).

---

[1]  The Detroit Funds purchased JPMMT 2006-A7 on 1/18/07, JPMALT 2006-A1 on 2/6/06, and JPMALT 2006-S4 on 3/19/08.  These Certificates were offered to the public on 12/22/06, 2/28/06, and 11/29/06, respectively.  Decl. of Dorothy J. Spenner, ECF No. 92.  The Detroit Funds' motion to intervene was filed on May 3, 2011, which is more than three years after the sale date or the date any of the Detroit Funds' Certificates were offered to the public.  The 1199 Funds purchased JPMALT 2002-A2 on 1/5/07, which was offered to the public on 4/27/06. Decl. of Dorothy J. Spenner Ex. A, ECF No. 110.  The 1199 Funds motion to intervene was filed on October 17, 2011, which is also more than three years after the purchase or offer date of its Certificate.

I find the Tenth Circuit's reasoning in *Joseph* to be particularly persuasive and adopt it here.  I add these brief words responding to concerns that the "absolute language" used in the statute of repose disallows tolling.  The statute of repose and the statute of limitations in Section 13 must be read in unison.  The statute of limitations begins to run when the plaintiff has actual or constructive notice.  *See Dodds v. Cigna Secs., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993).  Because this accrual date, dependent as it is upon actual or constructive knowledge, has the potential to indefinitely extend the statute of limitations, Congress chose to prescribe an outside limit of three years on when such actions can be brought.  Otherwise, all of the policies underlying the statute of limitations would be completely undermined.  Under these circumstances, the "in no event" language should be read, as it was by the Tenth Circuit, to have been legally tolled upon the filing of a class action complaint within the three year period.  Such a holding does not undermine any of the policies underlying the statute of limitations and is entirely consistent with the legislative goals underlying Rule 23.  *See Joseph v. Wiles*, 223 F.3d 1155, 1167 (10th Cir. 2000); *Intl. Fund Mgmt. S.A. v. Citigroup Inc.*, Nos. 09-8755, 10-7202, 10-9325, 11-314, 2011 WL 4529640, *8 (S.D.N.Y. Sept. 30, 2011).

**CONCLUSION**

Because the Intervenors have established intervention as of right under Rule 24(a)(2) and their respective claims are not time-barred by Section 13's statute of limitations or statute of repose, the motions to intervene are granted.  Because an order granting a motion to intervene is not appealable, *see Ionian Shipping Co. v. British Law Ins.*, 426 F.2d 186, 188 (1970), and because the issue is a close one in which the case law—consisting of thoughtful and well-reasoned opinions—goes both ways, I would be willing to entertain a motion to amend the opinion to include a certification pursuant to 28 U.S.C. 1292(b).  The motion should be made within ten days of the date of this order.


                                                         **SO ORDERED.**

Brooklyn, New York
December 13, 2011

                                                         *Edward R. Korman*
                                                         Edward R. Korman
                                                         Senior United States District Judge