| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>PLUMBERS' & PIPEFITTERS' LOCAL #562<br>SUPPLEMENTAL PLAN & TRUST, et al.,<br><br>       Plaintiffs,<br><br>   - against -<br><br>J.P. MORGAN ACCEPTANCE<br>CORPORATION I, et al.,<br><br>       Defendants.<br>------------------------------------------------------------ X | **NOT FOR PUBLICATION**<br><br><br><br><br><br>**ORDER**<br><br><br>No. 08 CV 1713 (ERK) (WDW) |

KORMAN, District Judge.

  Iowa Public Employees' Retirement System ("IPERS"), the manager of a trust fund for the benefit of Iowa public employees, moves to intervene as an additional named plaintiff in this case. IPERS intends to represent itself and others who purchased twelve Certificates, under which claims were originally included in this putative class action but dismissed for lack of standing by this court's December 13, 2011 order.[1]

  IPERS is entitled to intervention as of right under Fed. R. Civ. Pro. 24(a)(2). *See New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Moreover, its claims are timely pursuant to my Order of December 13, 2011, ECF No. 117, in which I held that the relevant statute of limitations, codified at 15 U.S.C. § 77m, was tolled upon the filing of this putative class action by the Lead Plaintiff. This issue is pending before the Second Circuit now, *see In re IndyMac Mortgage-Backed Sec. Litig.*, No. 11-2998 (2d Cir., filed Jul. 21, 2011), and I will revisit the issue, if necessary, in light of the Second Circuit's ruling.

---

[1] The twelve Certificates (the "IPERS Certificates") are JPMMT 2007-S1 2A22, JPMMT 2007-S1 1A2, JPMMT 2007-A2 2A3, JPMMT 2007-A2-2A2, JPMMT 2007-A2 1A1, JPMAC 2007-CH2 MV1, JPMAC 2007-CH1 AF2, JPMMT 2006-A5 3A6, JPMMT 2006-A4 1A4, JPMMT 2006-A4 1A2, JPMMT 2006-A3 5A1, and JPMMT 2006-A6 2A4L.

Nevertheless, I observe that IPERS alleges causes of action under section 12(a)(2) of the Securities Act of 1933. *See* 15 U.S.C. § 77l(a). Section 12(a)(2), however, "'imposes liability on only the buyer's immediate seller.'" *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 49 (2d Cir. 1991) (quoting *Pinter v. Dahl*, 486 U.S. 622, 643-44 (1988)). Here, IPERS only alleges that it purchased eight of its twelve Certificates directly from a named defendant in this case. Thus, IPERS may only intervene in claims under section 12(a)(2) for those eight Certificates.[2]

**SO ORDERED.**

Brooklyn, New York
August 23, 2012

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge

---

[2] JPMMT 2007-A2-2A2, JPMMT 2007-A2 1A1, JPMAC 2007-CH2 MV1, JPMAC 2007-CH1 AF2, JPMMT 2006-A5 3A6, JPMMT 2006-A4 1A2, JPMMT 2006-A3 5A1, and JPMMT 2006-A6 2A4L.