| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>PLUMBERS' & PIPEFITTERS' LOCAL #562<br>SUPPLEMENTAL PLAN & TRUST, et al.,<br><br>                Plaintiffs,<br><br>      - against -<br><br>J.P. MORGAN ACCEPTANCE<br>CORPORATION I, et al.,<br><br>                Defendants.<br>-------------------------------------------------------------- X | **NOT FOR PUBLICATION**<br><br><br>**ORDER**<br><br>No. 08 CV 1713 (ERK) (WDW) |

KORMAN, District Judge.

I assume familiarity with the facts of this case, a full description of which can be found in my decision on the defendants' motion to dismiss filed on December 13, 2011, and corrected on February 23, 2012. In deciding that motion, I held that the Lead Plaintiff lacked Article III standing to assert claims under Certificates which it did not purchase or hold. I also held that the Lead Plaintiff lacked statutory standing to assert claims under specific tranches from which it did not purchase a Certificate. On January 11, 2012, the Lead Plaintiff filed a motion to amend that opinion to include a certification for interlocutory appeal on the issue of standing. On May 4, 2012, I stayed the Lead Plaintiff's motion because an appeal then-pending before the Second Circuit would likely decide the issue. The Second Circuit has now issued a decision in that appeal.

In *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, which is factually identical to this case, the Second Circuit held that the putative lead plaintiff had "standing to assert the claims of purchasers of certificates backed by mortgages originated by the same lenders that originated the mortgages backing plaintiff's certificates." No. 11-2762, slip op. at 37

1

(2d Cir. Sept. 6, 2012). The Second Circuit also held that the putative lead plaintiff had standing "to assert §§ 11 and 12(a)(2) claims on behalf of Certificate-holders from different tranches of Offerings (or within Offerings) backed by loans originated by the same originators." *Id.* at 32.

Here, the Lead Plaintiff purchased eight Certificates, which were from trusts that contained mortgages originated by the following originators: Chase, Countrywide, PHH, ResMAE, WMC, CTX, M & T, and Wells Fargo. Am. Compl. ¶¶ 13, 34. Of the thirty-three trusts under which the Lead Plaintiff alleges claims, three contain no mortgages originated by any of the above originators: JPMMAT 2006-ACC1, JPMMAT 2006-HE2, and JPMMAT 2006-NC1. Accordingly, the Lead Plaintiff has standing to assert claims of purchasers of Certificates from the other thirty trusts enumerated in ¶ 34 of the amended complaint, and that standing is not limited to any specific tranches within each trust. This assumes that the Certificates held by the Lead Plaintiff were backed by mortgages originated by all of the above named originators. Nevertheless, because the amended complaint only names the originators that issued the mortgages comprising each trust, not each Certificate within the trusts, the parties should advise me if the Certificates held by the Lead Plaintiff were not backed by mortgages originated by the above-named originators and I will modify the Order to reflect the extent of the Lead Plaintiff's standing accordingly.

Consequently, in light of the Second Circuit's opinion in *NECA-IBEW Health & Welfare Fund*, the Lead Plaintiff's motion is denied as moot.

SO ORDERED.

Brooklyn, New York
September 14, 2012

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge