**EXECUTION COPY**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated, | Case No. 08-cv-1713 (PKC) (WDW) |
| Plaintiffs, | ECF CASE |
| v. | CLASS ACTION - CONSOLIDATED |
| J.P. MORGAN ACCEPTANCE CORPORATION I, et al., | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

**EXECUTION COPY**

This stipulation and agreement of settlement (the "Stipulation" or the "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Settlement is entered into by the Court-appointed Lead Plaintiff, the Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself and the proposed Class, by and through its counsel, and the Defendants, by and through their counsel (the "Settling Parties").

The Settlement is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Class Members' Released Claims against the Released Parties, subject to the terms and conditions set forth below and final approval of the Court.

WHEREAS:

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below.

B.      On March 26, 2008, a class action complaint was filed against Defendants and certain other defendants in the Supreme Court of the State of New York, Nassau County, Index No. 5675/08, on behalf of all persons or entities who acquired mortgage pass-through certificates and asset-backed pass-through certificates pursuant and/or traceable to certain registration statements and prospectus supplements, asserting certain claims under the Securities Act of 1933 (the "Securities Act").

C.      On April 25, 2008, the action was removed to the United States District Court, Eastern District of New York, Case No. 08-cv-1713.

D.      On July 24, 2009, MissPERS filed a related action in the United States District Court, Eastern District of New York, Case No. 09-cv-3209, which was then consolidated into Case No. 08-cv-1713 on November 17, 2009.

E.      On November 24, 2009, the Court adopted the Report and Recommendation of U.S. Magistrate Judge Wall, and appointed MissPERS as Lead Plaintiff and its choice of counsel as Lead Counsel over the Action.

EXECUTION COPY

F.       On March 8, 2010, Lead Plaintiff filed the consolidated class action complaint (the "Complaint"), alleging claims against the Defendants and the Rating Agencies.  Defendants and the Rating Agencies served their motions to dismiss the Complaint on May 7, 2010. MissPERS filed its oppositions to the motions to dismiss on June 21, 2010, and Defendants and the Rating Agencies served their replies in further support of the motions to dismiss on July 21, 2010.

G.       On July 7, 2011, the claims against the Rating Agencies in the Complaint were voluntarily dismissed with prejudice.

H.       On December 13, 2011, the Court granted in part and denied in part Defendants' motion to dismiss, including dismissal of certain claims on the basis that MissPERS lacked standing to pursue claims concerning certificates it did not purchase.  The Court's order was subsequently corrected on February 23, 2012 and modified by order dated September 14, 2012.

I.       On January 11, 2012, Lead Plaintiff requested certification for interlocutory review of the Court's ruling on standing, which the Court stayed on May 4, 2012.  Following the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 11-cv-02762 (2d Cir. Sept. 6, 2012), the Court modified its motion to dismiss order on September 14, 2012, and Lead Plaintiff has since prosecuted the Action on behalf of purchasers of the Certificates sold in the 26 Offerings included in the Class.

J.       On November 13, 2012, the Court entered an initial case management order, setting forth a pre-trial schedule and deadlines for, *inter alia*, class certification, fact discovery, expert discovery and summary judgment.  Thereafter, the parties engaged in document and deposition discovery in accordance with the case management orders.

K.       On November 30, 2012, Defendants filed their Answer to the Complaint.

L.       On April 11, 2013, Lead Plaintiff served Defendants with Lead Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel.

M.       Lead Counsel have conducted extensive investigations relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel have analyzed

2

**EXECUTION COPY**

evidence, including a substantial volume of documents produced by Defendants and third parties, and have researched the applicable law with respect to the claims of Lead Plaintiff and the Class, as well as Defendants' potential defenses and other litigation issues, including those related to class certification.

N.     On December 13, 2013, after a mediation process conducted by The Honorable Daniel Weinstein (Retired) as Mediator and extensive arm's-length negotiations, the Settling Parties executed a confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for $280 million, subject to satisfaction of conditions and negotiation of this Stipulation.

O.     On January 14, 2014, the Settling Parties jointly filed a letter motion requesting entry of an amendment to the Third Amended Case Management Order and informing the Court of their settlement in principle.  The Court granted that motion and so ordered entry of the Fourth Amended Case Management Order on January 15, 2014.

P.     This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiff of any infirmity in the claims asserted in the Action.

Q.     Based upon their investigation, Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Lead Plaintiff and the Members of the Class will receive from resolution of the Action as against the Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff as to any lack of merit of the Action whatsoever, and without any admission or concession of

**EXECUTION COPY**

Defendants as to any liability or wrongdoing or lack of merit in the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties, that the Action and all of the Class Members' Released Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings specified below.

(a)      "Action" means the consolidated securities class action styled *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al., on behalf of themselves and all others similarly situated v. J.P. Morgan Acceptance Corp. I, et al.,* Civil Action No. 08-cv-1713 (PKC) (WDW).

(b)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(c)      "Certificate" means each publicly-offered certificate issued in one of the Offerings pursuant or traceable to Defendants' registration statements dated July 29, 2005 (as amended) and December 7, 2005 (as amended) (the "Registration Statements"), and to the prospectus and prospectus supplements that were used to offer or sell each Certificate (together with the Registration Statements, the "Offering Documents").  The CUSIP numbers for the Certificates are set forth in Table A to the Plan of Allocation, which will be available on the Settlement website, www.jpmcertificatesettlement.com.

**EXECUTION COPY**

(d)    "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(e)    "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a Person that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)    "Claims Administrator" means The Garden City Group Inc., or other claims administrator selected by Lead Counsel.

(h)    "Class" means all Persons who purchased or otherwise acquired Certificates pursuant or traceable to the Offerings and were damaged thereby.  Excluded from the Class are (1) Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, except that affiliates and entities in which Defendants have or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles) are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class; (2) Persons that have separately asserted and/or pursued their claims against Defendants, including by filing individual actions and/or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 hereto, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing of this Stipulation.  The Notice shall provide that anyone with questions as to whether or not they are excluded may call the Claims Administrator.  Also excluded from the Class are any Persons who

**EXECUTION COPY**

exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" or "Member of the Class" means a Person that is a Member of the Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(k)     "Class Representative" or "Lead Plaintiff" means Lead Plaintiff Public Employees' Retirement System of Mississippi.

(l)     "Complaint" means the Consolidated Class Action Complaint filed by Lead Plaintiff in the Action on March 8, 2010.

(m)     "Court" means the United States District Court for the Eastern District of New York.

(n)     "Defendants" means J.P. Morgan Securities Inc. (now known as J.P. Morgan Securities LLC); J.P. Morgan Acceptance Corporation I; and the Individual Defendants.

(o)     "Defendants' Counsel" means the law firm of Sidley Austin LLP.

(p)     "Effective Date" means the first day following the day on which the Settlement contemplated by this Stipulation shall become effective as set forth in ¶35 below.

(q)     "Escrow Account" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited.

(r)     "Escrow Agent" means a financial services company designated by Lead Counsel.

(s)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

**EXECUTION COPY**

(t)     "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Settling Parties elect to terminate this Settlement, the date that such Alternative Judgment is no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired *provided, however*, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

(u)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(v)     "Individual Defendants" means David M. Duzyk, Louis Schioppo, Christine E. Cole, and Edwin F. McMichael.

(w)     "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity; provided, however, that any Claim submitted by an Investment Vehicle shall be pro-rated in accordance with the amount owned by the Defendants and their affiliates.

(x)     "Lead Counsel" or "Co-Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Wolf Popper LLP.

(y)     "Lead Plaintiff" means the Public Employees' Retirement System of Mississippi.

EXECUTION COPY

(z)      "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(a)(4).

(aa)     "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.

(bb)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Members of the Class.

(cc)     "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Class; and (ii) administering the Claims process.

(dd)     "Offerings" means J.P. Morgan Alternative Loan Trust 2006-A1, J.P. Morgan Alternative Loan Trust 2006-A2, J.P. Morgan Alternative Loan Trust 2006-A3, J.P. Morgan Alternative Loan Trust 2006-A4, J.P. Morgan Alternative Loan Trust 2006-A5, J.P. Morgan Alternative Loan Trust 2006-A6, J.P. Morgan Alternative Loan Trust 2006-A7, J.P. Morgan Alternative Loan Trust 2006-S1, J.P. Morgan Alternative Loan Trust 2006-S3, J.P. Morgan Alternative Loan Trust 2006-S4, J.P. Morgan Mortgage Acquisition Trust 2006-CH2, J.P. Morgan Mortgage Acquisition Trust 2006-HE3, J.P. Morgan Mortgage Acquisition Trust 2006-RM1, J.P. Morgan Mortgage Acquisition Trust 2006-WF1, J.P. Morgan Mortgage Acquisition Trust 2007-CH1, J.P. Morgan Mortgage Acquisition Trust 2007-CH2, J.P. Morgan Mortgage Trust 2006-A1, J.P. Morgan Mortgage Trust 2006-A3, J.P. Morgan Mortgage Trust 2006-A4, J.P. Morgan Mortgage Trust 2006-A5, J.P. Morgan Mortgage Trust 2006-A6, J.P. Morgan

**EXECUTION COPY**

Mortgage Trust 2006-A7, J.P. Morgan Mortgage Trust 2006-S2, J.P. Morgan Mortgage Trust 2007-A1, J.P. Morgan Mortgage Trust 2007-A2, and J.P. Morgan Mortgage Trust 2007-S1.

(ee)    "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶33 of this Settlement substantially in the form of Exhibit B attached hereto.

(ff)    "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(gg)    "Plaintiffs' Counsel" means Lead Counsel and any other legal counsel who represented or contributed to the representation of Lead Plaintiff or other plaintiffs in the Action.

(hh)    "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants as attached to the Notice, or such other plan of allocation as the Court shall approve.

(ii)    "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Class.

(jj)    "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(kk)    "Rating Agencies" means Moody's Investor Services, Inc., a division of Moody's Corp.; McGraw-Hill Companies, Inc., through its division, Standard & Poor's Financial Services, Inc.; and Fitch Ratings, Inc.

(ll)    "Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that relate to the purchase, other acquisition, sale, or holding of the Certificates sold in the Offerings and that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the

9

**EXECUTION COPY**

allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Complaint.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing herein shall be construed to suggest or imply that any derivative claims exist or have merit.

(mm)   "Released Parties" means:  (a) the Defendants; and (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

(nn)   "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Lead Plaintiff, Lead Counsel, or any other Class Member.

(oo)   "Settlement" means this Stipulation and the settlement contained herein.

(pp)   "Settlement Amount" means two hundred and eighty million dollars ($280,000,000.00) in cash.

(qq)   "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(rr)   "Settling Parties" means (i) Defendants and (ii) Lead Plaintiff on behalf of itself and the Class.

(ss)   "Stipulation" means this Stipulation and Agreement of Settlement.

(tt)   "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(uu)   "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

**EXECUTION COPY**

(vv)   "Unknown Claims" means any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiff, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and

EXECUTION COPY

Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) appointment of Lead Plaintiff as Class Representative; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## SCOPE AND EFFECT OF SETTLEMENT

3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants and any and all of the Class Members' Released Claims as against all Released Parties.

4.      Upon the Effective Date of this Settlement, Lead Plaintiff and all Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed, and forever discharged the respective Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

5.      Upon the Effective Date of this Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed, and forever discharged all the Released Parties' Claims against Lead Plaintiff, Lead Counsel, and any other Class Member.

## THE SETTLEMENT CONSIDERATION

6.      On or before fifteen (15) business days following the date of the entry of the Preliminary Approval Order, Defendants, in full and complete settlement of the Class Members' Released Claims, shall pay or shall cause to be paid the Settlement Amount into the Escrow Account established for the Settlement Fund by Lead Counsel for the benefit of the Class.  The Settlement Fund shall be invested or held as provided in ¶8 hereof.

EXECUTION COPY

**USE OF SETTLEMENT FUND**

7.     The Settlement Fund shall be used to pay any:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.  The balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.  All costs and expenses incurred by or on behalf of the Lead Plaintiff and the other Members of the Class associated with the Settlement shall be paid from the Settlement Fund as awarded by the Court.  In no event shall Defendants bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

8.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.   All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

9.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

13

**EXECUTION COPY**

returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 10 below. Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund. Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

10.     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses.  Lead Counsel, or their agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treasury Regulation §1.468B-2(k), and to the extent applicable, Treasury Regulation §1.468B-2(l).  Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  Lead Counsel, or their agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the

14

**EXECUTION COPY**

extent reasonably necessary to carry out the provisions of this Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents, as described herein.

11.     This is not a claims-made settlement.  As of the Effective Date, neither Defendants nor any other Person who paid any portion of the Settlement Fund on any of their behalves, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of claims submitted, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶8 and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be distributed to a non-profit charitable organization selected by Lead Plaintiff in consultation with Defendants and approved by the Court, or as otherwise directed by the Court.

12.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those Members of the Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  Defendants agree to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

**EXECUTION COPY**

13.    Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or order of the Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund.

14.    The finality of the Settlement shall not be conditioned on any ruling by the Court concerning the Plan of Allocation or any award of attorneys' fees or Litigation Expenses.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  Unless otherwise ordered by the Court, there shall be no distribution of any of the Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

<u>**ATTORNEYS' FEES AND LITIGATION EXPENSES**</u>

15.    Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for a collective award from the Settlement Fund of attorneys' fees, plus interest.  Lead Counsel also will apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses, plus interest.  Litigation Expenses may include reimbursement of the costs

**EXECUTION COPY**

and expenses of Lead Plaintiff (including lost wages) in accordance with 15 U.S.C. § 77z-1(a)(4).

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts with interest at the same net rate as is earned by the Settlement Amount if the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed.  Lead Counsel shall make the appropriate refund or repayment no later than fifteen (15) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses.

17.     Lead Counsel shall allocate the attorneys' fees and expense awards amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.  Defendants shall take no position with respect to Lead Counsel's requested attorneys' fees and expenses.  Such matters are not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

18.     Defendants shall have no responsibility for, and no liability with respect to, the attorneys' fees or expenses that the Court may award in the Action or the allocation of the fees and expenses that Lead Counsel may make to other Plaintiffs' Counsel in connection with this Action or any other person who may assert some claim thereto.

19.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that their application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the

**EXECUTION COPY**

fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Parties' Claims.  The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

**CLAIMS ADMINISTRATOR**

20.     The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the Court, shall administer and calculate the Claims submitted by Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration or processing of claims or of the Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim, the amounts of claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator.  Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Lead Plaintiff and approved by the Court, or according to such other plan of allocation as the Court approves.  The proposed Plan of Allocation is appended to the Notice attached hereto as Exhibit A-1.

22.     The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Lead Plaintiff, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the appendix to the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate

**EXECUTION COPY**

court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. Neither Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall Defendants object to the Plan of Allocation proposed by Lead Plaintiff.

23.    Any Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

24.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.   Neither Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

25.    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be, absent a court order, forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.  A Claim Form shall be deemed to be submitted when posted if received with a postmark

**EXECUTION COPY**

indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Order and Final Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

27.     Lead Counsel will apply to the Court, with reasonable notice to Defendants, for a Class Distribution Order, *inter alia*:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (ii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

EXECUTION COPY

## REQUESTS FOR EXCLUSION

30.     A Class Member requesting exclusion from the Class shall be requested to provide certain information to the Claims Administrator as set forth in the Notice.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by the Notice shall be bound by the Settlement.  Lead Plaintiff shall request that the deadline for submitting requests for exclusion be twenty-one (21) calendar days prior to the Final Approval Hearing.

31.     The Claims Administrator shall scan and send electronic copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of final approval of the Settlement, Lead Counsel will cause to be provided a list of all Persons who have requested exclusion from the Class.

## TERMS OF PRELIMINARY APPROVAL ORDER
## IN CONNECTION WITH SETTLEMENT PROCEEDINGS

32.     Lead Plaintiff, by and through Lead Counsel, shall submit the Stipulation together with its Exhibits to the Court and shall move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

33.     The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

34.     Simultaneously herewith, Lead Plaintiff and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the unanimous discretion of Defendants if potential Class Members who meet certain criteria exclude themselves from the Class.  The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement

**EXECUTION COPY**

may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court.  The parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.  In the event of a withdrawal from this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶13, 36, 37 and 38 shall survive termination. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Defendants to exercise their option to withdraw from the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

<u>**EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**</u>

35.    The Effective Date of Settlement shall be the latest date when all of the following shall have occurred:

(a)    entry of the Preliminary Approval Order;

(b)    approval by the Court of the Settlement following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(c)    entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

36.    Defendants and Lead Plaintiff each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so

**EXECUTION COPY**

("Termination Notice") to the other within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an Alternative Judgment is vacated, modified or reversed in any material respect; or (f) the Effective Date of Settlement otherwise does not occur. Defendants may also terminate the Settlement and this Stipulation pursuant to ¶34. The foregoing list is not intended to limit or impair the parties' rights under the law of contracts with respect to any breach of this Stipulation. In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶13, 36, 37 and 38 shall survive termination.

37. Except as otherwise provided herein, in the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of December 13, 2013, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of this Settlement.

38. Except as otherwise provided herein, in the event this Stipulation is terminated or if the Effective Date fails to occur for any reason, then within fifteen (15) business days after written notice is sent by Lead Counsel or Defendants' Counsel, the balance of the Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to Defendants, including interest accrued thereon, in the proportion to which the Settlement Fund was paid.

## <u>NO ADMISSION OF WRONGDOING</u>

39. Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including Exhibits, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

**EXECUTION COPY**

(a)     shall not be offered or received against Defendants, other Released Parties, Lead Plaintiff or the other members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties or by Lead Plaintiff or the other Members of the Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or other Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Members of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the other Members of the Class;

(c)     shall not be offered or received against the Released Parties, Lead Plaintiff or the other Members of the Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or the other Members of the Class or any of them that any of

EXECUTION COPY

their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

## MISCELLANEOUS PROVISIONS

40.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

41.     Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

42.     Defendants warrant that, as to the payments made by or on behalf of him, her or it, at the time of such payment that Defendants made or caused to be made pursuant to ¶6 above, he, she, or it was not insolvent, nor will the payment required to be made by or on behalf of him, her, or it render him, her, or it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.  This representation is made by Defendants and not by Defendants' Counsel.

43.     If a case is commenced in respect of Defendants (or any Person contributing funds to the Settlement Fund on behalf of Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions

**EXECUTION COPY**

in the litigation immediately prior to December 13, 2013, and any cash amounts in the Settlement Fund shall be returned as provided in ¶36 above.

44.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Settling Parties or their successors-in-interest.

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Class Members' Released Claims.   Accordingly, Lead Plaintiff, Lead Counsel, Defendants, and Defendants' Counsel agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.   The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

47.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its Exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits and Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

EXECUTION COPY

50.     The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

51.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Lead Plaintiff or Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

52.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

53.     Notices required by this Stipulation shall be submitted either by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

54.     The administration, consummation, and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

55.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

56.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**EXECUTION COPY**

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of March 7, 2014.

Dated: March 7, 2014

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

By: _David R. Stickney_
DAVID R. STICKNEY

David R. Stickney
Richard D. Gluck
Niki L. Mendoza
Matthew P. Jubenville
Jonathan D. Uslaner
L. Reza Wrathall
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

-and-

Max W. Berger
John Rizio-Hamilton
Jeroen Van Kwawegen
Katherine Stefanou
1285 Avenue of the Americas, 38th Floor
New York, NY 10019

28

**EXECUTION COPY**

WOLF POPPER LLP

By: _Marian P. Rosner_
     MARIAN P. ROSNER

Marian P. Rosner
Matthew Insley-Pruitt
Joshua W. Ruthizer
Natalie M. Mackiel
Robert S. Plosky
Roy Herrera, Jr.
845 Third Avenue, 12th Floor
New York, NY 10022

*Co-Lead Counsel for Lead Plaintiff and the Class*


SIDLEY AUSTIN LLP

By:_____
     DOROTHY J. SPENNER

A. Robert Pietrzak
Dorothy J. Spenner
787 Seventh Avenue
New York, NY 10019

*Counsel for Defendants*

29

**EXECUTION COPY**

WOLF POPPER LLP

By:_____
    MARIAN P. ROSNER

Marian P. Rosner
Matthew Insley-Pruitt
Joshua W. Ruthizer
Natalie M. Mackiel
Robert S. Plosky
Roy Herrera, Jr.
845 Third Avenue, 12th Floor
New York, NY 10022

*Co-Lead Counsel for Lead Plaintiff and the Class*


SIDLEY AUSTIN LLP

By:_____
    DOROTHY J. SPENNER

A. Robert Pietrzak
Dorothy J. Spenner
787 Seventh Avenue
New York, NY 10019

*Counsel for Defendants*

**CONFIDENTIAL - APPENDIX 1**

# REDACTED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> J.P. MORGAN ACCEPTANCE CORPORATION I, et al., <br><br> Defendants. | Case No. 08-cv-1713 (PKC) (WDW) <br><br> <u>ECF CASE</u> <br><br> <u>CLASS ACTION - CONSOLIDATED</u> <br><br> <u>**EXHIBIT A**</u> |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
<u>AND PROVIDING FOR NOTICE</u>**

WHEREAS:

A.      Lead Plaintiff, the Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the proposed Class, and Defendants J.P. Morgan Securities Inc., J.P. Morgan Acceptance Corporation I, David M. Duzyk, Louis Schioppo, Christine E. Cole, and Edwin F. McMichael ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties") have entered into a settlement of the Action, the terms of which are set forth in the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action; and

B.      Lead Plaintiff has moved this Court, and Defendants have not opposed, for an Order:  (1) certifying a class in this Action for settlement purposes; (2) approving the form,

content and method of notice to be sent to the Class; and (3) scheduling a hearing for final approval of the Settlement; and

C.      The Court having read and considered the Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Proof of Claim Form; (iii) Summary Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.      The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

3.      Pending further Order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

**<u>CLASS CERTIFICATION</u>**

4.      The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

All Persons who purchased or otherwise acquired Certificates[1] pursuant or traceable to the Offerings and were damaged thereby.  Excluded from the Class are (1) Defendants

---

[1] "Certificate" means each publicly-offered certificate issued in one of the Offerings pursuant or traceable to Defendants' registration statements dated July 29, 2005 (as amended) and December 7, 2005 (as amended) (the "Registration Statements"), and to the prospectus and prospectus supplements that were used to offer or sell each Certificate (together with the Registration Statements, the "Offering Documents").  The CUSIP numbers for the Certificates are set forth in

and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, except that affiliates and entities in which Defendants have or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles in the Stipulation) are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class; (2) Persons that have separately asserted and/or pursued their claims against Defendants, including by filing individual actions and/or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing of the Stipulation.  Also excluded from the Class are any Persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Public Employees' Retirement System of Mississippi is appointed as the Class Representative, and Bernstein Litowitz Berger & Grossmann LLP and Wolf Popper LLP are appointed as Class Counsel for the Class.

---

Table A to the Plan of Allocation, which will be available on the Settlement website, www.jpmcertificatesettlement.com.

