## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>J.P. MORGAN ACCEPTANCE CORPORATION I, et al.,<br><br>    Defendants. | Case No. 08-cv-1713 (PKC) (WDW)<br><br>ECF CASE<br><br>CLASS ACTION - CONSOLIDATED<br><br>**EXHIBIT A-1** |

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired Certificates[1] pursuant or traceable to certain Offerings[2] and were damaged thereby.**

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation").  "Certificate" means each publicly-offered certificate issued in one of the Offerings pursuant or traceable to Defendants' registration statements dated July 29, 2005 (as amended) and December 7, 2005 (as amended) (the "Registration Statements"), and to the prospectus and prospectus supplements that were used to offer or sell each Certificate (together with the Registration Statements, the "Offering Documents").  The CUSIP numbers for the Certificates are set forth in Table A to the Plan of Allocation, which is available on the Settlement website: www.jpmcertificatesettlement.com.

[2] "Offerings" means J.P. Morgan Alternative Loan Trust 2006-A1, J.P. Morgan Alternative Loan Trust 2006-A2, J.P. Morgan Alternative Loan Trust 2006-A3, J.P. Morgan Alternative Loan Trust 2006-A4, J.P. Morgan Alternative Loan Trust 2006-A5, J.P. Morgan Alternative Loan Trust 2006-A6, J.P. Morgan Alternative Loan Trust 2006-A7, J.P. Morgan Alternative Loan Trust 2006-S1, J.P. Morgan Alternative Loan Trust 2006-S3, J.P. Morgan Alternative Loan Trust 2006-S4, J.P. Morgan Mortgage Acquisition Trust 2006-CH2, J.P. Morgan Mortgage Acquisition Trust 2006-HE3, J.P. Morgan Mortgage Acquisition Trust 2006-RM1, J.P. Morgan Mortgage Acquisition Trust 2006-WF1, J.P. Morgan Mortgage Acquisition Trust 2007-CH1, J.P. Morgan Mortgage Acquisition Trust 2007-CH2, J.P. Morgan Mortgage Trust 2006-A1, J.P. Morgan Mortgage Trust 2006-A3, J.P. Morgan Mortgage Trust 2006-A4, J.P. Morgan Mortgage Trust 2006-A5, J.P. Morgan Mortgage Trust 2006-A6, J.P. Morgan Mortgage Trust 2006-A7, J.P.

**NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiff the Public Employees' Retirement System of Mississippi (the "Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $280 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1.     **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants:  J.P. Morgan Securities Inc. (now known as J.P. Morgan Securities LLC), J.P. Morgan Acceptance Corporation I, David M. Duzyk, Louis Schioppo, Christine E. Cole, and Edwin F. McMichael ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties").   The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):  all Persons who purchased or otherwise acquired Certificates pursuant or traceable to the Offerings and were damaged thereby.  Certain persons and entities are expressly excluded from the definition of the Class, including but not limited to those who have brought their own individual claims against Defendants, as set forth in ¶29 below.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 900-6285.

2.     **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶40-44 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Claims (as defined in ¶41 below) against Defendants and other Released Parties (as defined in ¶42 below) in exchange for a settlement payment of $280 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class.  The Plan of Allocation is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial.  It is solely a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.     **Statement of Average Distribution Per $1,000 in Original Value:**  The Settlement Fund consists of $280 million plus interest earned.  Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by potential Class Members, and assuming all potential Class Members elect to participate, the estimated average distribution is $11.95 per $1,000 in original face value offered.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation appended hereto as Appendix A; when their Certificates were purchased or acquired

---

Morgan Mortgage Trust 2006-S2, J.P. Morgan Mortgage Trust 2007-A1, J.P. Morgan Mortgage Trust 2007-A2, and J.P. Morgan Mortgage Trust 2007-S1.

