**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST, *et al.*, On Behalf Of Themselves And All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>J.P. MORGAN ACCEPTANCE CORPORATION I, et al.,<br><br>           Defendants. | Case No. 08-cv-1713 (PKC) (WDW)<br><br>ECF CASE<br><br>CLASS ACTION - CONSOLIDATED |

**ORDER GRANTING LEAD COUNSEL'S MOTION FOR**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Counsel's Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (ECF No. 221, "Fee Application") duly came before the Court for a hearing on July 24, 2014.  The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the July 24, 2014 hearing.  Due and adequate notice having been given to the Class as required by the Court's May 2, 2014 Order Preliminarily Approving Settlement And Providing For Notice ("Preliminary Approval Order, ECF No. 219), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1.       This Order incorporates by reference the definitions in the Stipulation And Agreement Of Settlement (the "Stipulation," ECF No. 211), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3.     Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.     Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5.     The Fee Application is hereby GRANTED.

6.     Lead Counsel are hereby awarded attorneys' fees in the amount of 17% of the Settlement Fund and $1,378,340.20 in reimbursement of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Fund), which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Pursuant to paragraph 17 of the Stipulation, Lead Counsel shall allocate the attorneys' fees and expense amounts as awarded in this paragraph amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

7.     Pursuant to paragraph 16 of the Stipulation, the fees and expenses awarded herein shall be paid to Lead Counsel immediately upon entry of this Order, notwithstanding the existence of any timely filed objections thereto, if any, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 16 of the Stipulation.

8.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a fund of $280 million in cash that has been funded into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and that Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)      The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Action;

(c)      Copies of the Notice were mailed to over 8,000 potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 17% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $1.5 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund, and there are no objections to the requested award of attorneys' fees or Litigation Expenses;

(d)      Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)      The Action involves complex factual and legal issues and was actively prosecuted for over five years;

(f)      Had the Settlement not been achieved, there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

3

(g)     Plaintiffs' Counsel devoted over 60,000 hours, with a lodestar value of over $25 million, to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

9.     Lead Plaintiff, Public Employees' Retirement System of Mississippi, on behalf of itself and the Office of the Attorney General of the State of Mississippi, is hereby awarded $19,572.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

11.     Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

12.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

IT IS SO ORDERED.

Dated:     Brooklyn, New York
          July 24, 2014

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

4