6.      The Court approves the appointment of Garden City Group as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.      No later than ten (10) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to those Members of the Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents (the "Notice Date");

b.      A summary notice (the "Summary Notice" or "Publication Notice"), annexed hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business Daily* no later than ten (10) business days after the Notice Date; and

c.      The Notice, the Summary Notice and the Claim Form shall also be placed on a website maintained by the Claims Administrator, www.jpmcertificatesettlement.com, on or before the Notice Date.

7.      The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

8.     For the purpose of identifying and providing notice to the Class, on or before five (5) business days following entry of this Order, Defendants shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists it and/or its agent(s) have that identify potential Class Members (including names and addresses), in electronic form.  To the extent such lists have already been produced to Lead Plaintiff, they need not be provided again.

9.     No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

10.     Nominees who purchased Certificates for beneficial owners who are Class Members are directed to:  (a) request within seven (7) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred

in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

11.   Defendants shall be responsible for timely service of any notice as described in the Class Action Fairness Act, 28 U.S.C. § 1715.

**HEARING:  RIGHT TO BE HEARD**

12.   The Court will hold a settlement hearing (the "Final Approval Hearing") on _____, 2014, at _____, in the courtroom of the Honorable Pamela K. Chen at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F, for the following purposes:

(a)   to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)   to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

(c)   to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)   to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and

(e)   to rule upon such other matters as the Court may deem appropriate.

13.   The Court expressly reserves the right to adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice to Class Members other than an

announcement at the Final Approval Hearing, or any adjournment thereof, and to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Class Members.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and Litigation Expenses.

14.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed with the Court no later than thirty-five (35) calendar days prior to the Final Approval Hearing.  Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing. Notwithstanding the Court's Individual Practices and Rules, such papers shall be filed with the Court on or before the dates stated in this paragraph regardless of whether any opposition exists or has been filed, and no Pre-Motion Conference is required.

15.     Any Member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member or person (i) has served written objections, by hand or first-class mail, including the basis

therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon

the following counsel for receipt no later twenty-one (21) calendar days prior to the Final

Approval Hearing:

<u>Lead Counsel for the Class</u>

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
David R. Stickney
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582
-and-
WOLF POPPER LLP
Marian P. Rosner
Matthew Insley-Pruitt
845 Third Avenue, 12th Floor
New York, NY 10022

<u>Counsel for Defendants</u>

SIDLEY AUSTIN LLP
A.  Robert Pietrzak
Dorothy J. Spenner
787 Seventh Avenue
New York, NY 10019

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

for the Eastern District of New York.  Any objection must include:  (a) the full name, address,

and phone number of the objecting Class Member; (b) a list and documentation of all of the

Class Member's transactions involving the Certificates included in the Class definition, including

brokerage confirmation receipts or other competent documentary evidence of such transactions,

including the amount and date of each purchase or sale and the price paid and/or received, and

documentation of any exchange transactions; (c) a written statement of all grounds for the

objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or

other documents upon which the objection is based; (e) a list of all persons who will be called to

testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.

16.    If the Settlement is approved, all Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to

9

be excluded from the Class in the proposed settlement of the class action captioned *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v. JP Morgan Acceptance Corp. I,* Civil Action No. 08-cv-1713 (PKC) (WDW) (E.D.N.Y.), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information:  (i) identity and original face value of Certificates purchased or otherwise acquired pursuant or traceable to the Offerings; (ii) prices or other consideration paid or received for such Certificates; and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.    Any person or entity that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

**CLAIMS PROCESS**

18.    In order to be potentially eligible to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member must take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than 120 calendar days from the Notice Date.  Such deadline may be further extended by Court order.  A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice.

(b)     The Claim Form submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine, based upon the Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)     As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

19.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person

11

or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

20.     None of the Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

21.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

23.     As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may pay from the Escrow Account all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned

or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund as set forth in the Stipulation.

24.     Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

25.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the parties to the Stipulation shall be restored to their respective positions in the Action immediately before December 13, 2013, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded as set forth in the Stipulation.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:      Brooklyn, New York
            _____, 2014


                                    _____
                                    PAMELA K. CHEN
                                    United States District Judge

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>         v.<br><br>J.P. MORGAN ACCEPTANCE CORPORATION I, et al.,<br><br>                              Defendants. | Case No. 08-cv-1713 (PKC) (WDW)<br><br>ECF CASE<br><br>CLASS ACTION - CONSOLIDATED<br><br>**EXHIBIT A-1** |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  **Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired Certificates[1] pursuant or traceable to certain Offerings[2] and were damaged thereby.**

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation").  "Certificate" means each publicly-offered certificate issued in one of the Offerings pursuant or traceable to Defendants' registration statements dated July 29, 2005 (as amended) and December 7, 2005 (as amended) (the "Registration Statements"), and to the prospectus and prospectus supplements that were used to offer or sell each Certificate (together with the Registration Statements, the "Offering Documents").  The CUSIP numbers for the Certificates are set forth in Table A to the Plan of Allocation, which is available on the Settlement website: www.jpmcertificatesettlement.com.

[2] "Offerings" means J.P. Morgan Alternative Loan Trust 2006-A1, J.P. Morgan Alternative Loan Trust 2006-A2, J.P. Morgan Alternative Loan Trust 2006-A3, J.P. Morgan Alternative Loan Trust 2006-A4, J.P. Morgan Alternative Loan Trust 2006-A5, J.P. Morgan Alternative Loan Trust 2006-A6, J.P. Morgan Alternative Loan Trust 2006-A7, J.P. Morgan Alternative Loan Trust 2006-S1, J.P. Morgan Alternative Loan Trust 2006-S3, J.P. Morgan Alternative Loan Trust 2006-S4, J.P. Morgan Mortgage Acquisition Trust 2006-CH2, J.P. Morgan Mortgage Acquisition Trust 2006-HE3, J.P. Morgan Mortgage Acquisition Trust 2006-RM1, J.P. Morgan Mortgage Acquisition Trust 2006-WF1, J.P. Morgan Mortgage Acquisition Trust 2007-CH1, J.P. Morgan Mortgage Acquisition Trust 2007-CH2, J.P. Morgan Mortgage Trust 2006-A1, J.P. Morgan Mortgage Trust 2006-A3, J.P. Morgan Mortgage Trust 2006-A4, J.P. Morgan Mortgage Trust 2006-A5, J.P. Morgan Mortgage Trust 2006-A6, J.P. Morgan Mortgage Trust 2006-A7, J.P.

NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiff the Public Employees' Retirement System of Mississippi (the "Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $280 million in cash that will resolve all claims in the Action (the "Settlement").

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!

1.     **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants:  J.P. Morgan Securities Inc. (now known as J.P. Morgan Securities LLC), J.P. Morgan Acceptance Corporation I, David M. Duzyk, Louis Schioppo, Christine E. Cole, and Edwin F. McMichael ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties").   The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):  all Persons who purchased or otherwise acquired Certificates pursuant or traceable to the Offerings and were damaged thereby.  Certain persons and entities are expressly excluded from the definition of the Class, including but not limited to those who have brought their own individual claims against Defendants, as set forth in ¶29 below.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 900-6285.

2.     **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶40-44 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Claims (as defined in ¶41 below) against Defendants and other Released Parties (as defined in ¶42 below) in exchange for a settlement payment of $280 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class.  The Plan of Allocation is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial.  It is solely a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.     **Statement of Average Distribution Per $1,000 in Original Value:**  The Settlement Fund consists of $280 million plus interest earned.  Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by potential Class Members, and assuming all potential Class Members elect to participate, the estimated average distribution is $11.95 per $1,000 in original face value offered.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation appended hereto as Appendix A; when their Certificates were purchased or acquired

---

Morgan Mortgage Trust 2006-S2, J.P. Morgan Mortgage Trust 2007-A1, J.P. Morgan Mortgage Trust 2007-A2, and J.P. Morgan Mortgage Trust 2007-S1.

and the price at the time of purchase; any principal amounts received; whether the Certificates were sold, and if so, when they were sold and for how much; and/or if held on the applicable dates of suit identified in the Plan of Allocation for each of the Certificates, the value of the Certificates on that date.  In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.      **Statement of the Parties' Position on Damages:**  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class, and that Lead Plaintiff or other Members of the Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per Certificate that would be recoverable if Lead Plaintiff was to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to whether:  (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.      **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 17% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $1.5 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Litigation Expenses may include reimbursement of the costs and expenses of Lead Plaintiff (including lost wages) in accordance with 15 U.S.C. § 77z-1(a)(4).  Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by potential Class Members, and assuming all purchasers of the initially offered Certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is $2.10 per $1,000 of original face value offered.  The actual cost may be more or less than this amount depending on, among other factors, when their Certificates were purchased or sold, the amount of principal that has been repaid, the value of the Certificates on the applicable Date of First Suit as indicated in Table A attached to the Plan of Allocation, the number of Class Members who timely file Claims, and the Plan of Allocation.

6.      **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are being represented by Bernstein Litowitz Berger & Grossmann LLP and Wolf Popper LLP (collectively, "Lead Counsel").  Any questions regarding the Settlement should be directed to David R. Stickney, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com or to Matthew Insley-Pruitt, Esq. at Wolf Popper LLP, 845 Third Avenue, 12th Floor, New York, NY 10022, (877) 370-7703, irrep@wolfpopper.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____.** | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____. |
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case.  Should you elect to exclude yourself from the Class, you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **COMMENT ON THE SETTLEMENT (INCLUDING OBJECTION) SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Class.

If you do not opt out, you may comment on or object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| **GO TO THE HEARING ON_____ AT _:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up your rights. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                              Page
What Is This Case About?  What Has Happened So Far?                    Page
How Do I Know If I Am Affected By The Settlement?                        Page
What Are The Lead Plaintiff's Reasons For The Settlement?             Page

What Might Happen If There Were No Settlement?                                    Page

How Much Will My Payment Be?                                                      Page

What Rights Am I Giving Up By Agreeing To The Settlement?                         Page

What Payment Are The Attorneys For The Class Seeking?  How Will
    The Lawyers Be Paid?                                      Page

How Do I Participate In The Settlement?  What Do I Need To Do?                    Page

What If I Do Not Want To Be A Part Of The Settlement?  How Do
    I Exclude Myself?                                         Page

When And Where Will The Court Decide Whether To Approve
    The Settlement? Do I Have To Come To The Hearing?  May I
    Speak At The Hearing If I Don't Like The Settlement?      Page

What If I Bought Certificates On Someone Else's Behalf?                           Page

Can I See The Court File?  Whom Should I Contact If I Have Questions?             Page

| WHY DID I GET THIS NOTICE? |
|:---:|

7.     The purpose of this Notice is to inform you about (a) this litigation, (b) the certification of the Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Eastern District of New York (the "Court"), on _____, 2014 at____ _ m. to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel shall have primary responsibility for prosecuting all class claims against Defendants on behalf of investors in the mortgage-backed securities described above.

9.     The Court in charge of this case is the United States District Court for the Eastern District of New York, and the case is known as *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al., v. J.P. Morgan Acceptance Corporation I, et al.,* Civil Action No. 08-cv-1713 (PKC) (WDW) (the "Action").   The Judge presiding over this case is the Honorable Pamela K. Chen, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the primary plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and Defendants are J.P. Morgan Securities Inc. (now known as J.P. Morgan Securities LLC), J.P. Morgan Acceptance Corporation I, David M. Duzyk, Louis Schioppo, Christine E. Cole, and Edwin F. McMichael.

10.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

11.    The Final Approval Hearing will be held on _____, at _____ _.m., before the Honorable Pamela K. Chen, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F, for the following purposes:

  (a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

  (b)    to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

  (c)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

  (d)    to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and

  (e)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.    On March 26, 2008, a class action complaint was filed against Defendants and certain other defendants in the Supreme Court of the State of New York, Nassau County, Index No. 5675/08, on behalf of all persons or entities who acquired mortgage pass-through certificates and asset-backed pass-through certificates pursuant and/or traceable to certain registration statements and prospectus supplements, asserting certain claims under the Securities Act of 1933 (the "Securities Act").

14.    On April 25, 2008, the action was removed to the United States District Court, Eastern District of New York, Case No. 08-cv-1713.

15.    On July 24, 2009, MissPERS filed a related action in the United States District Court, Eastern District of New York, Case No. 09-cv-3209, which was then consolidated into Case No. 08-cv-1713 on November 17, 2009.

16.    On November 24, 2009, the Court adopted the Report and Recommendation of U.S. Magistrate Judge Wall, and appointed the Public Employees' Retirement System of Mississippi ("MissPERS") as Lead Plaintiff and its choice of counsel as Lead Counsel over the Action.

17.    On March 8, 2010, Lead Plaintiff filed the consolidated class action complaint (the "Complaint"), alleging claims against the Defendants and certain rating agencies. Defendants and the rating agencies served their motions to dismiss the Complaint on May 7, 2010.   MissPERS filed its oppositions to the motions to dismiss on June 21, 2010, and Defendants and the rating agencies served their replies in further support of the motions to dismiss on July 21, 2010.

18.    On July 7, 2011, the claims against the rating agencies in the Complaint were voluntarily dismissed with prejudice.

19.    On December 13, 2011, the Court granted in part and denied in part Defendants' motion to dismiss, including dismissal of certain claims on the basis that MissPERS lacked standing to pursue claims concerning certificates it did not purchase.  The Court's order was subsequently corrected on February 23, 2012, and modified by order dated September 14, 2012.

20.    On January 11, 2012, Lead Plaintiff requested certification for interlocutory review of the Court's ruling on standing, which the Court stayed on May 4, 2012.  Following the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, Case No. 11-cv-02762 (2d Cir. Sept. 6, 2012), the Court modified its motion to dismiss order on September 14, 2012, and Lead Plaintiff has since prosecuted the Action on behalf of purchasers of the Certificates sold in the 26 Offerings included in the Class.

21.    On November 13, 2012, the Court entered an initial case management order, setting forth a pre-trial schedule and deadlines for, among other things, class certification, fact discovery, expert discovery and summary judgment.   Thereafter, the parties engaged in document and deposition discovery in accordance with the case management orders.

22.    On November 30, 2012, Defendants filed their Answer to the Complaint.

23.    On April 11, 2013, Lead Plaintiff served Defendants with its Motion for Class Certification and Appointment of Class Representative and Class Counsel.

24.    In connection with the prosecution of the Action, Lead Plaintiff:  conducted an extensive investigation into the alleged untrue statements and omissions; filed a consolidated complaint; opposed Defendants' motion to dismiss; researched and prepared briefing in support of a motion for class certification; and undertook significant fact discovery, including the review and analysis of more than 28 million pages of documents produced by Defendants and third parties and took depositions of witnesses affiliated with Defendants; and consulted with multiple experts and consultants on the issues raised in the litigation.

25.     On December 13, 2013, after a mediation process and additional extensive arm's-length negotiations conducted with the assistance of the Honorable Daniel Weinstein (Retired) as mediator, the Settling Parties executed a Term Sheet reflecting an agreement in principle to settle the Action for $280 million, subject to satisfaction of conditions and negotiation of a complete set of settlement terms.  The conditions and negotiation of a Stipulation and Agreement of Settlement (the "Stipulation") were subsequently satisfied, and the parties thereafter executed the Stipulation and filed it with the Court.

26.     On January 14, 2014, the Settling Parties jointly filed a letter motion requesting entry of an amendment to the Third Amended Case Management Order and informing the Court of their settlement in principle.  The Court granted that motion and so ordered entry of the Fourth Amended Case Management Order on January 15, 2014.

27.     Lead Plaintiff and Lead Counsel agree that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

28.     On _____, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
|---|

29.     If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all Persons who purchased or otherwise acquired Certificates pursuant or traceable to the Offerings and were damaged thereby. Excluded from the Class are (1) Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, except that affiliates and entities in which Defendants have or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles in the Stipulation) are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class; (2) Persons that have separately asserted and/or pursued their claims against Defendants, including by filing individual actions and/or privately entered into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing of the Stipulation.  The Class also does not include those persons and entities who validly request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?," below).  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 900-6285.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY**

**ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN _____.**

| WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

30.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages.  Lead Plaintiff and Lead Counsel have considered the uncertain outcome and risk in complex lawsuits like this one.

31.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $280 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

32.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

33.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  If Lead Plaintiff were not to succeed in obtaining class certification, Defendants may have asserted the defense that the claims of Class Members were untimely under applicable statutes of limitations and statutes of repose.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

34.     Defendants have agreed to cause to be paid Two Hundred Eighty Million Dollars ($280,000,000) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the net settlement fund to those Class Members who timely submit valid Proof of Claim Forms (the "Plan of Allocation").  The Plan of Allocation proposed by Lead Plaintiff is attached hereto as Appendix A, and additional information is available on the website created for purposes of this Settlement, www.jpmcertificatesettlement.com.

35.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No Person shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Plaintiffs' Counsel, Class Members, the Claims Administrator, Defendants and the other Released Parties (defined below), or any person designated by Lead Counsel.  All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Claims.

36.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

37.     The Plan of Allocation appended hereto is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

38.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of New York with respect to his, her or its Proof of Claim.

39.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

40.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff and all other Class Members shall have released, dismissed and forever discharged the Released Claims (as defined in ¶41 below), including Unknown Claims (as defined in ¶43 below) against each and all of the Released Parties (as defined in ¶42 below).

41.     "Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or

foreign law, that relate to the purchase, other acquisition, sale, or holding of the Certificates sold in the Offerings and that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Complaint.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing in the Stipulation shall be construed to suggest or imply that any derivative claims exist or have merit.

42.   "Released Parties" means:  (a) the Defendants; and (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

43.   "Unknown Claims" means any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiff, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

44.     The Judgment also will provide that Defendants and each of the other Released Parties shall have released, dismissed and forever discharged all Released Parties' Claims against Lead Plaintiff, Lead Counsel, and any other Class Member.  "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Lead Plaintiff, Lead Counsel, or any other Class Member.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

45.     Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund in an amount not to exceed 17% of the Settlement Fund, plus interest.  At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses to Plaintiffs' Counsel (which may include the reasonable costs and expenses of Lead Plaintiff directly related to its representation of the Class), in an amount not to exceed $1.5 million, plus interest.  The Court will determine the amount of the award.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
| --- |

46.     If you purchased or otherwise acquired the Certificates and fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.   The website is www.jpmcertificatesettlement.com.  You may also request a Claim Form by calling toll-free (877) 900-6285. Copies of the Claim Form can also be downloaded from Lead Counsel's websites at www.blbglaw.com and www.wolfpopper.com.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement.  Please retain all records of your ownership of, or transactions in the Certificates, as they may be needed to document your Claim.

47.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

48.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined in ¶42 above) with respect to any of the Released Claims (as defined in ¶41 above).

49.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?  HOW DO I EXCLUDE MYSELF?

---

50.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to JP Morgan RMBS Settlement, c/o GCG, P.O. Box 35120, Seattle, WA 98124-5120.  The exclusion request must be *received* no later than _____.  Each request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v. JPMorgan Acceptance Corp.*, Civil Action No. 08-cv-1713 (PKC) (WDW) (E.D.N.Y.), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information:  (i) identity and original face value of Certificates purchased or otherwise acquired pursuant or traceable to the Offerings; (ii) prices or other consideration paid or received for such Certificates, and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount.  Any request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

51.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Stipulation.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

52.     **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.**

53.     The Final Approval Hearing will be held on _____, at _:__ _.m., before the Honorable Pamela K. Chen, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F. The Court reserves the right to approve the Settlement or the Plan of Allocation at or after the Final Approval Hearing without further notice to the Members of the Class.

54.     Any Class Member who does not request exclusion such that it is *received* no later than _____ may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses.  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before _____.   You must also serve the papers on Lead Counsel for the Class and counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before _____.

| **Clerk's Office** | **Lead Counsel for the Class** | **Counsel For Defendants** |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY 11201 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP David R. Stickney, Esq. Niki L. Mendoza, Esq. 12481 High Bluff Drive, Ste 300 San Diego, CA 92130 -and- WOLF POPPER LLP Marian P. Rosner, Esq. Matthew Insley-Pruitt, Esq. 845 Third Avenue, 12th Floor New York, NY 10022 | SIDLEY AUSTIN LLP A. Robert Pietrzak, Esq. Dorothy J. Spenner, Esq. 787 Seventh Avenue New York, NY 10019 |

55.     Any objection must include:  (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving the Certificates included in the Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and desire to present evidence at the Final Approval Hearing must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

56.     You may not object to the Settlement or any aspect of it, if you excluded yourself from the Class.

57.     You may file a written objection without having to appear at the Final Approval Hearing.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

58.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____.

59.     The Final Approval Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF? |
|---|

60.     If you purchased or otherwise acquired the Certificates included in the Class definition for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such Certificates, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide to JP Morgan RMBS Settlement, c/o GCG, P.O. Box 35120, Seattle, WA 98124-5120, the names and addresses of such persons no later than seven (7) days after you receive this Notice.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice may also be obtained by calling toll-free (877) 900-6285, and may be downloaded from the Settlement website, www.jpmcertificatesettlement.com or from Lead Counsel's websites, www.blbglaw.com or www.wolfpopper.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

61.     This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.jpmcertificatesettlement.com, including, among other documents, copies of the Stipulation, Proof of Claim Form, and the Complaint.  All inquiries concerning this Notice or the Claim Form should be directed to:

JP Morgan RMBS Settlement
c/o GCG
P.O. Box 35118
Seattle, WA 98124-5118
Toll-free number: (877) 900-6285

**OR**

David R. Stickney, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
blbg@blbglaw.com

-or-

Marian P. Rosner, Esq.
WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY 10022
(877) 370-7703
irrep@wolfpopper.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR
THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____, 2014          By Order of the Clerk of Court
                                  United States District Court
                                  for the Eastern District of New York

## APPENDIX A TO THE NOTICE

## THE PROPOSED PLAN OF ALLOCATION:

### I.      GENERAL PROVISIONS

1.      The Net Settlement Fund will be distributed to eligible Class Members who timely submit valid Proof of Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court ("Claimants").

2.      Your share of the Net Settlement Fund will depend on several considerations, including (a) the aggregate value of the Recognized Claims (defined below) (represented by valid and acceptable Claim Forms) that Class Members submit to the Claims Administrator, relative to the Net Settlement Fund; (b) when your Certificates were purchased or acquired and the price on the date of purchase; (c) any principal payments received; (d) whether your Certificates were sold, and if so, when they were sold and for how much; and/or (e) if held on the applicable dates of suit identified for each of the Certificates, as set forth in Table A[1] (the "Date of Suit"), the price of the Certificates on that date.

3.      To determine the amount that a Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a valuation consultant. The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims based on material misrepresentations in the Offering Documents. For each Claimant, a "Recognized Claim" will be calculated. The calculation of a "Recognized Claim," as defined below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial or of that Class Member's market or "out-of-pocket" loss. Nor is the calculation of a Recognized Claim pursuant to the Plan of Allocation an estimate of the amount that will be paid to Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims submitted by Claimants. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund to Claimants. That computation is only a method to weigh Class Members' claims against one another. Each Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim, subject to the $10.00 minimum threshold mentioned below.