and the price at the time of purchase; any principal amounts received; whether the Certificates were sold, and if so, when they were sold and for how much; and/or if held on the applicable dates of suit identified in the Plan of Allocation for each of the Certificates, the value of the Certificates on that date. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4. **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class, and that Lead Plaintiff or other Members of the Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per Certificate that would be recoverable if Lead Plaintiff was to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 17% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $1.5 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the costs and expenses of Lead Plaintiff (including lost wages) in accordance with 15 U.S.C. § 77z-1(a)(4). Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by potential Class Members, and assuming all purchasers of the initially offered Certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is $2.10 per $1,000 of original face value offered. The actual cost may be more or less than this amount depending on, among other factors, when their Certificates were purchased or sold, the amount of principal that has been repaid, the value of the Certificates on the applicable Date of First Suit as indicated in Table A attached to the Plan of Allocation, the number of Class Members who timely file Claims, and the Plan of Allocation.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are being represented by Bernstein Litowitz Berger & Grossmann LLP and Wolf Popper LLP (collectively, "Lead Counsel"). Any questions regarding the Settlement should be directed to David R. Stickney, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com or to Matthew Insley-Pruitt, Esq. at Wolf Popper LLP, 845 Third Avenue, 12th Floor, New York, NY 10022, (877) 370-7703, irrep@wolfpopper.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up your rights. |
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN SEPTEMBER 9, 2014.** | This is the only way to be potentially eligible to receive a payment.   If you wish to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than September 9, 2014. |
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 3, 2014.** | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case.  Should you elect to exclude yourself from the Class, you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **COMMENT ON THE SETTLEMENT (INCLUDING OBJECTION) SO THAT IT IS *RECEIVED* NO LATER THAN JULY 3, 2014.** | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Class.  If you do not opt out, you may comment on or object to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or certification of the Class.   You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| **GO TO THE HEARING ON JULY 24, 2014 AT 10:00 AM, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JULY 3, 2014.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                    Page

What Is This Case About?  What Has Happened So Far?                            Page

How Do I Know If I Am Affected By The Settlement?                                    Page

What Are The Lead Plaintiff's Reasons For The Settlement?                            Page

What Might Happen If There Were No Settlement?                                       Page

How Much Will My Payment Be?                                                         Page

What Rights Am I Giving Up By Agreeing To The Settlement?                            Page

What Payment Are The Attorneys For The Class Seeking?  How Will
     The Lawyers Be Paid?                                                            Page

How Do I Participate In The Settlement?  What Do I Need To Do?                        Page

What If I Do Not Want To Be A Part Of The Settlement?  How Do
     I Exclude Myself?                                                               Page

When And Where Will The Court Decide Whether To Approve
     The Settlement? Do I Have To Come To The Hearing?  May I
       Speak At The Hearing If I Don't Like The Settlement?                          Page

What If I Bought Certificates On Someone Else's Behalf?                              Page

Can I See The Court File?  Whom Should I Contact If I Have Questions?                 Page

| WHY DID I GET THIS NOTICE? |
| --- |

7.      The purpose of this Notice is to inform you about (a) this litigation, (b) the certification of the Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Eastern District of New York (the "Court"), on July 24, 2014 at 10:00 AM to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel shall have primary responsibility for prosecuting all class claims against Defendants on behalf of investors in the mortgage-backed securities described above.

9.      The Court in charge of this case is the United States District Court for the Eastern District of New York, and the case is known as *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al., v. J.P. Morgan Acceptance Corporation I, et al.,* Civil Action No. 08-cv-1713 (PKC) (WDW) (the "Action").  The Judge presiding over this case is the Honorable Pamela K. Chen, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the primary plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and Defendants are J.P.

Morgan Securities Inc. (now known as J.P. Morgan Securities LLC), J.P. Morgan Acceptance Corporation I, David M. Duzyk, Louis Schioppo, Christine E. Cole, and Edwin F. McMichael.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

11.     The Final Approval Hearing will be held on July 24, 2014, at 10:00 AM, before the Honorable Pamela K. Chen, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time. Please be patient.

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

13.     On March 26, 2008, a class action complaint was filed against Defendants and certain other defendants in the Supreme Court of the State of New York, Nassau County, Index No. 5675/08, on behalf of all persons or entities who acquired mortgage pass-through certificates and asset-backed pass-through certificates pursuant and/or traceable to certain registration statements and prospectus supplements, asserting certain claims under the Securities Act of 1933 (the "Securities Act").

14.     On April 25, 2008, the action was removed to the United States District Court, Eastern District of New York, Case No. 08-cv-1713.

15.     On July 24, 2009, MissPERS filed a related action in the United States District Court, Eastern District of New York, Case No. 09-cv-3209, which was then consolidated into Case No. 08-cv-1713 on November 17, 2009.

16.     On November 24, 2009, the Court adopted the Report and Recommendation of U.S. Magistrate Judge Wall, and appointed the Public Employees' Retirement System of Mississippi ("MissPERS") as Lead Plaintiff and its choice of counsel as Lead Counsel over the Action.

17.     On March 8, 2010, Lead Plaintiff filed the consolidated class action complaint (the "Complaint"), alleging claims against the Defendants and certain rating agencies. Defendants and the rating agencies served their motions to dismiss the Complaint on May 7, 2010.   MissPERS filed its oppositions to the motions to dismiss on June 21, 2010, and Defendants and the rating agencies served their replies in further support of the motions to dismiss on July 21, 2010.