4.      Class Members are required to include in their Proofs of Claim, and to submit the required documentation for, all transactions and holdings in any of the Certificates that they have purchased, held, and are currently holding as of submission of the Proof of Claim.  Proofs of Claim submitted by Class Members that do not include all transactions in the Certificates will be considered deficient and may be ineligible for a recovery in this Settlement.

### II.     CALCULATION OF RECOGNIZED LOSS OR RECOGNIZED GAIN AMOUNTS

5.      A "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each Certificate purchased or acquired for which adequate documentation is provided (each an "Eligible Certificate"). The calculation of the Recognized Loss Amount or Recognized Gain Amount will depend on several considerations, including: (a) when such Certificates were purchased or acquired and the price paid; (b) any principal payments received; (c) whether your Certificates were sold, and if

---

[1] Tables A, B and C (described below) are incorporated by reference into this proposed Plan of Allocation, and are available on the Settlement website (www.jpmcertificatesettlement.com) or by calling the Claims Administrator toll-free at (877) 900-6285.

so, when they were sold and for how much; and/or (d) if held on the Date of Suit, the price of the Certificates on that date.

6.     The calculations under this proposed Plan of Allocation use various financial parameters for each Certificate, including:

(A) the price of each Certificate, if any, on the applicable Date of Suit. *See* Table A, available on the Settlement website (www.jpmcertificatesettlement.com) or by calling the Claims Administrator toll-free at (877) 900-6285;

(B) the portion of original face amount remaining on each Certificate as of various dates between the Certificate's initial offering and the most recent monthly distribution. This portion is commonly referred to as the Certificate's "Factor"[2] and reflects all principal payments received and write-downs incurred;

(C) the portion of original face amount remaining on each Certificate as of various dates between the Certificate's initial offering and the most recent monthly distribution reflecting only principal payments received. This portion is referred to as the Write-Down Free Factor ("WFF"). Tables B and C, which provide, respectively, a complete list of all Factors and WFFs for all Certificates for each relevant date, are also available at www.jpmcertificatesettlement.com or by calling the Claims Administrator toll-free at (877) 900-6285.[3]

7.     For each calculation of a Recognized Loss Amount or Recognized Gain Amount, the purchase price used for the calculation may not exceed the price at which the Certificate was offered to the public, which prices are set forth in Table A. Thus, if the actual purchase price exceeds the price at which the Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price.

8.     If a Claimant has more than one purchase/acquisition or sale of the same Certificate, those transactions will be matched on a first-in-first-out (FIFO) basis. Recognized Gain Amounts on the purchases or acquisitions of the same Certificate will be netted against (used to offset) Recognized Loss Amounts resulting from other purchases or acquisitions of the same Certificate, but will not be used to offset Net Recognized Losses (described further below in Section III of this Plan) resulting from purchases or acquisitions of different Certificates.

---

[2] The Certificates generally entitle borrowers to principal and interest payments derived from the underlying mortgages. Subsequent to the offering of a Certificate, the principal balance outstanding on a particular class of mortgage-backed securities may be reduced as borrowers make principal payments on their loans, prepay their loans either in whole or in part, or alternatively, borrowers stop meeting their payment obligations resulting in losses to the trust. As above, such changes in a Certificate's Factor need to be taken into consideration when allocating the proceeds of the Settlement among Claimants.

[3] The Factors reflected in Table B and the WFFs reflected in Table C are presented based on two distinct chronological systems that are appropriate to the distinct purposes for which those tables are used. As the Factors in Table B are used with prices to derive the amount of funds expended or realized in market transactions, the factors are attributed to the appropriate time periods based on the factor convention used by the market, *i.e.*, the previous month's factor is used up until the current month's distribution date to administer trades. The WFFs in Table C are used to attribute the receipt of monthly distributions during the holding period of a Certificate to the correct Claimant; and thus, the Certificate-specific record date convention, which determines the legal beneficiary of a monthly distribution, is used to associate the WFFs to the appropriate time period.

9.     Notwithstanding any of the other provisions in this proposed Plan of Allocation, for all purchases or acquisitions of Certificates that occurred after the applicable Date of Suit, the Recognized Gain Amount or Recognized Loss Amount for such purchases or acquisitions is zero.

10.     **Certificates Sold Prior To Date Of Suit**: For each Certificate sold prior to the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount is calculated as follows:

      a.     <u>Step 1</u>: Determine the Original Principal Amount

**Original Principal Amount = Original Face Amount of Certificates Purchased x Factor on Date of Purchase x (Purchase Price/100)**

The original face amount of the Certificates you purchased and the purchase price can be determined from your records.  The "Purchase Price" to be used in this formula is the lesser of (i) the actual purchase paid, or (ii) the price at which the Certificate was offered to the public.  The value of the Factor on the date of your purchase or sale can be found in Table B.

      b.     <u>Step 2</u>: Determine the Principal Payments Received

**Principal Payments Received = Original Face Amount of Certificates Purchased x (WFF on Date of Purchase – WFF on Date of Sale)**

The original face amount of the Certificates you purchased can be determined from your records. The WFF on the date of your purchase and the WFF on the date of your sale can be found in Table C.

      c.     <u>Step 3</u>: Determine the Amount Received on Sale

**Amount Received on Sale = Original Face Amount of Certificates Purchased x Factor on Date of Sale x (Sale Price/100)**

The original face amount of the Certificates you purchased and the sale price can be determined from your records. The Factor on the date of your sale can be found in Table B.

      d.     <u>Step 4</u>: Calculate Recognized Loss Amount or Recognized Gain Amount Using the Results of Steps 1-3

**Recognized Loss Amount or Recognized Gain Amount = Original Principal Amount - Principal Payments Received - Amount Received on Sale**

If this calculation results in a positive number, the result is a "Recognized Loss Amount."  If this calculation results in a negative number, it is a "Recognized Gain Amount."

            <u>Example 1</u>:[4] Investor A purchased $100,000.00 original face amount of Certificate 46627MEE3 (JPALT 2006-S1 1A8) on March 1, 2006. The purchase price was $99.50. On February 1, 2008, Investor A sold its remaining interest in the Certificate. The sales price was $82.50.

---

[4] The examples contained herein are for illustration purposes only and investors should not rely on the Certificate prices used (other than prices contained in Table A).

(1)      Step 1: Investor A uses Table B to determine that the Factor on the date of purchase (March 1, 2006) is 1.000000.  Therefore, Original Principal Amount = $100,000.00 x 1.000000x (99.50/100) = $99,500.00.

(2)      Step 2: Investor A uses Table C to determine that the WFFs on the dates of purchase and sale are 0.992595 and 0.434935, respectively. Therefore, Principal Payments Received = $100,000.00 x (0.992595 - 0.434935) = $55,766.00.

(3)      Step 3: Investor A uses Table B to determine that the Factor on February 1, 2008 was 0.435454. Therefore, Amount Received on Sale = $100,000.00 x 0.435454 x (82.50/100) = $35,924.96.

(4)      Step 4: Investor A uses the results of Steps 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount: Original Principal Amount less Principal Payments Received less Amount Received on Sale = $99,500.00-$55,766.00 -$35,924.96 = $7,809.04.

Investor A's Recognized Loss Amount is $7,809.04.

Note that if a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the holdings of a Certificate was sold), a Recognized Loss Amount or Recognized Gain Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

11.      **Certificates Not Sold**: For each Certificate not sold (*i.e.*, still held by the Claimant as of the submission of the Proof of Claim), the Recognized Loss Amount or Recognized Gain Amount is calculated using the same steps set forth directly above, except that the calculation proceeds as if the Certificate was sold on the Date of Suit.

Example 2: Investor B purchased $100,000.00 original face amount of Certificate 46630RBF7 (JPMMT 2007-S1 B1) on October 1, 2007. The purchase price was $85.00. Investor B continues to hold this Certificate.

(1)      Step 1: Investor B uses Table B to determine that the Factor on the purchase date (October 1, 2007) is 0.990022.  Therefore, Original Principal Amount = $100,000.00 x 0.990022 x (85.00/100) = $84,151.87.

(2)      Step 2: Investor B uses Table A and Table C to determine that the WFFs on the purchase date and Date of Suit (July 24, 2009)  are 0.988309 and 0.948485, respectively. Therefore, Principal Payments Received = $100,000.00 x (0.988309 - 0.948485) = $3,982.40.

(3)      Step 3: Investor B uses Table A to determine that the price on the Date of Suit was $20.9958. Investor B uses Table B to determine that the Factor on the Date of Suit was 0.950491. Therefore, Amount Received on Sale = $100,000.00 x 0.950491 x (20.9958/100) = $19,956.32.

(4)      Step 4: Investor B uses the results of Steps 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount: Original Principal Amount less Principal Payments Received less Amount Received on Sale = $84,151.87 - $3,982.40 - $19,956.32 = $60,213.15.

4

Investor B's Recognized Loss Amount is $60,213.15.

12.      **Certificates Sold On Or After Date Of Suit**: For each Certificate that was sold on or after the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount is calculated using steps similar to those set forth above in Example 2. For Certificates sold on or after the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount shall be calculated using the greater of the sum of Principal Payments Received and Amount Received on Sale (Steps 2 and 3) as of (i) the Date of Suit for that Certificate (*See* Table A); or (ii) the Date of Actual Sale.

> Example 3: Investor C purchased $100,000.00 original face amount of Certificate 46630RBF7 (JPMMT 2007-S1 B1) on October 1, 2007. The purchase price was $85.00. On February 1, 2012, Investor C sold its remaining interest in the Certificate. The sales price was $12.50. Table A indicates that the price on the Date of Suit was $20.9958.

> (1)      Step 1: Investor C uses Table B to determine that the Factor on the date of purchase (October 1, 2007) is 0.990022. Therefore, Original Principal Amount = $100,000.00 x 0.990022 x (85.00/100) = $84,151.87.

> (2)      Steps 2 and 3: Investor C conducts independent summations of Principal Payments Received and Amount Received on Sale for both (1) the Date of Suit; and (2) the Date of Actual Sale. Investor C shall use the greater of the sums in Step 4.

>> (a)      Date of Suit

>> Investor C first uses Table C to determine that the WFFs on the purchase date and the Date of Suit are 0.988309 and 0.948485, respectively. Therefore, Principal Payments Received as of Date of Suit = $100,000.00 x (0.988309 - 0.948485) = $3,982.40.

>> Investor C then uses Table A to determine that the price on the Date of Suit was $20.9958. Investor C uses Table B to determine that the Factor on the Date of Suit was 0.950491. Therefore, Amount Received on Sale on the Date of Suit = $100,000.00 x 0.950491 x (20.9958/100) = $19,956.32.

>> The sum of Steps 2 and 3 for the Date of Suit is $3,982.40 + $19,956.32 = $23,938.72.

>> (b)      Date of Actual Sale

>> Investor C first uses Table C to determine that the WFFs on the purchase date and Date of Actual Sale are 0.988309 and 0.914234, respectively. Therefore, Principal Payments Received as of Date of Actual Sale = $100,000.00 x (0.988309 - 0.914234) = $7,407.50.

>> Investor C uses the actual sales price of $12.50. Investor C uses Table B to determine that the Factor on the Date of Actual Sale was 0.148386. Therefore, Amount Received on Sale on the Date of Actual Sale = $100,000.00 x 0.148386 x ($12.50/100) = $1,854.83.

5

The sum of Steps 2 and 3 for the Date of Actual Sale is $7,407.50 + $1,854.83 = $9,262.33.

Investor C shall use $23,938.72 (rather than $9,262.33) in Step 4.

(3)     Step 4: Investor C uses the results of Steps 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount.

Original Principal Amount less the greater of the sums from Steps 2 and 3 above (i.e., Principal Payments Received + Amount Received on Sale) = $84,151.87 - $23,938.72 = $60,213.15.

Investor C's Recognized Loss Amount is $60,213.15.

13.     **Exchangeable Certificates**: Certain of the Offerings included classes of Certificates that could be exchanged (typically referred to as "REMIC Certificates") into and from certain other classes of Certificates that were not sold as of the date of such Offerings (typically referred to as "Exchangeable Certificates") based on predefined certificate exchange relationships described in the Offering Documents.[5]  For purposes of determining the Recognized Loss Amount or Recognized Gain Amount for an Eligible Certificate that was exchanged by a Claimant, the exchange transaction will not be treated as a separate purchase or sale for which a distinct Recognized Loss Amount or Recognized Gain Amount would be claimed, but will instead be treated as a component of the Recognized Loss Amount or Recognized Gain Amount that is attributable to the Claimant's original acquisition of the Eligible Certificate.  Thus, each leg (pre-exchange and post-exchange) of a Claimant's ownership resulting from the acquisition of an Eligible Certificate will have a Recognized Loss Amount or Recognized Gain Amount that reflects the financial parameters, such as Factor, WFF and price, of that specific component of the total ownership period, and those components will be aggregated to calculate the Recognized Loss Amount or Recognized Gain Amount for the original Eligible Certificate.  The exchange transaction will be assumed, both for purposes of calculating the Original Principal Amount of the Certificate exchanged to and the Amount Received from Sale of the Certificate exchanged from, to occur at a price of $0.00.

The calculation of Recognized Gain Amount or Recognized Loss Amounts for Exchangeable Certificates will otherwise be the same as for any other Certificate, as described above.  Summary examples of the Recognized Loss Amount or Recognized Gain Amount calculations for Certificates involved in exchange transactions, using the same methodologies set forth above, can be found at www.jpmcertificatesettlement.com.

III.     **CALCULATION OF THE CLAIMANT'S RECOGNIZED CLAIM AND DISTRIBUTION AMOUNT**

14.     For each Certificate, a Claimant's Net Recognized Loss will be calculated by totaling all of the Claimant's Recognized Loss Amounts for a Certificate and subtracting from that total all Recognized Gain Amounts for the same Certificate.  If this calculation results in a positive number, that figure will be the Claimant's Net Recognized Loss for that Certificate.  If the calculation results in a negative number, the Claimant's Net Recognized Loss for that Certificate will be zero and the Claimant will not receive any recovery from the Net Settlement Fund as a result of its purchases or acquisitions of that Certificate.

---

[5]  These Certificates were sold in the following Offerings:  JPMMT 2006-A6, JPMMT 2006-A7, JPMMT 2006-S2, JPMMT 2007-A1, JPMMT 2007-A2 and JPMMT 2007-S1.

15.     A Claimant's "Recognized Claim" is the sum of all that Claimant's Net Recognized Losses for all of the Certificates.

16.     The Net Settlement Fund will be distributed to Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Claimant, which shall be the Claimant's Recognized Claim divided by the total Recognized Claims of all Claimants, multiplied by the total amount in the Net Settlement Fund. If any Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Claimant.   The Recognized Claims of any Claimants whose Distribution Amounts would be less than $10.00 are then excluded and the total Recognized Claims of all other Claimants are totaled to determine the *pro rata* Distribution Amounts for the Authorized Claimants who will receive $10.00 or more.