18.     On July 7, 2011, the claims against the rating agencies in the Complaint were voluntarily dismissed with prejudice.

19.     On December 13, 2011, the Court granted in part and denied in part Defendants' motion to dismiss, including dismissal of certain claims on the basis that MissPERS lacked standing to pursue claims concerning certificates it did not purchase.  The Court's order was subsequently corrected on February 23, 2012, and modified by order dated September 14, 2012.

20.     On January 11, 2012, Lead Plaintiff requested certification for interlocutory review of the Court's ruling on standing, which the Court stayed on May 4, 2012.  Following the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, Case No. 11-cv-02762 (2d Cir. Sept. 6, 2012), the Court modified its motion to dismiss order on September 14, 2012, and Lead Plaintiff has since prosecuted the Action on behalf of purchasers of the Certificates sold in the 26 Offerings included in the Class.

21.     On November 13, 2012, the Court entered an initial case management order, setting forth a pre-trial schedule and deadlines for, among other things, class certification, fact discovery, expert discovery and summary judgment.   Thereafter, the parties engaged in document and deposition discovery in accordance with the case management orders.

22.     On November 30, 2012, Defendants filed their Answer to the Complaint.

23.     On April 11, 2013, Lead Plaintiff served Defendants with its Motion for Class Certification and Appointment of Class Representative and Class Counsel.

24.     In connection with the prosecution of the Action, Lead Plaintiff:  conducted an extensive investigation into the alleged untrue statements and omissions; filed a consolidated complaint; opposed Defendants' motion to dismiss; researched and prepared briefing in support of a motion for class certification; and undertook significant fact discovery, including the review

and analysis of more than 28 million pages of documents produced by Defendants and third parties and took depositions of witnesses affiliated with Defendants; and consulted with multiple experts and consultants on the issues raised in the litigation.

25.     On December 13, 2013, after a mediation process and additional extensive arm's-length negotiations conducted with the assistance of the Honorable Daniel Weinstein (Retired) as mediator, the Settling Parties executed a Term Sheet reflecting an agreement in principle to settle the Action for $280 million, subject to satisfaction of conditions and negotiation of a complete set of settlement terms.  The conditions and negotiation of a Stipulation and Agreement of Settlement (the "Stipulation") were subsequently satisfied, and the parties thereafter executed the Stipulation and filed it with the Court.

26.     On January 14, 2014, the Settling Parties jointly filed a letter motion requesting entry of an amendment to the Third Amended Case Management Order and informing the Court of their settlement in principle.  The Court granted that motion and so ordered entry of the Fourth Amended Case Management Order on January 15, 2014.

27.      Lead Plaintiff and Lead Counsel agree that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

28.     After a hearing on May 1, 2014, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

29.     If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all Persons who purchased or otherwise acquired Certificates pursuant or traceable to the Offerings and were damaged thereby. Excluded from the Class are (1) Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, except that affiliates and entities in which Defendants have or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles in the Stipulation) are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class; (2) Persons that have separately asserted and/or pursued their claims against Defendants, including by filing individual actions and/or privately entered into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing of the Stipulation.  The Class also does not include those persons and entities who validly request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?," below).  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (877) 900-6285.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN SEPTEMBER 9, 2014.**

| WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

30.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages.  Lead Plaintiff and Lead Counsel have considered the uncertain outcome and risk in complex lawsuits like this one.

31.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $280 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

32.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

33.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  If Lead Plaintiff were not to succeed in obtaining class certification, Defendants may have asserted the defense that the claims of Class Members were untimely under applicable statutes of limitations and statutes of repose.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

34.     Defendants have agreed to cause to be paid Two Hundred Eighty Million Dollars ($280,000,000) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the net settlement fund to those Class Members who timely submit valid Proof of Claim Forms (the "Plan of Allocation").  The Plan of Allocation proposed by Lead Plaintiff is attached hereto as Appendix A, and additional information is available on the website created for purposes of this Settlement, www.jpmcertificatesettlement.com.

35.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No Person shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Plaintiffs' Counsel, Class Members, the Claims Administrator, Defendants and the other Released Parties (defined below), or any person designated by Lead Counsel.  All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Claims.

36.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

37.     The Plan of Allocation appended hereto is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

38.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of New York with respect to his, her or its Proof of Claim.

39.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
|---|

40.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff and all other Class Members shall have released, dismissed and forever discharged the Released Claims (as defined in ¶41 below), including Unknown Claims (as defined in ¶43 below) against each and all of the Released Parties (as defined in ¶42 below).

41.     "Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or

foreign law, that relate to the purchase, other acquisition, sale, or holding of the Certificates sold in the Offerings and that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Complaint.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing in the Stipulation shall be construed to suggest or imply that any derivative claims exist or have merit.