TABLE A:  PoA EXHIBIT

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 1. | J.P. Morgan Alternative Loan Trust 2006-A1  1A1 | 46627MCS4 | 3/26/2008 | $100.0000 | $63.2672 |
| 2. | J.P. Morgan Alternative Loan Trust 2006-A1  1A2 | 46627MCT2 | 3/26/2008 | $100.0000 | $53.5506 |
| 3. | J.P. Morgan Alternative Loan Trust 2006-A1  2A1 | 46627MCU9 | 3/26/2008 | $100.0000 | $79.0092 |
| 4. | J.P. Morgan Alternative Loan Trust 2006-A1  2A2 | 46627MCV7 | 3/26/2008 | $100.0000 | $81.7796 |
| 5. | J.P. Morgan Alternative Loan Trust 2006-A1  2A3 | 46627MCW5 | 3/26/2008 | $100.0000 | $68.7015 |
| 6. | J.P. Morgan Alternative Loan Trust 2006-A1  2AX | 46627MCX3 | 3/26/2008 | $0.2500 | $0.2165 |
| 7. | J.P. Morgan Alternative Loan Trust 2006-A1  3A1 | 46627MCY1 | 3/26/2008 | $100.0000 | $83.5298 |
| 8. | J.P. Morgan Alternative Loan Trust 2006-A1  3A2 | 46627MCZ8 | 3/26/2008 | $100.0000 | $72.0058 |
| 9. | J.P. Morgan Alternative Loan Trust 2006-A1  4A1 | 46627MDA2 | 3/26/2008 | $100.0000 | $75.3602 |
| 10. | J.P. Morgan Alternative Loan Trust 2006-A1  4A2 | 46627MDB0 | 3/26/2008 | $100.0000 | $78.3265 |
| 11. | J.P. Morgan Alternative Loan Trust 2006-A1  4A3 | 46627MDC8 | 3/26/2008 | $100.0000 | $86.4605 |
| 12. | J.P. Morgan Alternative Loan Trust 2006-A1  4A4 | 46627MDD6 | 3/26/2008 | $100.0000 | $61.2068 |
| 13. | J.P. Morgan Alternative Loan Trust 2006-A1  4AX | 46627MDE4 | 3/26/2008 | $2.0000 | $1.1250 |
| 14. | J.P. Morgan Alternative Loan Trust 2006-A1  5A1 | 46627MDF1 | 3/26/2008 | $100.0000 | $101.8128 |
| 15. | J.P. Morgan Alternative Loan Trust 2006-A1  5A2 | 46627MDG9 | 3/26/2008 | $100.0000 | $101.7818 |
| 16. | J.P. Morgan Alternative Loan Trust 2006-A1  CB1 | 46627MDH7 | 3/26/2008 | $100.0000 | $99.8149 |
| 17. | J.P. Morgan Alternative Loan Trust 2006-A1  CB2 | 46627MDJ3 | 3/26/2008 | $100.0000 | $44.2417 |
| 18. | J.P. Morgan Alternative Loan Trust 2006-A1  CB3 | 46627MDK0 | 3/26/2008 | $100.0000 | $14.5075 |
| 19. | J.P. Morgan Alternative Loan Trust 2006-A1  1M1 | 46627MDL8 | 3/26/2008 | $100.0000 | $32.0410 |
| 20. | J.P. Morgan Alternative Loan Trust 2006-A1  1M2 | 46627MDM6 | 3/26/2008 | $100.0000 | $6.7687 |
| 21. | J.P. Morgan Alternative Loan Trust 2006-A1  1B1 | 46627MDN4 | 3/26/2008 | $100.0000 | $4.4852 |
| 22. | J.P. Morgan Alternative Loan Trust 2006-A1  1B2 | 46627MDP9 | 3/26/2008 | $100.0000 | $3.2573 |
| 23. | J.P. Morgan Alternative Loan Trust 2006-A2  1A1 | 46628GAA7 | 3/26/2008 | $100.0000 | $64.1871 |
| 24. | J.P. Morgan Alternative Loan Trust 2006-A2  1A2 | 46628GAB5 | 3/26/2008 | $100.0000 | $93.9756 |
| 25. | J.P. Morgan Alternative Loan Trust 2006-A2  1A3 | 46628GAC3 | 3/26/2008 | $100.0000 | $63.2842 |
| 26. | J.P. Morgan Alternative Loan Trust 2006-A2  1A4 | 46628GAD1 | 3/26/2008 | $100.0000 | $59.9589 |
| 27. | J.P. Morgan Alternative Loan Trust 2006-A2  1A5 | 46628GAE9 | 3/26/2008 | $100.0000 | $53.9914 |
| 28. | J.P. Morgan Alternative Loan Trust 2006-A2  2A1 | 46628GAF6 | 3/26/2008 | $100.0000 | $83.5939 |
| 29. | J.P. Morgan Alternative Loan Trust 2006-A2  2A2 | 46628GAG4 | 3/26/2008 | $100.0000 | $90.1528 |
| 30. | J.P. Morgan Alternative Loan Trust 2006-A2  2A3 | 46628GAH2 | 3/26/2008 | $100.0000 | $78.3477 |
| 31. | J.P. Morgan Alternative Loan Trust 2006-A2  2A4 | 46628GAJ8 | 3/26/2008 | $100.0000 | $75.4252 |
| 32. | J.P. Morgan Alternative Loan Trust 2006-A2  2A5 | 46628GAK5 | 3/26/2008 | $100.0000 | $70.3155 |
| 33. | J.P. Morgan Alternative Loan Trust 2006-A2  3A1 | 46628GAL3 | 3/26/2008 | $100.0000 | $81.3439 |
| 34. | J.P. Morgan Alternative Loan Trust 2006-A2  3A2 | 46628GAM1 | 3/26/2008 | $100.0000 | $65.9027 |
| 35. | J.P. Morgan Alternative Loan Trust 2006-A2  4A1 | 46628GAN9 | 3/26/2008 | $100.0000 | $74.4301 |
| 36. | J.P. Morgan Alternative Loan Trust 2006-A2  4A2 | 46628GAP4 | 3/26/2008 | $100.0000 | $59.1464 |
| 37. | J.P. Morgan Alternative Loan Trust 2006-A2  5A1 | 46628GAQ2 | 3/26/2008 | $100.0000 | $70.9052 |
| 38. | J.P. Morgan Alternative Loan Trust 2006-A2  5A2 | 46628GAR0 | 3/26/2008 | $100.0000 | $66.2318 |
| 39. | J.P. Morgan Alternative Loan Trust 2006-A2  CB1 | 46628GAS8 | 3/26/2008 | $100.0000 | $81.8873 |
| 40. | J.P. Morgan Alternative Loan Trust 2006-A2  CB2 | 46628GAT6 | 3/26/2008 | $100.0000 | $19.3212 |
| 41. | J.P. Morgan Alternative Loan Trust 2006-A2  CB3 | 46628GAU3 | 3/26/2008 | $100.0000 | $11.3861 |
| 42. | J.P. Morgan Alternative Loan Trust 2006-A2  1M1 | 46628GAV1 | 3/26/2008 | $100.0000 | $28.0687 |
| 43. | J.P. Morgan Alternative Loan Trust 2006-A2  1M2 | 46628GAW9 | 3/26/2008 | $100.0000 | $27.3794 |
| 44. | J.P. Morgan Alternative Loan Trust 2006-A2  1B1 | 46628GAX7 | 3/26/2008 | $100.0000 | $30.6314 |
| 45. | J.P. Morgan Alternative Loan Trust 2006-A2  1B2 | 46628GAY5 | 3/26/2008 | $100.0000 | $35.1799 |
| 46. | J.P. Morgan Alternative Loan Trust 2006-A3  1A1 | 46628UAA6 | 3/26/2008 | $100.0000 | $64.9777 |
| 47. | J.P. Morgan Alternative Loan Trust 2006-A3  1A2 | 46628UAB4 | 3/26/2008 | $100.0000 | $93.2111 |
| 48. | J.P. Morgan Alternative Loan Trust 2006-A3  1A3 | 46628UAC2 | 3/26/2008 | $100.0000 | $63.2875 |
| 49. | J.P. Morgan Alternative Loan Trust 2006-A3  1A4 | 46628UAD0 | 3/26/2008 | $100.0000 | $60.1719 |
| 50. | J.P. Morgan Alternative Loan Trust 2006-A3  1A5 | 46628UAE8 | 3/26/2008 | $100.0000 | $53.5981 |
| 51. | J.P. Morgan Alternative Loan Trust 2006-A3  2A1 | 46628UAF5 | 3/26/2008 | $100.0000 | $81.2282 |
| 52. | J.P. Morgan Alternative Loan Trust 2006-A3  2A2 | 46628UAG3 | 3/26/2008 | $100.0000 | $73.8766 |
| 53. | J.P. Morgan Alternative Loan Trust 2006-A3  3A1 | 46628UAH1 | 3/26/2008 | $100.0000 | $83.1207 |
| 54. | J.P. Morgan Alternative Loan Trust 2006-A3  3A2 | 46628UAJ7 | 3/26/2008 | $100.0000 | $75.5978 |
| 55. | J.P. Morgan Alternative Loan Trust 2006-A3  CB1 | 46628UAK4 | 3/26/2008 | $100.0000 | $83.0834 |
| 56. | J.P. Morgan Alternative Loan Trust 2006-A3  CB2 | 46628UAL2 | 3/26/2008 | $100.0000 | $21.4201 |
| 57. | J.P. Morgan Alternative Loan Trust 2006-A3  CB3 | 46628UAM0 | 3/26/2008 | $100.0000 | $12.7286 |
| 58. | J.P. Morgan Alternative Loan Trust 2006-A3  1M1 | 46628UAN8 | 3/26/2008 | $100.0000 | $48.5175 |
| 59. | J.P. Morgan Alternative Loan Trust 2006-A3  1M2 | 46628UAP3 | 3/26/2008 | $100.0000 | $47.1487 |
| 60. | J.P. Morgan Alternative Loan Trust 2006-A3  1B1 | 46628UAQ1 | 3/26/2008 | $100.0000 | $51.7442 |
| 61. | J.P. Morgan Alternative Loan Trust 2006-A3  1B2 | 46628UAR9 | 3/26/2008 | $100.0000 | $59.8053 |
| 62. | J.P. Morgan Alternative Loan Trust 2006-A4  A1 | 46629EAA1 | 3/26/2008 | $100.0000 | $88.0098 |
| 63. | J.P. Morgan Alternative Loan Trust 2006-A4  A2 | 46629EAB9 | 3/26/2008 | $100.0000 | $86.3362 |
| 64. | J.P. Morgan Alternative Loan Trust 2006-A4  A3 | 46629EAC7 | 3/26/2008 | $100.0000 | $55.3023 |
| 65. | J.P. Morgan Alternative Loan Trust 2006-A4  A4 | 46629EAD5 | 3/26/2008 | $100.0000 | $95.5301 |
| 66. | J.P. Morgan Alternative Loan Trust 2006-A4  A5 | 46629EAE3 | 3/26/2008 | $100.0000 | $50.9243 |
| 67. | J.P. Morgan Alternative Loan Trust 2006-A4  A6 | 46629EAF0 | 3/26/2008 | $100.0000 | $88.1819 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering  Price | Date of Suit Price |
|---|---|---|---|---|---|
| 68. | J.P. Morgan Alternative Loan Trust 2006-A4  A7 | 46629EAG8 | 3/26/2008 | $100.0000 | $74.8612 |
| 69. | J.P. Morgan Alternative Loan Trust 2006-A4  A8 | 46629EAH6 | 3/26/2008 | $100.0000 | $88.3589 |
| 70. | J.P. Morgan Alternative Loan Trust 2006-A4  A9 | 46629EAJ2 | 3/26/2008 | $100.0000 | $88.2578 |
| 71. | J.P. Morgan Alternative Loan Trust 2006-A4  M1 | 46629EAK9 | 3/26/2008 | $100.0000 | $68.1655 |
| 72. | J.P. Morgan Alternative Loan Trust 2006-A4  M2 | 46629EAL7 | 3/26/2008 | $100.0000 | $66.8539 |
| 73. | J.P. Morgan Alternative Loan Trust 2006-A4  B1 | 46629EAM5 | 3/26/2008 | $100.0000 | $66.0479 |
| 74. | J.P. Morgan Alternative Loan Trust 2006-A4  B2 | 46629EAN3 | 3/26/2008 | $100.0000 | $65.6129 |
| 75. | J.P. Morgan Alternative Loan Trust 2006-A5  1A1 | 466284AA4 | 3/26/2008 | $100.0000 | $65.2601 |
| 76. | J.P. Morgan Alternative Loan Trust 2006-A5  1A2 | 466284AB2 | 3/26/2008 | $100.0000 | $96.8751 |
| 77. | J.P. Morgan Alternative Loan Trust 2006-A5  1A3 | 466284AC0 | 3/26/2008 | $100.0000 | $64.6811 |
| 78. | J.P. Morgan Alternative Loan Trust 2006-A5  1A4 | 466284AD8 | 3/26/2008 | $100.0000 | $60.3878 |
| 79. | J.P. Morgan Alternative Loan Trust 2006-A5  1A5 | 466284AE6 | 3/26/2008 | $100.0000 | $55.8979 |
| 80. | J.P. Morgan Alternative Loan Trust 2006-A5  1M1 | 466284AF3 | 3/26/2008 | $100.0000 | $35.4677 |
| 81. | J.P. Morgan Alternative Loan Trust 2006-A5  1M2 | 466284AG1 | 3/26/2008 | $100.0000 | $97.7444 |
| 82. | J.P. Morgan Alternative Loan Trust 2006-A5  1B1 | 466284AH9 | 3/26/2008 | $100.0000 | $4.2474 |
| 83. | J.P. Morgan Alternative Loan Trust 2006-A5  1B2 | 466284AJ5 | 3/26/2008 | $100.0000 | $3.6852 |
| 84. | J.P. Morgan Alternative Loan Trust 2006-A5  2A1 | 466284AL0 | 3/26/2008 | $100.0000 | $99.6492 |
| 85. | J.P. Morgan Alternative Loan Trust 2006-A5  2A2 | 466284AM8 | 3/26/2008 | $100.0000 | $99.2297 |
| 86. | J.P. Morgan Alternative Loan Trust 2006-A5  2A3 | 466284AN6 | 3/26/2008 | $100.0000 | $100.0036 |
| 87. | J.P. Morgan Alternative Loan Trust 2006-A5  2A4 | 466284AP1 | 3/26/2008 | $100.0000 | $100.4544 |
| 88. | J.P. Morgan Alternative Loan Trust 2006-A5  2A5 | 466284AQ9 | 3/26/2008 | $100.0000 | $90.0838 |
| 89. | J.P. Morgan Alternative Loan Trust 2006-A5  2A6 | 466284AR7 | 3/26/2008 | $100.0000 | $82.6361 |
| 90. | J.P. Morgan Alternative Loan Trust 2006-A5  2A7 | 466284AS5 | 3/26/2008 | $100.0000 | $98.2798 |
| 91. | J.P. Morgan Alternative Loan Trust 2006-A5  2A8 | 466284AT3 | 3/26/2008 | $100.0000 | $92.7974 |
| 92. | J.P. Morgan Alternative Loan Trust 2006-A5  2M1 | 466284AV8 | 3/26/2008 | $100.0000 | $47.7080 |
| 93. | J.P. Morgan Alternative Loan Trust 2006-A5  2M2 | 466284AW6 | 3/26/2008 | $100.0000 | $40.4886 |
| 94. | J.P. Morgan Alternative Loan Trust 2006-A5  2B1 | 466284AX4 | 3/26/2008 | $100.0000 | $17.1546 |
| 95. | J.P. Morgan Alternative Loan Trust 2006-A5  2B2 | 466284AY2 | 3/26/2008 | $100.0000 | $11.4810 |
| 96. | J.P. Morgan Alternative Loan Trust 2006-A7  1A1 | 466286AA9 | 3/26/2008 | $100.0000 | $64.1292 |
| 97. | J.P. Morgan Alternative Loan Trust 2006-A7  1A2 | 466286AB7 | 3/26/2008 | $100.0000 | $88.5929 |
| 98. | J.P. Morgan Alternative Loan Trust 2006-A7  1A3 | 466286AC5 | 3/26/2008 | $100.0000 | $63.8429 |
| 99. | J.P. Morgan Alternative Loan Trust 2006-A7  1A4 | 466286AD3 | 3/26/2008 | $100.0000 | $63.0776 |
| 100. | J.P. Morgan Alternative Loan Trust 2006-A7  1A5 | 466286AE1 | 3/26/2008 | $100.0000 | $53.2169 |
| 101. | J.P. Morgan Alternative Loan Trust 2006-A7  1M1 | 466286AF8 | 3/26/2008 | $100.0000 | $46.3989 |
| 102. | J.P. Morgan Alternative Loan Trust 2006-A7  1M2 | 466286AG6 | 3/26/2008 | $100.0000 | $46.0726 |
| 103. | J.P. Morgan Alternative Loan Trust 2006-A7  1M3 | 466286AH4 | 3/26/2008 | $100.0000 | $39.1099 |
| 104. | J.P. Morgan Alternative Loan Trust 2006-A7  1M4 | 466286AJ0 | 3/26/2008 | $100.0000 | $38.5735 |
| 105. | J.P. Morgan Alternative Loan Trust 2006-A7  1M5 | 466286AK7 | 3/26/2008 | $100.0000 | $38.5735 |
| 106. | J.P. Morgan Alternative Loan Trust 2006-A7  1B1 | 466286AL5 | 3/26/2008 | $100.0000 | $3.6655 |
| 107. | J.P. Morgan Alternative Loan Trust 2006-A7  1B2 | 466286AM3 | 3/26/2008 | $100.0000 | $3.1931 |
| 108. | J.P. Morgan Alternative Loan Trust 2006-A7  2A1 | 466286AP6 | 3/26/2008 | $100.0000 | $96.0435 |
| 109. | J.P. Morgan Alternative Loan Trust 2006-A7  2A2 | 466286AQ4 | 3/26/2008 | $100.0000 | $99.4955 |
| 110. | J.P. Morgan Alternative Loan Trust 2006-A7  2A3 | 466286AR2 | 3/26/2008 | $100.0000 | $95.3272 |
| 111. | J.P. Morgan Alternative Loan Trust 2006-A7  2A4 | 466286AS0 | 3/26/2008 | $100.0000 | $84.9159 |
| 112. | J.P. Morgan Alternative Loan Trust 2006-A7  2A5 | 466286AT8 | 3/26/2008 | $100.0000 | $79.5772 |
| 113. | J.P. Morgan Alternative Loan Trust 2006-A7  2A6 | 466286AU5 | 3/26/2008 | $100.0000 | $83.0552 |
| 114. | J.P. Morgan Alternative Loan Trust 2006-A7  2A7 | 466286AV3 | 3/26/2008 | $100.0000 | $91.8942 |
| 115. | J.P. Morgan Alternative Loan Trust 2006-A7  2A8 | 466286AW1 | 3/26/2008 | $100.0000 | $85.1801 |
| 116. | J.P. Morgan Alternative Loan Trust 2006-A7  2M1 | 466286AX9 | 3/26/2008 | $100.0000 | $45.9411 |
| 117. | J.P. Morgan Alternative Loan Trust 2006-A7  2M2 | 466286AY7 | 3/26/2008 | $100.0000 | $19.7662 |
| 118. | J.P. Morgan Alternative Loan Trust 2006-A7  2B1 | 466286AZ4 | 3/26/2008 | $100.0000 | $12.6054 |
| 119. | J.P. Morgan Alternative Loan Trust 2006-A7  2B2 | 466286BA8 | 3/26/2008 | $100.0000 | $9.5423 |
| 120. | J.P. Morgan Alternative Loan Trust 2006-S1  1A1 | 46627MDX2 | 3/26/2008 | $100.0000 | $89.8776 |
| 121. | J.P. Morgan Alternative Loan Trust 2006-S1  1A2 | 46627MDY0 | 3/26/2008 | $100.0000 | $90.7402 |
| 122. | J.P. Morgan Alternative Loan Trust 2006-S1  1A3 | 46627MDZ7 | 3/26/2008 | $100.0000 | $56.1308 |
| 123. | J.P. Morgan Alternative Loan Trust 2006-S1  1A4 | 46627MEA1 | 3/26/2008 | $100.0000 | $84.0709 |
| 124. | J.P. Morgan Alternative Loan Trust 2006-S1  1A5 | 46627MEB9 | 3/26/2008 | $100.0000 | $99.3293 |
| 125. | J.P. Morgan Alternative Loan Trust 2006-S1  1A6 | 46627MEC7 | 3/26/2008 | $100.0000 | $93.4044 |
| 126. | J.P. Morgan Alternative Loan Trust 2006-S1  1A7 | 46627MED5 | 3/26/2008 | $100.0000 | $84.2769 |
| 127. | J.P. Morgan Alternative Loan Trust 2006-S1  1A8 | 46627MEE3 | 3/26/2008 | $100.0000 | $78.0537 |
| 128. | J.P. Morgan Alternative Loan Trust 2006-S1  1A9 | 46627MEF0 | 3/26/2008 | $100.0000 | $56.8824 |
| 129. | J.P. Morgan Alternative Loan Trust 2006-S1  1A10 | 46627MEG8 | 3/26/2008 | $100.0000 | $39.2440 |
| 130. | J.P. Morgan Alternative Loan Trust 2006-S1  1A11 | 46627MEH6 | 3/26/2008 | $100.0000 | $89.6248 |
| 131. | J.P. Morgan Alternative Loan Trust 2006-S1  1A12 | 46627MEJ2 | 3/26/2008 | $100.0000 | $95.1690 |
| 132. | J.P. Morgan Alternative Loan Trust 2006-S1  1A13 | 46627MEK9 | 3/26/2008 | $100.0000 | $57.3798 |
| 133. | J.P. Morgan Alternative Loan Trust 2006-S1  1A14 | 46627MEL7 | 3/26/2008 | $100.0000 | $88.0011 |
| 134. | J.P. Morgan Alternative Loan Trust 2006-S1  1A15 | 46627MEM5 | 3/26/2008 | $100.0000 | $80.5649 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 135. | J.P. Morgan Alternative Loan Trust 2006-S1  1A16 | 46627MEN3 | 3/26/2008 | $100.0000 | $98.4451 |
| 136. | J.P. Morgan Alternative Loan Trust 2006-S1  1A17 | 46627MEP8 | 3/26/2008 | $100.0000 | $66.7695 |
| 137. | J.P. Morgan Alternative Loan Trust 2006-S1  1A18 | 46627MEQ6 | 3/26/2008 | $100.0000 | $89.0391 |
| 138. | J.P. Morgan Alternative Loan Trust 2006-S1  1A19 | 46627MER4 | 3/26/2008 | $100.0000 | $93.5505 |
| 139. | J.P. Morgan Alternative Loan Trust 2006-S1  2A1 | 46627MES2 | 3/26/2008 | $100.0000 | $95.7924 |
| 140. | J.P. Morgan Alternative Loan Trust 2006-S1  2A2 | 46627MET0 | 3/26/2008 | $100.0000 | $81.1453 |
| 141. | J.P. Morgan Alternative Loan Trust 2006-S1  2A3 | 46627MEU7 | 3/26/2008 | $100.0000 | $81.1453 |
| 142. | J.P. Morgan Alternative Loan Trust 2006-S1  2A4 | 46627MEV5 | 3/26/2008 | $100.0000 | $96.3189 |
| 143. | J.P. Morgan Alternative Loan Trust 2006-S1  2A5 | 46627MEW3 | 3/26/2008 | $100.0000 | $87.8936 |
| 144. | J.P. Morgan Alternative Loan Trust 2006-S1  2A6 | 46627MEX1 | 3/26/2008 | $100.0000 | $95.7489 |
| 145. | J.P. Morgan Alternative Loan Trust 2006-S1  AX | 46627MFG7 | 3/26/2008 | $15.7500 | $13.2901 |
| 146. | J.P. Morgan Alternative Loan Trust 2006-S1  AP | 46627MFH5 | 3/26/2008 | $71.0000 | $73.6622 |
| 147. | J.P. Morgan Alternative Loan Trust 2006-S1  B1 | 46627MFJ1 | 3/26/2008 | $100.0000 | $66.7904 |
| 148. | J.P. Morgan Alternative Loan Trust 2006-S1  B2 | 46627MFK8 | 3/26/2008 | $100.0000 | $59.1283 |
| 149. | J.P. Morgan Alternative Loan Trust 2006-S1  B3 | 46627MFL6 | 3/26/2008 | $100.0000 | $37.4866 |
| 150. | J.P. Morgan Alternative Loan Trust 2006-S1  3A1 | 46627MEY9 | 3/26/2008 | $100.0000 | $98.7779 |
| 151. | J.P. Morgan Alternative Loan Trust 2006-S1  3A1A | 46627MEZ6 | 3/26/2008 | $100.0000 | $100.2913 |
| 152. | J.P. Morgan Alternative Loan Trust 2006-S1  3A2 | 46627MFA0 | 3/26/2008 | $100.0000 | $92.7366 |
| 153. | J.P. Morgan Alternative Loan Trust 2006-S1  3A2A | 46627MFB8 | 3/26/2008 | $100.0000 | $96.8370 |
| 154. | J.P. Morgan Alternative Loan Trust 2006-S1  3A3 | 46627MFU6 | 3/26/2008 | $100.0000 | $89.0974 |
| 155. | J.P. Morgan Alternative Loan Trust 2006-S1  3A4 | 46627MFV4 | 3/26/2008 | $100.0000 | $77.2952 |
| 156. | J.P. Morgan Alternative Loan Trust 2006-S1  3A5 | 46627MFW2 | 3/26/2008 | $100.0000 | $91.8528 |
| 157. | J.P. Morgan Alternative Loan Trust 2006-S1  3M1 | 46627MFC6 | 3/26/2008 | $100.0000 | $83.9460 |
| 158. | J.P. Morgan Alternative Loan Trust 2006-S1  3M2 | 46627MFD4 | 3/26/2008 | $100.0000 | $75.5704 |
| 159. | J.P. Morgan Alternative Loan Trust 2006-S1  3B1 | 46627MFE2 | 3/26/2008 | $100.0000 | $58.8536 |
| 160. | J.P. Morgan Alternative Loan Trust 2006-S1  3B2 | 46627MFF9 | 3/26/2008 | $100.0000 | $58.8536 |
| 161. | J.P. Morgan Alternative Loan Trust 2006-S3  A1A | 46628VAA4 | 3/26/2008 | $100.0000 | $100.3144 |
| 162. | J.P. Morgan Alternative Loan Trust 2006-S3  A1B | 46628VAB2 | 3/26/2008 | $100.0000 | $99.4824 |
| 163. | J.P. Morgan Alternative Loan Trust 2006-S3  A2A | 46628VAC0 | 3/26/2008 | $100.0000 | $99.8739 |
| 164. | J.P. Morgan Alternative Loan Trust 2006-S3  A2B | 46628VAD8 | 3/26/2008 | $100.0000 | $97.3863 |
| 165. | J.P. Morgan Alternative Loan Trust 2006-S3  A3A | 46628VAE6 | 3/26/2008 | $100.0000 | $98.0032 |
| 166. | J.P. Morgan Alternative Loan Trust 2006-S3  A3B | 46628VAF3 | 3/26/2008 | $100.0000 | $93.3810 |
| 167. | J.P. Morgan Alternative Loan Trust 2006-S3  A4 | 46628VAG1 | 3/26/2008 | $100.0000 | $86.5558 |
| 168. | J.P. Morgan Alternative Loan Trust 2006-S3  A5 | 46628VAH9 | 3/26/2008 | $100.0000 | $82.2062 |
| 169. | J.P. Morgan Alternative Loan Trust 2006-S3  A6 | 46628VAJ5 | 3/26/2008 | $100.0000 | $98.1704 |
| 170. | J.P. Morgan Alternative Loan Trust 2006-S3  A7 | 46628VAK2 | 3/26/2008 | $100.0000 | $104.5714 |
| 171. | J.P. Morgan Alternative Loan Trust 2006-S3  M1 | 46628VAL0 | 3/26/2008 | $100.0000 | $89.3339 |
| 172. | J.P. Morgan Alternative Loan Trust 2006-S3  M2 | 46628VAM8 | 3/26/2008 | $100.0000 | $88.3780 |
| 173. | J.P. Morgan Alternative Loan Trust 2006-S3  M3 | 46628VAN6 | 3/26/2008 | $100.0000 | $88.6397 |
| 174. | J.P. Morgan Alternative Loan Trust 2006-S3  M4 | 46628VAP1 | 3/26/2008 | $100.0000 | $85.5482 |
| 175. | J.P. Morgan Alternative Loan Trust 2006-S3  M5 | 46628VAQ9 | 3/26/2008 | $100.0000 | $82.7860 |
| 176. | J.P. Morgan Alternative Loan Trust 2006-S3  M6 | 46628VAR7 | 3/26/2008 | $100.0000 | $80.3787 |
| 177. | J.P. Morgan Alternative Loan Trust 2006-S3  B1 | 46628VAS5 | 3/26/2008 | $100.0000 | $75.9132 |
| 178. | J.P. Morgan Alternative Loan Trust 2006-S3  B2 | 46628VAT3 | 3/26/2008 | $100.0000 | $68.2802 |
| 179. | J.P. Morgan Alternative Loan Trust 2006-S3  B3 | 46628VAU0 | 3/26/2008 | $100.0000 | $63.7585 |
| 180. | J.P. Morgan Alternative Loan Trust 2006-S4  A1A | 466302AA4 | 3/26/2008 | $100.0000 | $99.4299 |
| 181. | J.P. Morgan Alternative Loan Trust 2006-S4  A1B | 466302AB2 | 3/26/2008 | $100.0000 | $96.0693 |
| 182. | J.P. Morgan Alternative Loan Trust 2006-S4  A2A | 466302AC0 | 3/26/2008 | $100.0000 | $93.8923 |
| 183. | J.P. Morgan Alternative Loan Trust 2006-S4  A2B | 466302AD8 | 3/26/2008 | $100.0000 | $87.8610 |
| 184. | J.P. Morgan Alternative Loan Trust 2006-S4  A3A | 466302AE6 | 3/26/2008 | $100.0000 | $85.2883 |
| 185. | J.P. Morgan Alternative Loan Trust 2006-S4  A3B | 466302AF3 | 3/26/2008 | $100.0000 | $73.9516 |
| 186. | J.P. Morgan Alternative Loan Trust 2006-S4  A4 | 466302AG1 | 3/26/2008 | $100.0000 | $93.2608 |
| 187. | J.P. Morgan Alternative Loan Trust 2006-S4  A5 | 466302AH9 | 3/26/2008 | $100.0000 | $68.7917 |
| 188. | J.P. Morgan Alternative Loan Trust 2006-S4  A6 | 466302AJ5 | 3/26/2008 | $100.0000 | $71.9944 |
| 189. | J.P. Morgan Alternative Loan Trust 2006-S4  A7 | 466302AK2 | 3/26/2008 | $100.0000 | $96.3016 |
| 190. | J.P. Morgan Alternative Loan Trust 2006-S4  M1 | 466302AL0 | 3/26/2008 | $100.0000 | $70.4032 |
| 191. | J.P. Morgan Alternative Loan Trust 2006-S4  M2 | 466302AM8 | 3/26/2008 | $100.0000 | $68.7794 |
| 192. | J.P. Morgan Alternative Loan Trust 2006-S4  M3 | 466302AN6 | 3/26/2008 | $100.0000 | $64.9501 |
| 193. | J.P. Morgan Alternative Loan Trust 2006-S4  M4 | 466302AP1 | 3/26/2008 | $100.0000 | $61.1240 |
| 194. | J.P. Morgan Alternative Loan Trust 2006-S4  M5 | 466302AQ9 | 3/26/2008 | $100.0000 | $57.8089 |
| 195. | J.P. Morgan Alternative Loan Trust 2006-S4  M6 | 466302AR7 | 3/26/2008 | $100.0000 | $51.7756 |
| 196. | J.P. Morgan Alternative Loan Trust 2006-S4  B1 | 466302AS5 | 3/26/2008 | $100.0000 | $51.7756 |
| 197. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AF1A | 46629QAA4 | 3/26/2008 | $100.0000 | $95.1263 |
| 198. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AF1B | 46629QAB2 | 3/26/2008 | $100.0000 | $97.2509 |
| 199. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AF2 | 46629QAC0 | 3/26/2008 | $100.0000 | $92.4362 |
| 200. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AF3 | 46629QAD8 | 3/26/2008 | $100.0000 | $85.6383 |
| 201. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AF4 | 46629QAE6 | 3/26/2008 | $100.0000 | $74.9316 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 202. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AF5 | 46629QAF3 | 3/26/2008 | $100.0000 | $56.0245 |
| 203. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AG1 | 46629QAG1 | 3/26/2008 | $100.0000 | $75.5692 |
| 204. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF1 | 46629QAH9 | 3/26/2008 | $100.0000 | $39.2991 |
| 205. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF2 | 46629QAJ5 | 3/26/2008 | $100.0000 | $34.1552 |
| 206. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF3 | 46629QAK2 | 3/26/2008 | $100.0000 | $33.1351 |
| 207. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF4 | 46629QAL0 | 3/26/2008 | $100.0000 | $30.8575 |
| 208. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF5 | 46629QAM8 | 3/26/2008 | $100.0000 | $27.2191 |
| 209. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF6 | 46629QAN6 | 3/26/2008 | $100.0000 | $23.1964 |
| 210. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF7 | 46629QAP1 | 3/26/2008 | $100.0000 | $23.1964 |
| 211. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF8 | 46629QAQ9 | 3/26/2008 | $100.0000 | $23.1964 |
| 212. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MF9 | 46629QAR7 | 3/26/2008 | $100.0000 | $23.1964 |
| 213. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AV1 | 46629QAS5 | 3/26/2008 | $100.0000 | $74.7183 |