42.   "Released Parties" means:  (a) the Defendants; and (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such.

43.   "Unknown Claims" means any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiff, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

44.     The Judgment also will provide that Defendants and each of the other Released Parties shall have released, dismissed and forever discharged all Released Parties' Claims against Lead Plaintiff, Lead Counsel, and any other Class Member.  "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Lead Plaintiff, Lead Counsel, or any other Class Member.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

---

45.     Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund in an amount not to exceed 17% of the Settlement Fund, plus interest.  At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses to Plaintiffs' Counsel (which may include the reasonable costs and expenses of Lead Plaintiff directly related to its representation of the Class), in an amount not to exceed $1.5 million, plus interest.  The Court will determine the amount of the award.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

46.     If you purchased or otherwise acquired the Certificates and fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.   The website is www.jpmcertificatesettlement.com.  You may also request a Claim Form by calling toll-free (877) 900-6285.  Copies of the Claim Form can also be downloaded from Lead Counsel's websites at www.blbglaw.com and www.wolfpopper.com.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement.  Please retain all records of your ownership of, or transactions in the Certificates, as they may be needed to document your Claim.

47.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

48.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined in ¶42 above) with respect to any of the Released Claims (as defined in ¶41 above).

49.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or certification of the Class, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

50.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to JP Morgan RMBS Settlement, c/o GCG, P.O. Box 35120, Seattle, WA 98124-5120.  The exclusion request must be *received* no later than July 3, 2014.  Each request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v. JPMorgan Acceptance Corp.*, Civil Action No. 08-cv-1713 (PKC) (WDW) (E.D.N.Y.), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of Certificates purchased or otherwise acquired pursuant or traceable to the Offerings; (ii) prices or other consideration paid or received for such Certificates, and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount.  Any request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

51.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Stipulation.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

52.     **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, the application for attorneys' fees and reimbursement of Litigation Expenses and/or certification of the Class, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.**

53.     The Final Approval Hearing will be held on July 24, 2014, at 10:00 AM, before the Honorable Pamela K. Chen, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F. The Court reserves the right to approve the Settlement or the Plan of Allocation at or after the Final Approval Hearing without further notice to the Members of the Class.

54.     Any Class Member who does not request exclusion such that it is *received* no later than July 3, 2014, may object to the Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, or certification of the Class.  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before July 3, 2014.  You must also serve the papers on Lead Counsel for the Class and counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before July 3, 2014.

| **Clerk's Office** | **Lead Counsel for the Class** | **Counsel For Defendants** |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY 11201 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP David R. Stickney, Esq. Niki L. Mendoza, Esq. 12481 High Bluff Drive, Ste 300 San Diego, CA 92130 -and- WOLF POPPER LLP Marian P. Rosner, Esq. Matthew Insley-Pruitt, Esq. 845 Third Avenue, 12th Floor New York, NY 10022 | SIDLEY AUSTIN LLP A. Robert Pietrzak, Esq. Dorothy J. Spenner, Esq. 787 Seventh Avenue New York, NY 10019 |

55.     Any objection must include:  (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving the Certificates included in the Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Settlement, the Plan of Allocation, to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses and/or certification of the Class, and desire to present evidence at the Final Approval Hearing must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

56.     You may not object to the Settlement or any aspect of it, if you excluded yourself from the Class.

57.     You may file a written objection without having to appear at the Final Approval Hearing.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

58.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before July 3, 2014.

59.     The Final Approval Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF? |
| --- |

60.     If you purchased or otherwise acquired the Certificates included in the Class definition for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such Certificates, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide to JP Morgan RMBS Settlement, c/o GCG, P.O. Box 35120, Seattle, WA 98124-5120, the names and addresses of such persons no later than seven (7) days after you receive this Notice.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice may also be obtained by calling toll-free (877) 900-6285, and may be downloaded from the Settlement website, www.jpmcertificatesettlement.com or from Lead Counsel's websites, www.blbglaw.com or www.wolfpopper.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

61.     This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.jpmcertificatesettlement.com, including, among other documents, copies of the Stipulation, Proof of Claim Form, and the Complaint.  All inquiries concerning this Notice or the Claim Form should be directed to:

JP Morgan RMBS Settlement
c/o GCG
P.O. Box 35120
Seattle, WA 98124-5120
Toll-free number: (877) 900-6285

**OR**

David R. Stickney, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
blbg@blbglaw.com

-or-

Marian P. Rosner, Esq.
WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY 10022
(877) 370-7703
irrep@wolfpopper.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR
THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____, 2014      By Order of the Clerk of Court
United States District Court
for the Eastern District of New York