| 214. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AV2 | 46629QAT3 | 3/26/2008 | $100.0000 | $93.0405 |
| 215. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AV3 | 46629QAU0 | 3/26/2008 | $100.0000 | $80.9044 |
| 216. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AV4 | 46629QAV8 | 3/26/2008 | $100.0000 | $64.2337 |
| 217. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  AV5 | 46629QAW6 | 3/26/2008 | $100.0000 | $49.2464 |
| 218. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV1 | 46629QAX4 | 3/26/2008 | $100.0000 | $39.6509 |
| 219. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV2 | 46629QAY2 | 3/26/2008 | $100.0000 | $24.2963 |
| 220. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV3 | 46629QAZ9 | 3/26/2008 | $100.0000 | $15.3683 |
| 221. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV4 | 46629QBA3 | 3/26/2008 | $100.0000 | $15.9222 |
| 222. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV5 | 46629QBB1 | 3/26/2008 | $100.0000 | $12.5413 |
| 223. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV6 | 46629QBC9 | 3/26/2008 | $100.0000 | $11.7475 |
| 224. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV7 | 46629QBD7 | 3/26/2008 | $100.0000 | $11.0033 |
| 225. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV8 | 46629QBE5 | 3/26/2008 | $100.0000 | $10.5611 |
| 226. | J.P. Morgan Mortgage Acquisition Trust 2006-CH2  MV9 | 46629QBF2 | 3/26/2008 | $100.0000 | $10.5611 |
| 227. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  A1A | 46629NAA1 | 3/26/2008 | $100.0000 | $82.0638 |
| 228. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  A1B | 46629NAB9 | 3/26/2008 | $100.0000 | $54.1726 |
| 229. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  A2 | 46629NAC7 | 3/26/2008 | $100.0000 | $93.6113 |
| 230. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  A3 | 46629NAD5 | 3/26/2008 | $100.0000 | $72.9109 |
| 231. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  A4 | 46629NAE3 | 3/26/2008 | $100.0000 | $61.2353 |
| 232. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  A5 | 46629NAF0 | 3/26/2008 | $100.0000 | $55.0468 |
| 233. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M1 | 46629NAG8 | 3/26/2008 | $100.0000 | $25.3139 |
| 234. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M2 | 46629NAH6 | 3/26/2008 | $100.0000 | $22.9253 |
| 235. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M3 | 46629NAJ2 | 3/26/2008 | $100.0000 | $17.5972 |
| 236. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M4 | 46629NAK9 | 3/26/2008 | $100.0000 | $15.1858 |
| 237. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M5 | 46629NAL7 | 3/26/2008 | $100.0000 | $12.5278 |
| 238. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M6 | 46629NAM5 | 3/26/2008 | $100.0000 | $8.3754 |
| 239. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M7 | 46629NAN3 | 3/26/2008 | $100.0000 | $6.3469 |
| 240. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M8 | 46629NAP8 | 3/26/2008 | $100.0000 | $5.5246 |
| 241. | J.P. Morgan Mortgage Acquisition Trust 2006-RM1  M9 | 46629NAQ6 | 3/26/2008 | $100.0000 | $5.5246 |
| 242. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF1A | 46630LAA2 | 3/26/2008 | $100.0000 | $97.5570 |
| 243. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF1B | 46630LAB0 | 3/26/2008 | $100.0000 | $99.3436 |
| 244. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF2 | 46630LAC8 | 3/26/2008 | $100.0000 | $99.5665 |
| 245. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF3 | 46630LAD6 | 3/26/2008 | $100.0000 | $96.9741 |
| 246. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF4 | 46630LAE4 | 3/26/2008 | $100.0000 | $93.5054 |
| 247. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF5 | 46630LAF1 | 3/26/2008 | $100.0000 | $81.1471 |
| 248. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AF6 | 46630LAG9 | 3/26/2008 | $100.0000 | $92.1093 |
| 249. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF1 | 46630LAH7 | 3/26/2008 | $100.0000 | $53.8246 |
| 250. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF2 | 46630LAJ3 | 3/26/2008 | $100.0000 | $47.9716 |
| 251. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF3 | 46630LAK0 | 3/26/2008 | $100.0000 | $41.5105 |
| 252. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF4 | 46630LAL8 | 3/26/2008 | $100.0000 | $35.7009 |
| 253. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF5 | 46630LAM6 | 3/26/2008 | $100.0000 | $32.7165 |
| 254. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF6 | 46630LAN4 | 3/26/2008 | $100.0000 | $30.5225 |
| 255. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF7 | 46630LAP9 | 3/26/2008 | $100.0000 | $23.9673 |
| 256. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF8 | 46630LAQ7 | 3/26/2008 | $100.0000 | $23.9673 |
| 257. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MF9 | 46630LAR5 | 3/26/2008 | $100.0000 | $23.9673 |
| 258. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AV1 | 46630LAS3 | 3/26/2008 | $100.0000 | $87.1752 |
| 259. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AV2 | 46630LAT1 | 3/26/2008 | $100.0000 | $94.5703 |
| 260. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AV3 | 46630LAU8 | 3/26/2008 | $100.0000 | $84.8170 |
| 261. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AV4 | 46630LAV6 | 3/26/2008 | $100.0000 | $79.7209 |
| 262. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  AV5 | 46630LAW4 | 3/26/2008 | $100.0000 | $57.5304 |
| 263. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV1 | 46630LAX2 | 3/26/2008 | $100.0000 | $75.3009 |
| 264. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV2 | 46630LAY0 | 3/26/2008 | $100.0000 | $61.6449 |
| 265. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV3 | 46630LAZ7 | 3/26/2008 | $100.0000 | $38.0854 |
| 266. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV4 | 46630LBA1 | 3/26/2008 | $100.0000 | $36.4999 |
| 267. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV5 | 46630LBB9 | 3/26/2008 | $100.0000 | $33.9264 |
| 268. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV6 | 46630LBC7 | 3/26/2008 | $100.0000 | $19.8157 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 269. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV7 | 46630LBD5 | 3/26/2008 | $100.0000 | $23.4429 |
| 270. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV8 | 46630LBE3 | 3/26/2008 | $100.0000 | $23.4429 |
| 271. | J.P. Morgan Mortgage Acquisition Trust 2007-CH1  MV9 | 46630LBF0 | 3/26/2008 | $100.0000 | $23.4429 |
| 272. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF1A | 46630MAA0 | 3/26/2008 | $100.0000 | $95.8270 |
| 273. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF1B | 46630MAB8 | 3/26/2008 | $100.0000 | $99.0195 |
| 274. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF2 | 46630MAC6 | 3/26/2008 | $100.0000 | $95.6435 |
| 275. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF3 | 46630MAD4 | 3/26/2008 | $100.0000 | $88.3849 |
| 276. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF4 | 46630MAE2 | 3/26/2008 | $100.0000 | $82.3681 |
| 277. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF5 | 46630MAF9 | 3/26/2008 | $100.0000 | $61.3015 |
| 278. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AF6 | 46630MAG7 | 3/26/2008 | $100.0000 | $87.4309 |
| 279. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF1 | 46630MAH5 | 3/26/2008 | $100.0000 | $38.6004 |
| 280. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF2 | 46630MAJ1 | 3/26/2008 | $100.0000 | $34.5219 |
| 281. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF3 | 46630MAK8 | 3/26/2008 | $100.0000 | $33.6543 |
| 282. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF4 | 46630MAL6 | 3/26/2008 | $100.0000 | $29.9199 |
| 283. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF5 | 46630MAM4 | 3/26/2008 | $100.0000 | $27.3875 |
| 284. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF6 | 46630MAN2 | 3/26/2008 | $100.0000 | $18.0663 |
| 285. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF7 | 46630MAP7 | 3/26/2008 | $100.0000 | $18.0663 |
| 286. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF8 | 46630MAQ5 | 3/26/2008 | $100.0000 | $18.0663 |
| 287. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MF9 | 46630MAR3 | 3/26/2008 | $100.0000 | $18.0663 |
| 288. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AV1 | 46630MAS1 | 3/26/2008 | $100.0000 | $80.5126 |
| 289. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AV2 | 46630MAT9 | 3/26/2008 | $100.0000 | $93.1470 |
| 290. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AV3 | 46630MAU6 | 3/26/2008 | $100.0000 | $78.8136 |
| 291. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AV4 | 46630MAV4 | 3/26/2008 | $100.0000 | $71.1655 |
| 292. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  AV5 | 46630MAW2 | 3/26/2008 | $100.0000 | $55.3863 |
| 293. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV1 | 46630MAX0 | 3/26/2008 | $100.0000 | $33.9300 |
| 294. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV2 | 46630MAY8 | 3/26/2008 | $100.0000 | $22.7918 |
| 295. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV3 | 46630MAZ5 | 3/26/2008 | $100.0000 | $22.1213 |
| 296. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV4 | 46630MBA9 | 3/26/2008 | $100.0000 | $19.9030 |
| 297. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV5 | 46630MBB7 | 3/26/2008 | $100.0000 | $19.1948 |
| 298. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV6 | 46630MBC5 | 3/26/2008 | $100.0000 | $16.4459 |
| 299. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV7 | 46630MBD3 | 3/26/2008 | $100.0000 | $14.9351 |
| 300. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV8 | 46630MBE1 | 3/26/2008 | $100.0000 | $14.9351 |
| 301. | J.P. Morgan Mortgage Acquisition Trust 2007-CH2  MV9 | 46630MBF8 | 3/26/2008 | $100.0000 | $14.9351 |
| 302. | J.P. Morgan Mortgage Trust 2006-A1  1A1 | 466247E33 | 3/8/2010 | $100.0000 | $90.6099 |
| 303. | J.P. Morgan Mortgage Trust 2006-A1  1A2 | 466247E41 | 3/8/2010 | $100.0000 | $71.2686 |
| 304. | J.P. Morgan Mortgage Trust 2006-A1  1A3 | 466247E58 | 3/8/2010 | $100.0000 | $26.7602 |
| 305. | J.P. Morgan Mortgage Trust 2006-A1  2A1 | 466247E66 | 3/8/2010 | $100.0000 | $78.3232 |
| 306. | J.P. Morgan Mortgage Trust 2006-A1  2A2 | 466247E74 | 3/8/2010 | $100.0000 | $90.8600 |
| 307. | J.P. Morgan Mortgage Trust 2006-A1  2A3 | 466247E82 | 3/8/2010 | $100.0000 | $77.3860 |
| 308. | J.P. Morgan Mortgage Trust 2006-A1  2A4 | 466247E90 | 3/8/2010 | $100.0000 | $74.1874 |
| 309. | J.P. Morgan Mortgage Trust 2006-A1  2A5 | 466247F24 | 3/8/2010 | $100.0000 | $22.1683 |
| 310. | J.P. Morgan Mortgage Trust 2006-A1  3A1 | 466247F40 | 3/8/2010 | $100.0000 | $95.5146 |
| 311. | J.P. Morgan Mortgage Trust 2006-A1  3A2 | 466247F57 | 3/8/2010 | $100.0000 | $81.6694 |
| 312. | J.P. Morgan Mortgage Trust 2006-A1  3A3 | 466247F65 | 3/8/2010 | $100.0000 | $66.1928 |
| 313. | J.P. Morgan Mortgage Trust 2006-A1  3A4 | 466247F73 | 3/8/2010 | $100.0000 | $26.4858 |
| 314. | J.P. Morgan Mortgage Trust 2006-A1  3AX | 466247F81 | 3/8/2010 | $0.8750 | $0.1780 |
| 315. | J.P. Morgan Mortgage Trust 2006-A1  B1 | 466247F99 | 3/8/2010 | $100.0000 | $8.8065 |
| 316. | J.P. Morgan Mortgage Trust 2006-A1  B2 | 466247G23 | 3/8/2010 | $100.0000 | $5.4374 |
| 317. | J.P. Morgan Mortgage Trust 2006-A1  B3 | 466247G31 | 3/8/2010 | $100.0000 | $1.8192 |
| 318. | J.P. Morgan Mortgage Trust 2006-A5  1A1 | 46629CAA5 | 7/24/2009 | $100.0000 | $47.0507 |
| 319. | J.P. Morgan Mortgage Trust 2006-A5  2A1 | 46629CAB3 | 7/24/2009 | $100.0000 | $70.5935 |
| 320. | J.P. Morgan Mortgage Trust 2006-A5  2A2 | 46629CAC1 | 7/24/2009 | $100.0000 | $87.1207 |
| 321. | J.P. Morgan Mortgage Trust 2006-A5  2A3 | 46629CAD9 | 7/24/2009 | $100.0000 | $62.5185 |
| 322. | J.P. Morgan Mortgage Trust 2006-A5  2A4 | 46629CAE7 | 7/24/2009 | $100.0000 | $53.0956 |
| 323. | J.P. Morgan Mortgage Trust 2006-A5  2A5 | 46629CAF4 | 7/24/2009 | $100.0000 | $24.1294 |
| 324. | J.P. Morgan Mortgage Trust 2006-A5  3A1 | 46629CAG2 | 7/24/2009 | $100.0000 | $87.0688 |
| 325. | J.P. Morgan Mortgage Trust 2006-A5  3A2 | 46629CAH0 | 7/24/2009 | $100.0000 | $70.0709 |
| 326. | J.P. Morgan Mortgage Trust 2006-A5  3A3 | 46629CAJ6 | 7/24/2009 | $100.0000 | $56.8027 |
| 327. | J.P. Morgan Mortgage Trust 2006-A5  3A4 | 46629CAK3 | 7/24/2009 | $100.0000 | $81.7285 |
| 328. | J.P. Morgan Mortgage Trust 2006-A5  3A5 | 46629CAL1 | 7/24/2009 | $100.0000 | $66.0349 |
| 329. | J.P. Morgan Mortgage Trust 2006-A5  3A6 | 46629CAM9 | 7/24/2009 | $100.0000 | $57.8703 |
| 330. | J.P. Morgan Mortgage Trust 2006-A5  3A7 | 46629CAN7 | 7/24/2009 | $100.0000 | $27.9172 |
| 331. | J.P. Morgan Mortgage Trust 2006-A5  4A1 | 46629CAP2 | 7/24/2009 | $100.0000 | $69.6233 |
| 332. | J.P. Morgan Mortgage Trust 2006-A5  4A2 | 46629CAQ0 | 7/24/2009 | $100.0000 | $29.4989 |
| 333. | J.P. Morgan Mortgage Trust 2006-A5  5A1 | 46629CAR8 | 7/24/2009 | $100.0000 | $67.0713 |
| 334. | J.P. Morgan Mortgage Trust 2006-A5  5A2 | 46629CAS6 | 7/24/2009 | $100.0000 | $27.8739 |
| 335. | J.P. Morgan Mortgage Trust 2006-A5  6A1 | 46629CAT4 | 7/24/2009 | $100.0000 | $70.3571 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 336. | J.P. Morgan Mortgage Trust 2006-A5 6A2 | 46629CAU1 | 7/24/2009 | $100.0000 | $30.1715 |
| 337. | J.P. Morgan Mortgage Trust 2006-A5 B1 | 46629CAV9 | 7/24/2009 | $100.0000 | $9.1834 |
| 338. | J.P. Morgan Mortgage Trust 2006-A5 B2 | 46629CAW7 | 7/24/2009 | $100.0000 | $2.0141 |
| 339. | J.P. Morgan Mortgage Trust 2006-A5 B3 | 46629CAX5 | 7/24/2009 | $100.0000 | $2.0141 |
| 340. | J.P. Morgan Alternative Loan Trust 2006-A6 1A1 | 466285AA1 | 3/26/2008 | $100.0000 | $64.0533 |
| 341. | J.P. Morgan Alternative Loan Trust 2006-A6 1A2 | 466285AB9 | 3/26/2008 | $100.0000 | $89.5609 |
| 342. | J.P. Morgan Alternative Loan Trust 2006-A6 1A3 | 466285AC7 | 3/26/2008 | $100.0000 | $66.5435 |
| 343. | J.P. Morgan Alternative Loan Trust 2006-A6 1A4 | 466285AD5 | 3/26/2008 | $100.0000 | $65.5050 |
| 344. | J.P. Morgan Alternative Loan Trust 2006-A6 1A5 | 466285AE3 | 3/26/2008 | $100.0000 | $55.3509 |
| 345. | J.P. Morgan Alternative Loan Trust 2006-A6 1M1 | 466285AF0 | 3/26/2008 | $100.0000 | $6.5914 |
| 346. | J.P. Morgan Alternative Loan Trust 2006-A6 1M2 | 466285AG8 | 3/26/2008 | $100.0000 | $3.6698 |
| 347. | J.P. Morgan Alternative Loan Trust 2006-A6 1B1 | 466285AH6 | 3/26/2008 | $100.0000 | $2.9231 |
| 348. | J.P. Morgan Alternative Loan Trust 2006-A6 1B2 | 466285AJ2 | 3/26/2008 | $100.0000 | $2.4893 |
| 349. | J.P. Morgan Alternative Loan Trust 2006-A6 2A1 | 466285AK9 | 3/26/2008 | $100.0000 | $88.8055 |
| 350. | J.P. Morgan Alternative Loan Trust 2006-A6 2A2 | 466285AL7 | 3/26/2008 | $100.0000 | $99.7294 |
| 351. | J.P. Morgan Alternative Loan Trust 2006-A6 2A3 | 466285AM5 | 3/26/2008 | $100.0000 | $98.8353 |
| 352. | J.P. Morgan Alternative Loan Trust 2006-A6 2A4 | 466285AN3 | 3/26/2008 | $100.0000 | $96.4292 |
| 353. | J.P. Morgan Alternative Loan Trust 2006-A6 2A5 | 466285AP8 | 3/26/2008 | $100.0000 | $89.7369 |
| 354. | J.P. Morgan Alternative Loan Trust 2006-A6 2A6 | 466285AQ6 | 3/26/2008 | $100.0000 | $90.5139 |
| 355. | J.P. Morgan Alternative Loan Trust 2006-A6 2A7 | 466285AR4 | 3/26/2008 | $100.0000 | $84.0334 |
| 356. | J.P. Morgan Alternative Loan Trust 2006-A6 2A8 | 466285AS2 | 3/26/2008 | $100.0000 | $81.7950 |
| 357. | J.P. Morgan Alternative Loan Trust 2006-A6 2M1 | 466285AT0 | 3/26/2008 | $100.0000 | $48.4779 |
| 358. | J.P. Morgan Alternative Loan Trust 2006-A6 2M2 | 466285AU7 | 3/26/2008 | $100.0000 | $47.6450 |
| 359. | J.P. Morgan Alternative Loan Trust 2006-A6 2B1 | 466285AV5 | 3/26/2008 | $100.0000 | $35.5127 |
| 360. | J.P. Morgan Alternative Loan Trust 2006-A6 2B2 | 466285AW3 | 3/26/2008 | $100.0000 | $17.9272 |
| 361. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 A1 | 46629VAA3 | 3/26/2008 | $100.0000 | $82.1664 |
| 362. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 A2 | 46629VAB1 | 3/26/2008 | $100.0000 | $95.2811 |
| 363. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 A3 | 46629VAC9 | 3/26/2008 | $100.0000 | $74.5620 |
| 364. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 A4 | 46629VAD7 | 3/26/2008 | $100.0000 | $68.3211 |
| 365. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 A5 | 46629VAE5 | 3/26/2008 | $100.0000 | $55.4796 |
| 366. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M1 | 46629VAF2 | 3/26/2008 | $100.0000 | $25.9231 |
| 367. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M2 | 46629VAG0 | 3/26/2008 | $100.0000 | $22.2817 |
| 368. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M3 | 46629VAH8 | 3/26/2008 | $100.0000 | $18.6875 |
| 369. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M4 | 46629VAJ4 | 3/26/2008 | $100.0000 | $16.8016 |
| 370. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M5 | 46629VAK1 | 3/26/2008 | $100.0000 | $13.3483 |
| 371. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M6 | 46629VAL9 | 3/26/2008 | $100.0000 | $10.5036 |
| 372. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M7 | 46629VAM7 | 3/26/2008 | $100.0000 | $8.9652 |
| 373. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M8 | 46629VAN5 | 3/26/2008 | $100.0000 | $5.6370 |
| 374. | J.P. Morgan Mortgage Acquisition Trust 2006-HE3 M9 | 46629VAP0 | 3/26/2008 | $100.0000 | $5.4911 |
| 375. | J.P. Morgan Mortgage Trust 2006-A6 1A1 | 46628BAA8 | 7/24/2009 | | $71.6691 |
| 376. | J.P. Morgan Mortgage Trust 2006-A6 1A1M | 46628BAB6 | 7/24/2009 | | $66.8828 |
| 377. | J.P. Morgan Mortgage Trust 2006-A6 1A1S | 46628BAC4 | 7/24/2009 | | $0.3471 |
| 378. | J.P. Morgan Mortgage Trust 2006-A6 1A2 | 46628BAD2 | 7/24/2009 | $100.0000 | $79.9880 |
| 379. | J.P. Morgan Mortgage Trust 2006-A6 1A3 | 46628BAE0 | 7/24/2009 | $100.0000 | $62.5947 |
| 380. | J.P. Morgan Mortgage Trust 2006-A6 1A3M | 46628BCR9 | 7/24/2009 | | $56.5138 |
| 381. | J.P. Morgan Mortgage Trust 2006-A6 1A3S | 46628BCS7 | 7/24/2009 | | $0.4365 |
| 382. | J.P. Morgan Mortgage Trust 2006-A6 1A4 | 46628BAF7 | 7/24/2009 | $100.0000 | $57.8756 |
| 383. | J.P. Morgan Mortgage Trust 2006-A6 1A4L | 46628BAG5 | 7/24/2009 | | $45.1993 |
| 384. | J.P. Morgan Mortgage Trust 2006-A6 1A4F | 46628BAH3 | 7/24/2009 | | $0.8990 |
| 385. | J.P. Morgan Mortgage Trust 2006-A6 1A4M | 46628BAJ9 | 7/24/2009 | | $45.5899 |
| 386. | J.P. Morgan Mortgage Trust 2006-A6 1A4S | 46628BAK6 | 7/24/2009 | | $0.4495 |
| 387. | J.P. Morgan Mortgage Trust 2006-A6 1A5 | 46628BAL4 | 7/24/2009 | $100.0000 | $24.0439 |
| 388. | J.P. Morgan Mortgage Trust 2006-A6 2A1 | 46628BAM2 | 7/24/2009 | | $66.5463 |
| 389. | J.P. Morgan Mortgage Trust 2006-A6 2A1M | 46628BAN0 | 7/24/2009 | | $69.1605 |
| 390. | J.P. Morgan Mortgage Trust 2006-A6 2A1S | 46628BAP5 | 7/24/2009 | | $0.4942 |
| 391. | J.P. Morgan Mortgage Trust 2006-A6 2A2 | 46628BAQ3 | 7/24/2009 | $100.0000 | $85.2380 |
| 392. | J.P. Morgan Mortgage Trust 2006-A6 2A3 | 46628BAR1 | 7/24/2009 | $100.0000 | $66.7732 |
| 393. | J.P. Morgan Mortgage Trust 2006-A6 2A3L | 46628BAS9 | 7/24/2009 | | $72.2352 |
| 394. | J.P. Morgan Mortgage Trust 2006-A6 2A3F | 46628BAT7 | 7/24/2009 | | $0.8333 |
| 395. | J.P. Morgan Mortgage Trust 2006-A6 2A3M | 46628BAU4 | 7/24/2009 | | $72.5541 |
| 396. | J.P. Morgan Mortgage Trust 2006-A6 2A3S | 46628BAV2 | 7/24/2009 | | $0.4167 |
| 397. | J.P. Morgan Mortgage Trust 2006-A6 2A4 | 46628BAW0 | 7/24/2009 | $100.0000 | $61.7477 |
| 398. | J.P. Morgan Mortgage Trust 2006-A6 2A4L | 46628BAX8 | 7/24/2009 | | $49.2942 |
| 399. | J.P. Morgan Mortgage Trust 2006-A6 2A4F | 46628BAY6 | 7/24/2009 | | $1.6117 |
| 400. | J.P. Morgan Mortgage Trust 2006-A6 2A4M | 46628BAZ3 | 7/24/2009 | | $49.9560 |
| 401. | J.P. Morgan Mortgage Trust 2006-A6 2A4S | 46628BBA7 | 7/24/2009 | | $0.8059 |
| 402. | J.P. Morgan Mortgage Trust 2006-A6 2A5 | 46628BBB5 | 7/24/2009 | $100.0000 | $28.7155 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 403. | J.P. Morgan Mortgage Trust 2006-A6  3A1 | 46628BBC3 | 7/24/2009 | | $64.0157 |
| 404. | J.P. Morgan Mortgage Trust 2006-A6  3A1M | 46628BBD1 | 7/24/2009 | | $58.4129 |
| 405. | J.P. Morgan Mortgage Trust 2006-A6  3A1S | 46628BBE9 | 7/24/2009 | | $0.7170 |
| 406. | J.P. Morgan Mortgage Trust 2006-A6  3A2 | 46628BBF6 | 7/24/2009 | | $68.2940 |
| 407. | J.P. Morgan Mortgage Trust 2006-A6  3A2M | 46628BBG4 | 7/24/2009 | | $70.2563 |
| 408. | J.P. Morgan Mortgage Trust 2006-A6  3A2S | 46628BBH2 | 7/24/2009 | | $0.5119 |
| 409. | J.P. Morgan Mortgage Trust 2006-A6  3A3 | 46628BBJ8 | 7/24/2009 | | $55.4492 |
| 410. | J.P. Morgan Mortgage Trust 2006-A6  3A3L | 46628BBK5 | 7/24/2009 | | $53.5170 |
| 411. | J.P. Morgan Mortgage Trust 2006-A6  3A3F | 46628BBL3 | 7/24/2009 | | $2.6096 |
| 412. | J.P. Morgan Mortgage Trust 2006-A6  3A3M | 46628BBM1 | 7/24/2009 | | $54.4372 |
| 413. | J.P. Morgan Mortgage Trust 2006-A6  3A3S | 46628BBN9 | 7/24/2009 | | $1.3052 |
| 414. | J.P. Morgan Mortgage Trust 2006-A6  3A4 | 46628BBP4 | 7/24/2009 | $100.0000 | $96.8527 |
| 415. | J.P. Morgan Mortgage Trust 2006-A6  3A5 | 46628BBQ2 | 7/24/2009 | | $73.9395 |
| 416. | J.P. Morgan Mortgage Trust 2006-A6  3A6 | 46628BBR0 | 7/24/2009 | | $66.7996 |
| 417. | J.P. Morgan Mortgage Trust 2006-A6  3A6L | 46628BBS8 | 7/24/2009 | | $65.9394 |
| 418. | J.P. Morgan Mortgage Trust 2006-A6  3A6F | 46628BBT6 | 7/24/2009 | | $1.7869 |
| 419. | J.P. Morgan Mortgage Trust 2006-A6  3A6M | 46628BBU3 | 7/24/2009 | | $66.3695 |
| 420. | J.P. Morgan Mortgage Trust 2006-A6  3A6S | 46628BBV1 | 7/24/2009 | | $0.8934 |
| 421. | J.P. Morgan Mortgage Trust 2006-A6  3A7 | 46628BBW9 | 7/24/2009 | $100.0000 | $65.1972 |
| 422. | J.P. Morgan Mortgage Trust 2006-A6  3A7L | 46628BBX7 | 7/24/2009 | | $56.9160 |
| 423. | J.P. Morgan Mortgage Trust 2006-A6  3A7F | 46628BBY5 | 7/24/2009 | | $2.3342 |
| 424. | J.P. Morgan Mortgage Trust 2006-A6  3A7M | 46628BBZ2 | 7/24/2009 | | $57.8671 |
| 425. | J.P. Morgan Mortgage Trust 2006-A6  3A7S | 46628BCA6 | 7/24/2009 | | $1.1671 |
| 426. | J.P. Morgan Mortgage Trust 2006-A6  3AL1 | 46628BCP3 | 7/24/2009 | $100.0000 | $68.1165 |
| 427. | J.P. Morgan Mortgage Trust 2006-A6  3AL2 | 46628BCQ1 | 7/24/2009 | $100.0000 | $69.1298 |
| 428. | J.P. Morgan Mortgage Trust 2006-A6  3A8 | 46628BCN8 | 7/24/2009 | $100.0000 | $30.1631 |
| 429. | J.P. Morgan Mortgage Trust 2006-A6  4A1 | 46628BCC2 | 7/24/2009 | $100.0000 | $78.1552 |
| 430. | J.P. Morgan Mortgage Trust 2006-A6  4A2 | 46628BCD0 | 7/24/2009 | $100.0000 | $24.8908 |
| 431. | J.P. Morgan Mortgage Trust 2006-A6  B1 | 46628BCE8 | 7/24/2009 | $100.0000 | $13.6007 |
| 432. | J.P. Morgan Mortgage Trust 2006-A6  B2 | 46628BCF5 | 7/24/2009 | $100.0000 | $3.6192 |
| 433. | J.P. Morgan Mortgage Trust 2006-A6  B3 | 46628BCG3 | 7/24/2009 | $100.0000 | $5.3067 |
| 434. | J.P. Morgan Mortgage Trust 2007-A1  1A1 | 46630GAA3 | 7/24/2009 | $100.0000 | $89.5442 |
| 435. | J.P. Morgan Mortgage Trust 2007-A1  1A2 | 46630GAB1 | 7/24/2009 | $100.0000 | $45.1981 |
| 436. | J.P. Morgan Mortgage Trust 2007-A1  2A1 | 46630GAC9 | 7/24/2009 | $100.0000 | $86.2384 |
| 437. | J.P. Morgan Mortgage Trust 2007-A1  2A2 | 46630GAD7 | 7/24/2009 | $100.0000 | $89.9094 |
| 438. | J.P. Morgan Mortgage Trust 2007-A1  2A3 | 46630GAE5 | 7/24/2009 | $100.0000 | $67.9617 |
| 439. | J.P. Morgan Mortgage Trust 2007-A1  2A4 | 46630GAF2 | 7/24/2009 | $100.0000 | $41.2297 |
| 440. | J.P. Morgan Mortgage Trust 2007-A1  3A1 | 46630GAG0 | 7/24/2009 | $100.0000 | $64.7079 |
| 441. | J.P. Morgan Mortgage Trust 2007-A1  3A2 | 46630GAH8 | 7/24/2009 | $100.0000 | $82.3460 |
| 442. | J.P. Morgan Mortgage Trust 2007-A1  3A3 | 46630GAJ4 | 7/24/2009 | $100.0000 | $81.2089 |
| 443. | J.P. Morgan Mortgage Trust 2007-A1  3A4 | 46630GAK1 | 7/24/2009 | $100.0000 | $63.6043 |
| 444. | J.P. Morgan Mortgage Trust 2007-A1  3A5 | 46630GAL9 | 7/24/2009 | $100.0000 | $37.8534 |
| 445. | J.P. Morgan Mortgage Trust 2007-A1  4A1 | 46630GAM7 | 7/24/2009 | $100.0000 | $91.1732 |
| 446. | J.P. Morgan Mortgage Trust 2007-A1  4A2 | 46630GAN5 | 7/24/2009 | $100.0000 | $90.6502 |
| 447. | J.P. Morgan Mortgage Trust 2007-A1  4A3 | 46630GAP0 | 7/24/2009 | $100.0000 | $64.7530 |
| 448. | J.P. Morgan Mortgage Trust 2007-A1  4A4 | 46630GAQ8 | 7/24/2009 | $100.0000 | $38.5460 |
| 449. | J.P. Morgan Mortgage Trust 2007-A1  5A1 | 46630GAR6 | 7/24/2009 | $100.0000 | $90.5691 |
| 450. | J.P. Morgan Mortgage Trust 2007-A1  5A2 | 46630GAS4 | 7/24/2009 | $100.0000 | $89.8776 |
| 451. | J.P. Morgan Mortgage Trust 2007-A1  5A3 | 46630GAT2 | 7/24/2009 | $100.0000 | $38.1317 |
| 452. | J.P. Morgan Mortgage Trust 2007-A1  5A4 | 46630GAU9 | 7/24/2009 | $100.0000 | $34.0348 |
| 453. | J.P. Morgan Mortgage Trust 2007-A1  5A5 | 46630GAV7 | 7/24/2009 | $100.0000 | $84.4063 |
| 454. | J.P. Morgan Mortgage Trust 2007-A1  5A6 | 46630GAW5 | 7/24/2009 | $100.0000 | $25.9052 |
| 455. | J.P. Morgan Mortgage Trust 2007-A1  6A1 | 46630GAX3 | 7/24/2009 | $100.0000 | $93.9463 |
| 456. | J.P. Morgan Mortgage Trust 2007-A1  6A2 | 46630GAY1 | 7/24/2009 | $100.0000 | $40.3994 |
| 457. | J.P. Morgan Mortgage Trust 2007-A1  6A3 | 46630GAZ8 | 7/24/2009 | | $92.7565 |
| 458. | J.P. Morgan Mortgage Trust 2007-A1  6A4 | 46630GBA2 | 7/24/2009 | | $74.9733 |
| 459. | J.P. Morgan Mortgage Trust 2007-A1  7A1 | 46630GBB0 | 7/24/2009 | $100.0000 | $91.5311 |
| 460. | J.P. Morgan Mortgage Trust 2007-A1  7A2 | 46630GBC8 | 7/24/2009 | $100.0000 | $90.6809 |
| 461. | J.P. Morgan Mortgage Trust 2007-A1  7A3 | 46630GBD6 | 7/24/2009 | $100.0000 | $59.1107 |
| 462. | J.P. Morgan Mortgage Trust 2007-A1  7A3M | 46630GBE4 | 7/24/2009 | | $76.0979 |
| 463. | J.P. Morgan Mortgage Trust 2007-A1  7A3S | 46630GBF1 | 7/24/2009 | | $0.4871 |
| 464. | J.P. Morgan Mortgage Trust 2007-A1  7A4 | 46630GBG9 | 7/24/2009 | $100.0000 | $28.5552 |
| 465. | J.P. Morgan Mortgage Trust 2007-A1  B1 | 46630GBH7 | 7/24/2009 | $100.0000 | $11.1670 |
| 466. | J.P. Morgan Mortgage Trust 2007-A1  B2 | 46630GBJ3 | 7/24/2009 | $100.0000 | $7.5451 |
| 467. | J.P. Morgan Mortgage Trust 2007-A1  B3 | 46630GBK0 | 7/24/2009 | $100.0000 | $4.5078 |
| 468. | J.P. Morgan Mortgage Trust 2007-A2  1A1 | 46630PAA3 | 7/24/2009 | $100.0000 | $62.2204 |
| 469. | J.P. Morgan Mortgage Trust 2007-A2  1A1M | 46630PAB1 | 7/24/2009 | | $62.2876 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 470. | J.P. Morgan Mortgage Trust 2007-A2 1A1S | 46630PAC9 | 7/24/2009 | | $0.1388 |
| 471. | J.P. Morgan Mortgage Trust 2007-A2 1A2 | 46630PAD7 | 7/24/2009 | $100.0000 | $31.7094 |
| 472. | J.P. Morgan Mortgage Trust 2007-A2 2A1 | 46630PAE5 | 7/24/2009 | $100.0000 | $73.7223 |
| 473. | J.P. Morgan Mortgage Trust 2007-A2 2A2 | 46630PAF2 | 7/24/2009 | $100.0000 | $66.3623 |
| 474. | J.P. Morgan Mortgage Trust 2007-A2 2A3 | 46630PAG0 | 7/24/2009 | $100.0000 | $57.8046 |
| 475. | J.P. Morgan Mortgage Trust 2007-A2 2A3M | 46630PAH8 | 7/24/2009 | | $52.9311 |
| 476. | J.P. Morgan Mortgage Trust 2007-A2 2A3S | 46630PAJ4 | 7/24/2009 | | $0.5701 |
| 477. | J.P. Morgan Mortgage Trust 2007-A2 2A3L | 46630PAK1 | 7/24/2009 | | $52.5113 |
| 478. | J.P. Morgan Mortgage Trust 2007-A2 2A3F | 46630PAL9 | 7/24/2009 | | $1.1401 |
| 479. | J.P. Morgan Mortgage Trust 2007-A2 2A4 | 46630PAM7 | 7/24/2009 | $100.0000 | $28.4975 |
| 480. | J.P. Morgan Mortgage Trust 2007-A2 2A5 | 46630PAN5 | 7/24/2009 | | $73.0104 |
| 481. | J.P. Morgan Mortgage Trust 2007-A2 2A5M | 46630PBS3 | 7/24/2009 | | $65.4745 |
| 482. | J.P. Morgan Mortgage Trust 2007-A2 2A5S | 46630PBT1 | 7/24/2009 | | $0.4485 |
| 483. | J.P. Morgan Mortgage Trust 2007-A2 3A1 | 46630PAP0 | 7/24/2009 | $100.0000 | $83.5440 |
| 484. | J.P. Morgan Mortgage Trust 2007-A2 3A2 | 46630PAQ8 | 7/24/2009 | $100.0000 | $70.4353 |
| 485. | J.P. Morgan Mortgage Trust 2007-A2 3A3 | 46630PAR6 | 7/24/2009 | $100.0000 | $59.2955 |
| 486. | J.P. Morgan Mortgage Trust 2007-A2 3A3M | 46630PAS4 | 7/24/2009 | | $55.5164 |
| 487. | J.P. Morgan Mortgage Trust 2007-A2 3A3S | 46630PAT2 | 7/24/2009 | | $0.8136 |
| 488. | J.P. Morgan Mortgage Trust 2007-A2 3A3L | 46630PAU9 | 7/24/2009 | | $56.8373 |
| 489. | J.P. Morgan Mortgage Trust 2007-A2 3A3F | 46630PAV7 | 7/24/2009 | | $1.6272 |
| 490. | J.P. Morgan Mortgage Trust 2007-A2 3A4 | 46630PAW5 | 7/24/2009 | $100.0000 | $28.5971 |
| 491. | J.P. Morgan Mortgage Trust 2007-A2 3A5 | 46630PAX3 | 7/24/2009 | | $71.4823 |
| 492. | J.P. Morgan Mortgage Trust 2007-A2 4A1 | 46630PAY1 | 7/24/2009 | $100.0000 | $77.6466 |
| 493. | J.P. Morgan Mortgage Trust 2007-A2 4A1M | 46630PAZ8 | 7/24/2009 | | $75.6516 |
| 494. | J.P. Morgan Mortgage Trust 2007-A2 4A1S | 46630PBA2 | 7/24/2009 | | $0.3417 |
| 495. | J.P. Morgan Mortgage Trust 2007-A2 4A2 | 46630PBB0 | 7/24/2009 | $100.0000 | $58.2519 |
| 496. | J.P. Morgan Mortgage Trust 2007-A2 4A2M | 46630PBC8 | 7/24/2009 | | $46.8052 |
| 497. | J.P. Morgan Mortgage Trust 2007-A2 4A2S | 46630PBD6 | 7/24/2009 | | $0.9791 |
| 498. | J.P. Morgan Mortgage Trust 2007-A2 4A2L | 46630PBE4 | 7/24/2009 | | $50.9978 |
| 499. | J.P. Morgan Mortgage Trust 2007-A2 4A2F | 46630PBF1 | 7/24/2009 | | $1.9582 |
| 500. | J.P. Morgan Mortgage Trust 2007-A2 4A3 | 46630PBG9 | 7/24/2009 | $100.0000 | $36.3461 |
| 501. | J.P. Morgan Mortgage Trust 2007-A2 4A4 | 46630PBH7 | 7/24/2009 | | $65.0768 |
| 502. | J.P. Morgan Mortgage Trust 2007-A2 4A4M | 46630PBU8 | 7/24/2009 | | $65.1063 |
| 503. | J.P. Morgan Mortgage Trust 2007-A2 4A4S | 46630PBV6 | 7/24/2009 | | $0.5174 |
| 504. | J.P. Morgan Mortgage Trust 2007-A2 B1 | 46630PBJ3 | 7/24/2009 | $100.0000 | $10.3197 |
| 505. | J.P. Morgan Mortgage Trust 2007-A2 B2 | 46630PBK0 | 7/24/2009 | $100.0000 | $5.9312 |
| 506. | J.P. Morgan Mortgage Trust 2007-A2 B3 | 46630PBL8 | 7/24/2009 | $100.0000 | $2.9662 |
| 507. | J.P. Morgan Mortgage Trust 2006-A4 1A1 | 46628LAA6 | 3/8/2010 | $100.0000 | $76.5603 |
| 508. | J.P. Morgan Mortgage Trust 2006-A4 1A2 | 46628LAB4 | 3/8/2010 | $100.0000 | $84.7516 |
| 509. | J.P. Morgan Mortgage Trust 2006-A4 1A3 | 46628LAC2 | 3/8/2010 | $100.0000 | $75.5739 |
| 510. | J.P. Morgan Mortgage Trust 2006-A4 1A4 | 46628LAD0 | 3/8/2010 | $100.0000 | $72.2050 |
| 511. | J.P. Morgan Mortgage Trust 2006-A4 1A5 | 46628LAE8 | 3/8/2010 | $100.0000 | $28.4552 |
| 512. | J.P. Morgan Mortgage Trust 2006-A4 2A1 | 46628LAF5 | 3/8/2010 | $100.0000 | $75.4072 |
| 513. | J.P. Morgan Mortgage Trust 2006-A4 2A2 | 46628LAG3 | 3/8/2010 | $100.0000 | $84.2350 |
| 514. | J.P. Morgan Mortgage Trust 2006-A4 2A3 | 46628LAH1 | 3/8/2010 | $100.0000 | $68.2988 |
| 515. | J.P. Morgan Mortgage Trust 2006-A4 2A4 | 46628LAJ7 | 3/8/2010 | $100.0000 | $29.3368 |
| 516. | J.P. Morgan Mortgage Trust 2006-A4 3A1 | 46628LAK4 | 3/8/2010 | $100.0000 | $85.0024 |
| 517. | J.P. Morgan Mortgage Trust 2006-A4 3A2 | 46628LAL2 | 3/8/2010 | $100.0000 | $88.2187 |
| 518. | J.P. Morgan Mortgage Trust 2006-A4 3A3 | 46628LAM0 | 3/8/2010 | $100.0000 | $78.0744 |
| 519. | J.P. Morgan Mortgage Trust 2006-A4 3A4 | 46628LAN8 | 3/8/2010 | $100.0000 | $63.0843 |
| 520. | J.P. Morgan Mortgage Trust 2006-A4 3A5 | 46628LAP3 | 3/8/2010 | $100.0000 | $21.3282 |
| 521. | J.P. Morgan Mortgage Trust 2006-A4 4A1 | 46628LAQ1 | 3/8/2010 | $100.0000 | $81.9410 |
| 522. | J.P. Morgan Mortgage Trust 2006-A4 4A2 | 46628LAR9 | 3/8/2010 | $100.0000 | $93.4878 |
| 523. | J.P. Morgan Mortgage Trust 2006-A4 4A3 | 46628LAS7 | 3/8/2010 | $100.0000 | $75.9906 |
| 524. | J.P. Morgan Mortgage Trust 2006-A4 4A4 | 46628LAT5 | 3/8/2010 | $100.0000 | $47.7288 |
| 525. | J.P. Morgan Mortgage Trust 2006-A4 4A5 | 46628LAU2 | 3/8/2010 | $100.0000 | $47.7288 |
| 526. | J.P. Morgan Mortgage Trust 2006-A4 4A6 | 46628LAV0 | 3/8/2010 | $100.0000 | $27.7374 |
| 527. | J.P. Morgan Mortgage Trust 2006-A4 5A1 | 46628LAW8 | 3/8/2010 | $100.0000 | $82.0087 |
| 528. | J.P. Morgan Mortgage Trust 2006-A4 5A2 | 46628LAX6 | 3/8/2010 | $100.0000 | $29.5008 |
| 529. | J.P. Morgan Mortgage Trust 2006-A4 B1 | 46628LAY4 | 3/8/2010 | $100.0000 | $7.4974 |
| 530. | J.P. Morgan Mortgage Trust 2006-A4 B2 | 46628LAZ1 | 3/8/2010 | $100.0000 | $4.2933 |
| 531. | J.P. Morgan Mortgage Trust 2006-A4 B3 | 46628LBA5 | 3/8/2010 | $100.0000 | $0.0000 |
| 532. | J.P. Morgan Mortgage Trust 2007-S1 1A1 | 46630RAA9 | 7/24/2009 | $100.0000 | $75.6250 |
| 533. | J.P. Morgan Mortgage Trust 2007-S1 1A2 | 46630RAB7 | 7/24/2009 | $100.0000 | $84.7188 |
| 534. | J.P. Morgan Mortgage Trust 2007-S1 1A3 | 46630RAC5 | 7/24/2009 | $100.0000 | $78.0625 |
| 535. | J.P. Morgan Mortgage Trust 2007-S1 1A4 | 46630RAD3 | 7/24/2009 | $100.0000 | $78.0625 |
| 536. | J.P. Morgan Mortgage Trust 2007-S1 2A1 | 46630RAE1 | 7/24/2009 | $100.0000 | $49.4518 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering  Price | Date of Suit Price |
|---|---|---|---|---|---|
| 537. | J.P. Morgan Mortgage Trust 2007-S1  2A2 | 46630RAF8 | 7/24/2009 | $0.2500 | $7.6531 |
| 538. | J.P. Morgan Mortgage Trust 2007-S1  2A3 | 46630RAG6 | 7/24/2009 | $100.0000 | $45.9868 |
| 539. | J.P. Morgan Mortgage Trust 2007-S1  2A4 | 46630RAH4 | 7/24/2009 | $0.2500 | $7.8563 |
| 540. | J.P. Morgan Mortgage Trust 2007-S1  2A5 | 46630RAJ0 | 7/24/2009 | $100.0000 | $32.1201 |
| 541. | J.P. Morgan Mortgage Trust 2007-S1  2A6 | 46630RAK7 | 7/24/2009 | $100.0000 | $38.3335 |
| 542. | J.P. Morgan Mortgage Trust 2007-S1  2A7 | 46630RAL5 | 7/24/2009 | $100.0000 | $37.8140 |
| 543. | J.P. Morgan Mortgage Trust 2007-S1  2A8 | 46630RAM3 | 7/24/2009 | $100.0000 | $75.9728 |
| 544. | J.P. Morgan Mortgage Trust 2007-S1  2A9 | 46630RAN1 | 7/24/2009 | $7.1875 | $13.5506 |
| 545. | J.P. Morgan Mortgage Trust 2007-S1  2A10 | 46630RAP6 | 7/24/2009 | $100.0000 | $43.2618 |
| 546. | J.P. Morgan Mortgage Trust 2007-S1  2A11 | 46630RAQ4 | 7/24/2009 | $100.0000 | $39.3126 |
| 547. | J.P. Morgan Mortgage Trust 2007-S1  2A12 | 46630RAR2 | 7/24/2009 | $100.0000 | $81.9194 |
| 548. | J.P. Morgan Mortgage Trust 2007-S1  2A13 | 46630RAS0 | 7/24/2009 | $100.0000 | $52.6451 |
| 549. | J.P. Morgan Mortgage Trust 2007-S1  2A14 | 46630RAT8 | 7/24/2009 | $100.0000 | $34.4426 |
| 550. | J.P. Morgan Mortgage Trust 2007-S1  2A15 | 46630RAU5 | 7/24/2009 | $100.0000 | $63.2251 |
| 551. | J.P. Morgan Mortgage Trust 2007-S1  2A16 | 46630RAV3 | 7/24/2009 | $100.0000 | $35.3385 |
| 552. | J.P. Morgan Mortgage Trust 2007-S1  2A17 | 46630RAW1 | 7/24/2009 | $100.0000 | $59.6389 |
| 553. | J.P. Morgan Mortgage Trust 2007-S1  2A18 | 46630RAX9 | 7/24/2009 | $3.35938 | $10.3537 |
| 554. | J.P. Morgan Mortgage Trust 2007-S1  2A19 | 46630RAY7 | 7/24/2009 | | $73.6406 |
| 555. | J.P. Morgan Mortgage Trust 2007-S1  2A20 | 46630RAZ4 | 7/24/2009 | | $80.9772 |
| 556. | J.P. Morgan Mortgage Trust 2007-S1  2A21 | 46630RBA8 | 7/24/2009 | | $15.9414 |
| 557. | J.P. Morgan Mortgage Trust 2007-S1  2A22 | 46630RBB6 | 7/24/2009 | | $76.5694 |
| 558. | J.P. Morgan Mortgage Trust 2007-S1  2A23 | 46630RBC4 | 7/24/2009 | | $15.9445 |
| 559. | J.P. Morgan Mortgage Trust 2007-S1  AP | 46630RBD2 | 7/24/2009 | $65.0000 | $70.6001 |
| 560. | J.P. Morgan Mortgage Trust 2007-S1  B1 | 46630RBF7 | 7/24/2009 | $100.0000 | $20.9958 |
| 561. | J.P. Morgan Mortgage Trust 2007-S1  B2 | 46630RBG5 | 7/24/2009 | $100.0000 | $15.2970 |
| 562. | J.P. Morgan Mortgage Trust 2007-S1  B3 | 46630RBH3 | 7/24/2009 | $100.0000 | $9.9660 |
| 563. | J.P. Morgan Mortgage Trust 2006-A7  1A1 | 46629DAA3 | 7/24/2009 | | $64.6470 |
| 564. | J.P. Morgan Mortgage Trust 2006-A7  1A2 | 46629DAB1 | 7/24/2009 | $100.0000 | $18.0854 |
| 565. | J.P. Morgan Mortgage Trust 2006-A7  1A3 | 46629DAC9 | 7/24/2009 | $100.0000 | $90.8376 |
| 566. | J.P. Morgan Mortgage Trust 2006-A7  1A4 | 46629DAD7 | 7/24/2009 | $100.0000 | $58.0460 |
| 567. | J.P. Morgan Mortgage Trust 2006-A7  1A4L | 46629DAE5 | 7/24/2009 | | $54.8948 |
| 568. | J.P. Morgan Mortgage Trust 2006-A7  1A4F | 46629DAF2 | 7/24/2009 | | $0.0090 |
| 569. | J.P. Morgan Mortgage Trust 2006-A7  2A1 | 46629DAG0 | 7/24/2009 | $100.0000 | $67.3105 |
| 570. | J.P. Morgan Mortgage Trust 2006-A7  2A1R | 46629DAH8 | 7/24/2009 | | $53.1723 |
| 571. | J.P. Morgan Mortgage Trust 2006-A7  2A1K | 46629DAJ4 | 7/24/2009 | | $0.5033 |
| 572. | J.P. Morgan Mortgage Trust 2006-A7  2A2 | 46629DAK1 | 7/24/2009 | $100.0000 | $70.8529 |
| 573. | J.P. Morgan Mortgage Trust 2006-A7  2A3 | 46629DAL9 | 7/24/2009 | $100.0000 | $58.0229 |
| 574. | J.P. Morgan Mortgage Trust 2006-A7  2A3L | 46629DAM7 | 7/24/2009 | | $53.0375 |
| 575. | J.P. Morgan Mortgage Trust 2006-A7  2A3F | 46629DAN5 | 7/24/2009 | | $0.7797 |
| 576. | J.P. Morgan Mortgage Trust 2006-A7  2A3M | 46629DAP0 | 7/24/2009 | | $53.3848 |
| 577. | J.P. Morgan Mortgage Trust 2006-A7  2A3S | 46629DAQ8 | 7/24/2009 | | $0.3899 |
| 578. | J.P. Morgan Mortgage Trust 2006-A7  2A4 | 46629DAR6 | 7/24/2009 | $100.0000 | $57.8085 |
| 579. | J.P. Morgan Mortgage Trust 2006-A7  2A4L | 46629DAS4 | 7/24/2009 | | $52.7527 |
| 580. | J.P. Morgan Mortgage Trust 2006-A7  2A4F | 46629DAT2 | 7/24/2009 | | $0.7791 |
| 581. | J.P. Morgan Mortgage Trust 2006-A7  2A4M | 46629DAU9 | 7/24/2009 | | $53.0992 |
| 582. | J.P. Morgan Mortgage Trust 2006-A7  2A4S | 46629DAV7 | 7/24/2009 | | $0.3895 |
| 583. | J.P. Morgan Mortgage Trust 2006-A7  2A4R | 46629DAW5 | 7/24/2009 | | $52.9299 |
| 584. | J.P. Morgan Mortgage Trust 2006-A7  2A4K | 46629DAX3 | 7/24/2009 | | $0.5812 |
| 585. | J.P. Morgan Mortgage Trust 2006-A7  2A5 | 46629DAY1 | 7/24/2009 | $100.0000 | $27.3421 |
| 586. | J.P. Morgan Mortgage Trust 2006-A7  3A1 | 46629DAZ8 | 7/24/2009 | $100.0000 | $88.3526 |
| 587. | J.P. Morgan Mortgage Trust 2006-A7  3A2 | 46629DBA2 | 7/24/2009 | $100.0000 | $62.5130 |
| 588. | J.P. Morgan Mortgage Trust 2006-A7  3A2L | 46629DBB0 | 7/24/2009 | | $56.4450 |
| 589. | J.P. Morgan Mortgage Trust 2006-A7  3A2F | 46629DBC8 | 7/24/2009 | | $1.1016 |
| 590. | J.P. Morgan Mortgage Trust 2006-A7  3A2M | 46629DBD6 | 7/24/2009 | | $56.9004 |
| 591. | J.P. Morgan Mortgage Trust 2006-A7  3A2S | 46629DBE4 | 7/24/2009 | | $0.5508 |
| 592. | J.P. Morgan Mortgage Trust 2006-A7  3A3 | 46629DBF1 | 7/24/2009 | $100.0000 | $65.7692 |
| 593. | J.P. Morgan Mortgage Trust 2006-A7  3A3L | 46629DBG9 | 7/24/2009 | | $58.2840 |
| 594. | J.P. Morgan Mortgage Trust 2006-A7  3A3F | 46629DBH7 | 7/24/2009 | | $1.1219 |
| 595. | J.P. Morgan Mortgage Trust 2006-A7  3A3M | 46629DBJ3 | 7/24/2009 | | $60.0133 |
| 596. | J.P. Morgan Mortgage Trust 2006-A7  3A3S | 46629DBK0 | 7/24/2009 | | $0.5609 |
| 597. | J.P. Morgan Mortgage Trust 2006-A7  3A4 | 46629DBL8 | 7/24/2009 | $100.0000 | $24.9178 |
| 598. | J.P. Morgan Mortgage Trust 2006-A7  4A1 | 46629DBM6 | 7/24/2009 | $100.0000 | $84.8739 |
| 599. | J.P. Morgan Mortgage Trust 2006-A7  4A2 | 46629DBN4 | 7/24/2009 | $100.0000 | $69.0962 |
| 600. | J.P. Morgan Mortgage Trust 2006-A7  4A2L | 46629DBP9 | 7/24/2009 | | $67.3040 |
| 601. | J.P. Morgan Mortgage Trust 2006-A7  4A2F | 46629DBQ7 | 7/24/2009 | | $1.3668 |
| 602. | J.P. Morgan Mortgage Trust 2006-A7  4A2M | 46629DBR5 | 7/24/2009 | | $63.2987 |
| 603. | J.P. Morgan Mortgage Trust 2006-A7  4A2S | 46629DBS3 | 7/24/2009 | | $0.6834 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering  Price | Date of Suit Price |
|---|---|---|---|---|---|
| 604. | J.P. Morgan Mortgage Trust 2006-A7  4A3 | 46629DBT1 | 7/24/2009 | $100.0000 | $28.7536 |
| 605. | J.P. Morgan Mortgage Trust 2006-A7  B1 | 46629DBU8 | 7/24/2009 | $100.0000 | $4.2455 |
| 606. | J.P. Morgan Mortgage Trust 2006-A7  B2 | 46629DBV6 | 7/24/2009 | $100.0000 | $0.8836 |
| 607. | J.P. Morgan Mortgage Trust 2006-A7  B3 | 46629DBW4 | 7/24/2009 | $100.0000 | $0.8836 |
| 608. | J.P. Morgan Mortgage Trust 2006-S2  1A1 | 46628YAA8 | 3/8/2010 | $100.0000 | $73.2656 |
| 609. | J.P. Morgan Mortgage Trust 2006-S2  1A2 | 46628YAB6 | 3/8/2010 | $100.0000 | $46.2163 |
| 610. | J.P. Morgan Mortgage Trust 2006-S2  1A3 | 46628YAC4 | 3/8/2010 | $100.0000 | $78.1336 |
| 611. | J.P. Morgan Mortgage Trust 2006-S2  1A4 | 46628YAD2 | 3/8/2010 | $100.0000 | $62.7379 |
| 612. | J.P. Morgan Mortgage Trust 2006-S2  1A5 | 46628YAE0 | 3/8/2010 | $100.0000 | $75.8643 |
| 613. | J.P. Morgan Mortgage Trust 2006-S2  1A6 | 46628YAF7 | 3/8/2010 | $100.0000 | $82.0583 |
| 614. | J.P. Morgan Mortgage Trust 2006-S2  1A7 | 46628YAG5 | 3/8/2010 | $100.0000 | $74.4230 |
| 615. | J.P. Morgan Mortgage Trust 2006-S2  1A8 | 46628YAH3 | 3/8/2010 | $100.0000 | $71.0851 |
| 616. | J.P. Morgan Mortgage Trust 2006-S2  1A9 | 46628YAJ9 | 3/8/2010 | $55.0000 | $75.7373 |
| 617. | J.P. Morgan Mortgage Trust 2006-S2  1A10 | 46628YAK6 | 3/8/2010 | $100.0000 | $81.7365 |
| 618. | J.P. Morgan Mortgage Trust 2006-S2  1A11 | 46628YAL4 | 3/8/2010 | $100.0000 | $71.3524 |
| 619. | J.P. Morgan Mortgage Trust 2006-S2  1A12 | 46628YAM2 | 3/8/2010 | $100.0000 | $71.1978 |
| 620. | J.P. Morgan Mortgage Trust 2006-S2  1A13 | 46628YAN0 | 3/8/2010 | $100.0000 | $68.4404 |
| 621. | J.P. Morgan Mortgage Trust 2006-S2  1A14 | 46628YAP5 | 3/8/2010 | $100.0000 | $70.7080 |
| 622. | J.P. Morgan Mortgage Trust 2006-S2  1A15 | 46628YAQ3 | 3/8/2010 | $100.0000 | $64.6901 |
| 623. | J.P. Morgan Mortgage Trust 2006-S2  1A16 | 46628YAR1 | 3/8/2010 | $30.0000 | $68.4520 |
| 624. | J.P. Morgan Mortgage Trust 2006-S2  1A17 | 46628YAS9 | 3/8/2010 | $100.0000 | $88.1282 |
| 625. | J.P. Morgan Mortgage Trust 2006-S2  1A18 | 46628YAT7 | 3/8/2010 | $100.0000 | $82.9242 |
| 626. | J.P. Morgan Mortgage Trust 2006-S2  1A19 | 46628YAU4 | 3/8/2010 | $100.0000 | $78.1654 |
| 627. | J.P. Morgan Mortgage Trust 2006-S2  1A20 | 46628YAV2 | 3/8/2010 | $100.0000 | $70.8124 |
| 628. | J.P. Morgan Mortgage Trust 2006-S2  1A21 | 46628YAW0 | 3/8/2010 | | $78.8297 |
| 629. | J.P. Morgan Mortgage Trust 2006-S2  1A22 | 46628YAX8 | 3/8/2010 | $100.0000 | $84.3281 |
| 630. | J.P. Morgan Mortgage Trust 2006-S2  1A23 | 46628YAY6 | 3/8/2010 | $100.0000 | $57.3281 |
| 631. | J.P. Morgan Mortgage Trust 2006-S2  1A24 | 46628YAZ3 | 3/8/2010 | $100.0000 | $80.8750 |
| 632. | J.P. Morgan Mortgage Trust 2006-S2  2A1 | 46628YBA7 | 3/8/2010 | $100.0000 | $89.7500 |
| 633. | J.P. Morgan Mortgage Trust 2006-S2  2A2 | 46628YBB5 | 3/8/2010 | $100.0000 | $91.5938 |
| 634. | J.P. Morgan Mortgage Trust 2006-S2  3A1 | 46628YBC3 | 3/8/2010 | $100.0000 | $66.8480 |
| 635. | J.P. Morgan Mortgage Trust 2006-S2  3A2 | 46628YBD1 | 3/8/2010 | $100.0000 | $63.0570 |
| 636. | J.P. Morgan Mortgage Trust 2006-S2  3A3 | 46628YBE9 | 3/8/2010 | $100.0000 | $31.5244 |
| 637. | J.P. Morgan Mortgage Trust 2006-S2  3A4 | 46628YBF6 | 3/8/2010 | $100.0000 | $83.8891 |
| 638. | J.P. Morgan Mortgage Trust 2006-S2  3A5 | 46628YBG4 | 3/8/2010 | $100.0000 | $73.2377 |
| 639. | J.P. Morgan Mortgage Trust 2006-S2  3A6 | 46628YBH2 | 3/8/2010 | $100.0000 | $58.2456 |
| 640. | J.P. Morgan Mortgage Trust 2006-S2  3A7 | 46628YBJ8 | 3/8/2010 | $100.0000 | $82.2537 |
| 641. | J.P. Morgan Mortgage Trust 2006-S2  3A8 | 46628YBK5 | 3/8/2010 | $100.0000 | $45.0503 |
| 642. | J.P. Morgan Mortgage Trust 2006-S2  3A9 | 46628YBL3 | 3/8/2010 | $100.0000 | $29.7809 |
| 643. | J.P. Morgan Mortgage Trust 2006-S2  3A10 | 46628YBM1 | 3/8/2010 | $100.0000 | $71.7387 |
| 644. | J.P. Morgan Mortgage Trust 2006-S2  3A11 | 46628YBN9 | 3/8/2010 | $100.0000 | $82.3402 |
| 645. | J.P. Morgan Mortgage Trust 2006-S2  3A12 | 46628YBP4 | 3/8/2010 | $100.0000 | $64.3597 |
| 646. | J.P. Morgan Mortgage Trust 2006-S2  3A13 | 46628YBQ2 | 3/8/2010 | $100.0000 | $31.8811 |
| 647. | J.P. Morgan Mortgage Trust 2006-S2  3A14 | 46628YBR0 | 3/8/2010 | | $70.0267 |
| 648. | J.P. Morgan Mortgage Trust 2006-S2  AX | 46628YBS8 | 3/8/2010 | $12.0000 | $14.2184 |
| 649. | J.P. Morgan Mortgage Trust 2006-S2  AP | 46628YBT6 | 3/8/2010 | $63.0000 | $53.3153 |
| 650. | J.P. Morgan Mortgage Trust 2006-S2  B1 | 46628YBU3 | 3/8/2010 | $100.0000 | $6.8605 |
| 651. | J.P. Morgan Mortgage Trust 2006-S2  B2 | 46628YBV1 | 3/8/2010 | $100.0000 | $13.4743 |
| 652. | J.P. Morgan Mortgage Trust 2006-S2  B3 | 46628YBW9 | 3/8/2010 | $100.0000 | $6.9135 |
| 653. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A1A | 46628SAA1 | 3/26/2008 | $100.0000 | $99.4478 |
| 654. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A1B | 46628SAB9 | 3/26/2008 | $100.0000 | $97.8071 |
| 655. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A2A | 46628SAC7 | 3/26/2008 | $100.0000 | $96.1331 |
| 656. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A2B | 46628SAD5 | 3/26/2008 | $100.0000 | $91.4199 |
| 657. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A3A | 46628SAE3 | 3/26/2008 | $100.0000 | $88.9571 |
| 658. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A3B | 46628SAF0 | 3/26/2008 | $100.0000 | $80.4507 |
| 659. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A4 | 46628SAG8 | 3/26/2008 | $100.0000 | $81.9979 |
| 660. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A5 | 46628SAH6 | 3/26/2008 | $100.0000 | $66.9046 |
| 661. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  A6 | 46628SAJ2 | 3/26/2008 | $100.0000 | $83.3955 |
| 662. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M1 | 46628SAK9 | 3/26/2008 | $100.0000 | $40.2768 |
| 663. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M2 | 46628SAL7 | 3/26/2008 | $100.0000 | $35.0895 |
| 664. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M3 | 46628SAM5 | 3/26/2008 | $100.0000 | $27.3879 |
| 665. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M4 | 46628SAN3 | 3/26/2008 | $100.0000 | $23.0398 |
| 666. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M5 | 46628SAP8 | 3/26/2008 | $100.0000 | $19.4893 |
| 667. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M6 | 46628SAQ6 | 3/26/2008 | $100.0000 | $13.5473 |
| 668. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M7 | 46628SAR4 | 3/26/2008 | $100.0000 | $12.4221 |
| 669. | J.P. Morgan Mortgage Acquisition Trust 2006-WF1  M8 | 46628SAS2 | 3/26/2008 | $100.0000 | $11.3307 |
| 670. | J.P. Morgan Mortgage Trust 2006-A3  1A1 | 46628KAA8 | 3/8/2010 | $100.0000 | $73.1000 |

**TABLE A**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 671. | J.P. Morgan Mortgage Trust 2006-A3  1A2 | 46628KAB6 | 3/8/2010 | $100.0000 | $18.6118 |
| 672. | J.P. Morgan Mortgage Trust 2006-A3  2A1 | 46628KAC4 | 3/8/2010 | $100.0000 | $86.4643 |
| 673. | J.P. Morgan Mortgage Trust 2006-A3  2A2 | 46628KAD2 | 3/8/2010 | $100.0000 | $58.8455 |
| 674. | J.P. Morgan Mortgage Trust 2006-A3  2A3 | 46628KAE0 | 3/8/2010 | $100.0000 | $59.0700 |
| 675. | J.P. Morgan Mortgage Trust 2006-A3  2A4 | 46628KAF7 | 3/8/2010 | $100.0000 | $20.5244 |
| 676. | J.P. Morgan Mortgage Trust 2006-A3  3A1 | 46628KAG5 | 3/8/2010 | $100.0000 | $78.7636 |
| 677. | J.P. Morgan Mortgage Trust 2006-A3  3A2 | 46628KAH3 | 3/8/2010 | $100.0000 | $83.8585 |
| 678. | J.P. Morgan Mortgage Trust 2006-A3  3A3 | 46628KAJ9 | 3/8/2010 | $100.0000 | $72.4058 |
| 679. | J.P. Morgan Mortgage Trust 2006-A3  3A4 | 46628KAK6 | 3/8/2010 | $100.0000 | $81.5581 |
| 680. | J.P. Morgan Mortgage Trust 2006-A3  3A5 | 46628KAL4 | 3/8/2010 | $100.0000 | $56.1635 |
| 681. | J.P. Morgan Mortgage Trust 2006-A3  3A6 | 46628KAM2 | 3/8/2010 | $100.0000 | $31.6446 |
| 682. | J.P. Morgan Mortgage Trust 2006-A3  4A1 | 46628KAN0 | 3/8/2010 | $100.0000 | $79.6048 |
| 683. | J.P. Morgan Mortgage Trust 2006-A3  4A2 | 46628KAP5 | 3/8/2010 | $100.0000 | $29.2826 |
| 684. | J.P. Morgan Mortgage Trust 2006-A3  5A1 | 46628KAQ3 | 3/8/2010 | $100.0000 | $85.7615 |
| 685. | J.P. Morgan Mortgage Trust 2006-A3  5A2 | 46628KAR1 | 3/8/2010 | $100.0000 | $57.8526 |
| 686. | J.P. Morgan Mortgage Trust 2006-A3  5A3 | 46628KAS9 | 3/8/2010 | $100.0000 | $23.6544 |
| 687. | J.P. Morgan Mortgage Trust 2006-A3  6A1 | 46628KAT7 | 3/8/2010 | $100.0000 | $87.7906 |
| 688. | J.P. Morgan Mortgage Trust 2006-A3  6A2 | 46628KAU4 | 3/8/2010 | $100.0000 | $59.1508 |
| 689. | J.P. Morgan Mortgage Trust 2006-A3  7A1 | 46628KAV2 | 3/8/2010 | $100.0000 | $86.4583 |
| 690. | J.P. Morgan Mortgage Trust 2006-A3  7A2 | 46628KAW0 | 3/8/2010 | $100.0000 | $50.9702 |
| 691. | J.P. Morgan Mortgage Trust 2006-A3  IB1 | 46628KAX8 | 3/8/2010 | $100.0000 | $3.5887 |
| 692. | J.P. Morgan Mortgage Trust 2006-A3  IB2 | 46628KAY6 | 3/8/2010 | $100.0000 | $0.0010 |
| 693. | J.P. Morgan Mortgage Trust 2006-A3  IB3 | 46628KAZ3 | 3/8/2010 | $100.0000 | $0.0000 |
| 694. | J.P. Morgan Mortgage Trust 2006-A3  IIB1 | 46628KBA7 | 3/8/2010 | $100.0000 | $16.1956 |
| 695. | J.P. Morgan Mortgage Trust 2006-A3  IIB2 | 46628KBB5 | 3/8/2010 | $100.0000 | $5.6602 |
| 696. | J.P. Morgan Mortgage Trust 2006-A3  IIB3 | 46628KBC3 | 3/8/2010 | $100.0000 | $2.5581 |

Note:  Certificates without an Offering Price are Exchangeable Certificates.

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>     v.<br><br>J.P. MORGAN ACCEPTANCE CORPORATION I, et al.,<br><br>                   Defendants. | Case No. 08-cv-1713 (PKC) (WDW)<br><br>ECF CASE<br><br>CLASS ACTION - CONSOLIDATED<br><br>**EXHIBIT A-2**<br><br>**PROOF OF CLAIM** |

## I. **GENERAL INSTRUCTIONS**

1.  To be potentially eligible to recover as a Member of the Class based on your claims in the action entitled *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al. v. J.P. Morgan Acceptance Corporation I, et al.*, Case No. 08-CV-1713 (PKC) (WDW) (the "Action"), you must complete and, on page 14 hereof, sign this Proof of Claim Form.  If you fail to timely submit a properly addressed (as set forth in paragraph 4 below) Proof of Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.  The capitalized and defined terms used herein shall have the meanings set forth in the Stipulation and Agreement of Settlement, unless otherwise noted.

3.  Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

4.  **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE _____, 2014:**

JP Morgan RMBS Settlement
c/o GCG
P.O. Box 35120
Seattle, WA 98124-5120
(877) 900-6285
www.jpmcertificatesettlement.com

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice")), **DO NOT** submit a Proof of Claim Form.

5.      If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II.  CLAIMANT IDENTIFICATION

The "Class" is defined as all Persons who purchased or otherwise acquired Certificates[1] pursuant or traceable to the Offerings and were damaged thereby.  Excluded from the Class are (1) Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, except that affiliates and entities in which Defendants have or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles)[2] are

---

[1] "Certificate" means each publicly-offered certificate issued in one of the Offerings pursuant or traceable to Defendants' registration statements dated July 29, 2005 (as amended) and December 7, 2005 (as amended) (the "Registration Statements"), and to the prospectus and prospectus supplements that were used to offer or sell each Certificate (together with the Registration Statements, the "Offering Documents").  The CUSIP numbers for the Certificates are appended to Table A of the Plan of Allocation, which is available on the Settlement website: www.jpmcertificatesettlement.com.

[2] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds,

excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class; (2) Persons that have separately asserted and/or pursued their claims against Defendants, including by filing individual actions and/or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation.  (If you are not sure if you are a Person identified in Appendix 1, please call the Claims Administrator.)  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

If you have documents evidencing transactions in the Certificates in your own name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or acquired the Certificates at issue and the transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of the Proof of Claim Form – entitled "Claimant Identification" – to identify each purchaser of record ("nominee"), if different from the purchaser or acquirer of the Certificates which form the basis of this claim.  **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE CERTIFICATES UPON WHICH THIS CLAIM IS BASED.**

---

in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity; provided, however, that any Claim submitted by an Investment Vehicle shall be pro-rated in accordance with the amount owned by the Defendants and their affiliates.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.** **CLAIM FORM**

Use Part II of this Proof of Claim and Release – entitled "Transactions in J.P. Morgan Mortgage Pass-Through Certificates" – to supply all required details of your transaction(s) in the Certificates, including any information concerning the exchange of one class or classes of Certificates for another class or classes of Certificates. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, and all of your sales of such Certificates whether such transactions resulted in a profit or loss. Failure to report all requested information may result in the rejection of your claim. You must include all information concerning any transactions in the Certificates; failure to include information concerning all transactions in the Certificates could disqualify your Claim.

List each transaction, by Certificates, separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

Copies of broker confirmations or other documentation of your transactions in the Certificates should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  Each transaction, including any exchange, must be fully and adequately documented.

### *J.P. Morgan Mortgage Pass-Through Certificates Litigation*

### PART I: CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)          / Joint Owner's Name

Street Address

City                                State              Zip Code

Foreign Province                    Foreign Country
                                                            (Daytime)
Area Code                           Telephone Number
                                                            (Evening)
Area Code                           Telephone Number

Email Address

Last 4 digits of Claimant's Social Security Number/Taxpayer Identification Number

Record Owner's Name (if known and different from Beneficial Owner listed above)

Check appropriate box (check only one box):
- ☐ Individual/Sole Proprietor   ☐ Joint Owners      ☐ Pension Plan
- ☐ Corporation                  ☐ Partnership       ☐ Trust
- ☐ IRA                          ☐ Other (describe: _____)

NOTE:  Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all

5

transactions in the Certificates) on one Proof of Claim, no matter how many accounts the transactions were made in.

NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim Form, whether or not they also submit electronic copies, either listing all their transactions or including a notation to see corresponding electronic file for all transactions.  If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 900-6285, or visit their website at www.jpmcertificatesettlement.com, to obtain the required file layout.  Electronic files may be submitted to eClaim@gcginc.com.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Proceed to Part II of this Proof of Claim.

## PART II: TRANSACTIONS IN J.P. MORGAN MORTGAGE
## PASS-THROUGH CERTIFICATES

**A.    PURCHASES AND ACQUISITIONS:**  List all purchases and acquisitions of the

Certificates.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | CUSIP | Face Value | Price* Total Cost* | Were these Certificates Exchanged?** | |
|---|---|---|---|---|---|
| | | | | YES | NO |
| ___/___/___ | ____ | $_____ | $_____ | ☐ | ☐ |
| ___/___/___ | ____ | $_____ | $_____ | ☐ | ☐ |
| ___/___/___ | ____ | $_____ | $_____ | ☐ | ☐ |

\* excluding commissions, transfer taxes or other fees

**B.    SALES:** List all sales of the Certificates. Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | CUSIP | Face Value | Price* Total Proceeds* | Were these Certificates Exchanged?** | |
|---|---|---|---|---|---|
| | | | | YES | NO |
| ___/___/___ | ____ | $_____ | $_____ | ☐ | ☐ |
| ___/___/___ | ____ | $_____ | $_____ | ☐ | ☐ |
| ___/___/___ | ____ | $_____ | $_____ | ☐ | ☐ |

\* excluding commissions, transfer taxes or other fees

\*\* If your Certificates were exchanged, please complete and return the form entitled "Part II Continued: Schedule of Exchanged Certificates," which can be found on the website (www.jpmcertificatesettlement.com).  You will need to provide the following for each such exchange:  CUSIP exchanged, date of exchange, face value exchanged, CUSIP(s) of securities received in the exchange, and face value(s) of each class of certificate received.

You should not include in the schedule of "sales" transactions payments of principal received ("paydowns") as distributions in connection with ownership of any Certificates.

7

**C.     UNSOLD MORTGAGE PASS-THROUGH CERTIFICATES AT THE DATE SUIT WAS BROUGHT AND THROUGH DATE OF SUBMISSION OF CLAIM FORM (see Table A to the Plan of Allocation for information about the applicable Date of Suit):** Claimants must indicate their ownership of any Certificates as of the applicable Date of Suit and, if still held, as of the date of submission of this Claim Form.  Accordingly, please state the CUSIP and Face Value of any Certificates that the Claimant still owned as of the (i) applicable Date of Suit (as set forth for each Certificate in Table A to the Plan of Allocation), and (ii) Date of Submission of this Claim Form:

_____:       CUSIP        Face Value
(Date of Suit)        _____    _____

                      _____    _____

                      _____    _____


_____:       CUSIP        Face Value
(Date of Suit)        _____    _____

                      _____    _____

                      _____    _____


_____:       CUSIP        Face Value
(Date of Suit)        _____    _____

                      _____    _____

                      _____    _____


Date of Submission
Of Claim Form        CUSIP        Face Value
                      _____    _____

                      _____    _____

                      _____    _____


Be sure to attach the required documentation for each transaction or holding identified in this Proof of Claim.  **As set forth in the Plan of Allocation, if you purchased certain exchangeable certificates, such exchange transactions must be identified in this Claim, where the Certificate(s) surrendered is (are) identified as a Sale, on the date of exchange, at a price of $0.00, and the Certificate(s) received is (are) identified as a Purchase, on the date of exchange at a price of $0.00.**

8

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:** ☐

**IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED.**

Proceed to Part III.

## PART III:  RELEASE OF CLAIMS AND SIGNATURE

<u>**Definitions**</u>

"Effective Date," as defined in the Stipulation and Agreement of Settlement (the "Stipulation"), means the latest date when all of the following shall have occurred:

    (a)     entry of the Preliminary Approval Order;

    (b)     approval by the Court of the Settlement following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

    (c)     entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

"Individual Defendants" means David M. Duzyk, Louis Schioppo, Christine E. Cole and Edwin F. McMichael.

"Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶33 of the Stipulation, substantially in the form of Exhibit B attached thereto.

"Defendants" means J.P. Morgan Securities Inc. (now known as J.P. Morgan Securities LLC); J.P. Morgan Acceptance Corporation I; and the Individual Defendants.

"Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that relate to the purchase, other acquisition, sale, or holding of the Certificates sold in the Offerings and that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or

10

referred to in the Complaint.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing in the Stipulation shall be construed to suggest or imply that any derivative claims exist or have merit.

"Released Parties" means:  (a) the Defendants; and (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

"Released Parties' Claims" means:  any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Lead Plaintiff, Lead Counsel, or any other Class Member.

"Unknown Claims" means:  any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiff, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United

11

States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

**<u>The Release</u>**

I (We) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member shall be deemed to have, and by operation of law and of the Order and Final Judgment shall have fully, finally, and forever released, relinquished, waived, discharged and dismissed each and every Released Claim (including Unknown Claims)

against each and all of the Released Parties, regardless of whether or not such Class Member executes and delivers a Proof of Claim.

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of the Certificates as defined in the definition of the Class and alleging the Released Claims and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, waive, discharge and dismiss each and every Released Claim (including Unknown Claims) against each and all the "Released Parties" as defined above,

I (We) hereby acknowledge that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice, and

1. that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Certificates at issue herein;

2. that I (we) own(ed) the Certificates identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the

owner(s) thereof;

     3.  that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

     4.  that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

     5.  that I (we) have included information requested above about all of my (our) transactions in the Certificates at issue; and

     6.  that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

     I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____

Signature of Claimant

_____       _____

Print Name of Claimant                Date

_____

Signature of Joint Claimant, if any

_____       _____

Print Name of Joint Claimant           Date

***If Claimant is other than an individual, or is not the person***
***completing this form, the following also must be provided:***

_____

Signature of Person Completing Form

_____          _____

Print Name of Person Completing Form                                              Date

_____

Capacity of Person Signing (Executor, President, Trustee, etc.)

## REMINDER CHECKLIST

\* Please sign the Certification Section of the Proof of Claim and Release form.

\* If this Claim is being made on behalf of Joint Claimants, then both must sign.

\* Please remember to attach supporting documents.

\* **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

\* Keep a copy of your Proof of Claim and Release Form and all documentation submitted for your records.

\* If you want to receive an acknowledgment of the Claims Administrator's receipt of your Claim Form, please send it by Certified Mail, or call the Claims Administrator to confirm receipt.  The contact information for the Claims Administrator is:

> JP Morgan RMBS Settlement
> c/o GCG
> P.O. Box 35120
> Seattle, WA 98124-5120
>
> (877) 900-6285
>
> www.jpmcertificatesettlement.com

\* If you move, please send your new address to the above address.

**Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2014, AND MUST BE MAILED TO:**

> JP Morgan RMBS Settlement
> c/o GCG
> P.O. Box 35120
> Seattle, WA 98124-5120
>
> (877) 900-6285
>
> www.jpmcertificatesettlement.com

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>J.P. MORGAN ACCEPTANCE CORPORATION I, et al.,<br><br>              Defendants. | Case No. 08-cv-1713 (PKC) (WDW)<br><br>ECF CASE<br><br>CLASS ACTION - CONSOLIDATED<br><br>**EXHIBIT A-3** |

**SUMMARY NOTICE**

TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CERTIFICATES (AS DEFINED HEREIN)[1] PURSUANT OR TRACEABLE TO THE FOLLOWING OFFERINGS AND WERE DAMAGED THEREBY:

J.P. Morgan Alternative Loan Trust 2006-A1; J.P. Morgan Alternative Loan Trust 2006-A2; J.P. Morgan Alternative Loan Trust 2006-A3; J.P. Morgan Alternative Loan Trust 2006-A4; J.P. Morgan Alternative Loan Trust 2006-A5; J.P. Morgan Alternative Loan Trust 2006-A6; J.P. Morgan Alternative Loan Trust 2006-A7; J.P. Morgan Alternative Loan Trust 2006-S1; J.P. Morgan Alternative Loan Trust 2006-S3; J.P. Morgan Alternative Loan Trust 2006-S4; J.P. Morgan Mortgage Acquisition Trust 2006-CH2; J.P. Morgan Mortgage Acquisition Trust 2006-HE3; J.P. Morgan Mortgage Acquisition Trust 2006-RM1; J.P. Morgan Mortgage Acquisition Trust 2006-WF1; J.P. Morgan Mortgage Acquisition Trust 2007-CH1; J.P. Morgan Mortgage Acquisition Trust 2007-CH2; J.P. Morgan Mortgage Trust 2006-A1; J.P. Morgan Mortgage Trust 2006-A3; J.P. Morgan Mortgage Trust 2006-A4; J.P. Morgan Mortgage Trust 2006-A5; J.P. Morgan Mortgage Trust 2006-A6; J.P. Morgan Mortgage Trust 2006-A7; J.P. Morgan Mortgage Trust 2006-S2; J.P. Morgan Mortgage Trust 2007-A1; J.P. Morgan Mortgage Trust 2007-A2; J.P. Morgan Mortgage Trust 2007-S1 (the "Offerings") (the "Class"). CERTAIN PERSONS AND ENTITIES, SUCH AS CERTAIN PERSONS AND ENTITIES THAT HAVE SEPARATELY ASSERTED AND/OR PURSUED THEIR CLAIMS AGAINST DEFENDANTS, ARE EXCLUDED FROM THE DEFINITION OF THE CLASS, AS SET FORTH IN DETAIL IN THE STIPULATION.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, (i) of the pendency of this action asserting claims against J.P. Morgan Securities Inc., J.P. Morgan Acceptance Corporation I, and certain other individual defendants, relating to the sale of mortgage-backed securities (the "Action") as a class action on behalf of the persons and entities described above (the "Class"), except for certain persons and entities who are excluded from the Class by definition; and (ii) that a settlement of the Action for $280 million in cash has been proposed.  A hearing will be held on _____, at _:__ _.m., before the Honorable Pamela K. Chen, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered; (c) to

---

[1] "Certificate" means each publicly-offered certificate issued in one of the Offerings pursuant or traceable to Defendants' registration statements dated July 29, 2005 (as amended) and December 7, 2005 (as amended) (the "Registration Statements"), and to the prospectus and prospectus supplements that were used to offer or sell each Certificate (together with the Registration Statements, the "Offering Documents").  The CUSIP numbers for the Certificates are set forth in Table A to the Plan of Allocation, which is available on the Settlement website www.jpmcertificatesettlement.com.

determine whether the proposed Plan of Allocation for distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and (e) to rule upon such other matters as the Court may deem appropriate.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and Proof of Claim Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:

**JP Morgan RMBS Settlement**
c/o Garden City Group
P.O. Box 35118
Seattle, WA 98124-5118
Toll-free number: (877) 900-6285

Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.jpmcertificatesettlement.com, or from Lead Counsel's websites, www.blbglaw.com or www.wolfpopper.com.

If you are a Member of the Class, in order to be potentially eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked no later than _____.  If you are a Member of the Class and do not exclude yourself from the Class, you will be bound by any judgment entered in the Action whether or not you make a Claim.  To exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, in accordance with the instructions set forth in the Notice.  Any objections to the proposed Settlement, Plan of Allocation and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* no later than _____, in accordance with the instructions set forth in the Notice.  If you are a Member of the Class and do not submit a proper Claim Form, you will not share in the Settlement Fund but you will nevertheless be bound by the Judgment of the Court.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

David R. Stickney, Esq.
Niki L. Mendoza, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
-or-
Marian P. Rosner, Esq.
Matthew Insley-Pruitt, Esq.
845 Third Avenue, 12th Floor
New York, NY 10022
(212) 759-4600

By Order of the Court

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated, | Case No. 08-cv-1713 (PKC) (WDW)  ECF CASE  CLASS ACTION - CONSOLIDATED  EXHIBIT B |
| Plaintiffs, | |
| v. | |
| J.P. MORGAN ACCEPTANCE CORPORATION I, et al., | |
| Defendants. | |

## ORDER AND FINAL JUDGMENT

This matter came for hearing on _____, 2014 (the "Final Approval Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff, the Public Employees' Retirement System of Mississippi on behalf of itself and the Class, against Defendants J.P. Morgan Securities Inc., J.P. Morgan Acceptance Corporation I, David M. Duzyk, Louis Schioppo, Christine E. Cole and Edwin F. McMichael (collectively, with Lead Plaintiff, the "Settling Parties") in the above-captioned Action, and should be approved.

The Court having considered all matters submitted to it prior to and at the Final Approval Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies a Class of all Persons who purchased or otherwise acquired Certificates pursuant or traceable to the Offerings and were damaged thereby.  Excluded from the Class are (1) Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, except that affiliates and entities in which Defendants have or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles) are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class; (2) Persons that have separately asserted and/or pursued their claims against Defendants, including by filing individual actions and/or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing of the

Stipulation.  Also excluded from the Class are any persons or entities who excluded themselves by filing a valid request for exclusion as set forth in Exhibit 1 hereto.

With respect to the Class, this Court finds, solely for the purposes of this Settlement, that:

(a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims by the Class Representative are typical of the claims of the Class;

(d) the Class Representative and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:  (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

4.     Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Securities Act of 1933, as amended by the Private

Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment (excluding those persons who are identified on Exhibit 1 hereto, who are no longer Members of the Class).

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class.  This Court finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  The Court further finds that the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7.     The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of

Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

8.      The Complaint is hereby dismissed on the merits with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Stipulation.

9.      Upon the Effective Date of the Settlement, Lead Plaintiff and all other Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed and forever discharged the respective Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

10.     Upon the Effective Date of the Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all the Released Parties' Claims against Lead Plaintiff, Lead Counsel, and any other Class Member.

11.     The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against Defendants, other Released Parties, Lead Plaintiff or the other Members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Lead Plaintiff or the other Members of the Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been

5

asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

(b)      shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other Members of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the other Members of the Class;

(c)      shall not be offered or received against the Released Parties, Lead Plaintiff or the other Members of the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Members of the Class or any of

them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

12.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Stipulation, including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

13.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses as allowed by the Court.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

14.     A separate order shall be entered regarding the proposed Plan of Allocation.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

15.     In the event that the Settlement does not become effective in accordance with the terms the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of the Action and

7

the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before December 13, 2013; and (c) the balance of the Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

      16.     Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

      17.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.


Dated:        Brooklyn, New York
                _____, 2014

                                        _____
                                        PAMELA K. CHEN
                                        United States District Judge

**Exhibit 1**

**Persons and Entities Excluded from the Class
Pursuant to Requests for Exclusion**

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |